UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT BERRIE, individually and on behalf of all others similarly situated,<br><br>                Plaintiff<br><br>v.<br><br>GABRIEL CAPITAL, L.P., J. EZRA MERKIN, and BDO SEIDMAN, LLP,<br><br>                Defendants | Civil Action No. 08-cv-10930-CM |

**MEMORANDUM OF LAW IN SUPPORT OF
SCOTT BERRIE'S MOTION FOR LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF LEAD COUNSEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ..................................................................................................................... 1

I. FACTUAL BACKGROUND ........................................................................................... 2

II. THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED
    LEAD PLAINTIFF ......................................................................................................... 3

    A. THE PROCEDURE MANDATED BY THE PSLRA ............................................... 3

    B. SCOTT BERRIE SATISFIES THE PROVISIONS OF THE PSLRA AND
       SHOULD BE NAMED LEAD PLAINTIFF ............................................................. 4

        1. Mr. Berrie Has Complied with the PSLRA ......................................................... 4

        2. Mr. Berrie Has The Largest Financial Interest In the Relief Sought ................... 5

        3. Mr. Berrie otherwise Satisfies FRCP Rule 23 ...................................................... 5

            (a) Mr. Berrie's Claims are Typical of the Claims of the Class ........................ 6

            (b) Mr. Berrie will Fairly and Adequately Represent the Interests of the Class . 7

III. THE COURT SHOULD APPROVE MR. BERRIE'S CHOICE OF COUNSEL ................ 8

CONCLUSION ......................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) ................................................................................ 6

*In re eSpeed, Inc. Sec. Litig.*
    232 F.R.D. 95 (S.D.N.Y. 2005) ........................................................................... 5

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D. N.Y. 1998) .................................................................... 5

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D. N. Y. 1995) ....................................................................... 6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................ 7

**Statutes**

Securities Exchange Act of 1934
    §21D ........................................................................................................... 1, 3, 4, 8

Private Securities Litigation Reform Act of 1995

    15 U.S.C. §78u-4(a)(3)(A) ................................................................................... 4
    15 U.S.C. §78u-4(a)(3)(A)(i)(II) .......................................................................... 3
    15 U.S.C. §78u-4(a)(3)(B)(iii)(I) ...................................................................... 4, 5
    15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb) ................................................................... 5

Fed. R. Civ. P.
    42(a) ..................................................................................................................... 1

## INTRODUCTION

Plaintiff Scott Berrie ("Berrie" or "Movant") respectfully submits this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order appointing him as the Lead Plaintiff in this action, and approving Lead Plaintiff's choice of counsel as Lead Counsel for the Class.[1]

As a result of his $500,000 investment in Gabriel Capital, L.P. ("Gabriel") Mr. Berrie believes that he has suffered the largest losses of any plaintiff moving to be appointed lead plaintiff for this action. Movant is familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands his responsibilities to the class, and is willing and able to oversee the prosecution of this action.

Mr. Berrie believes that he has the largest financial interest in the relief sought by the class. Movant will ensure that the litigation is conducted in the best interests of the members of the class and is not subject to any unique defenses that would render him incapable of adequately representing the class. Therefore, Movant respectfully requests that the Court grant Movant's motion to be appointed Lead Plaintiff, and approve his selection of Lead Counsel.

---

1 The first steps in a securities class action are consolidation of related actions, appointment of a lead plaintiff and approval of the lead plaintiff's selection of lead counsel. Consolidation is appropriate pursuant to Fed. R. Civ. P. Rule 42(a):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Since Mr. Berrie is not aware of any related cases he is not moving for consolidation at this time.

1

I.  **FACTUAL BACKGROUND**

This case arises from a massive fraudulent scheme perpetrated by Bernard L. Madoff ("Madoff") through his investment firm, Bernard L. Madoff Investment Securities, LLC ("BMIS"), and others. This case was commenced by Mr. Berrie as a class action lawsuit in the United States District Court for the Southern District of New York on behalf of a Class, consisting of all persons and entities who invested in limited partnership interests of Gabriel Capital, L.P. ("Gabriel" or the "Partnership") between December 12, 2002 through and including December 12, 2008 (the "Class Period") and also retained their investment through that date. In addition, the Class, with respect to plaintiff's claims of breach of fiduciary duty only, includes all Gabriel limited partners as of the end of the Class Period.

Defendants include Gabriel, J. Ezra Merkin ("Merkin") and BDO Seidman, L.P. ("Seidman"). Gabriel is an investment partnership managed by defendant Merkin, who is the founder, General Partner and Manager of Gabriel. Plaintiff and other class members are qualified investors that purchased limited partnership interests in Gabriel. Defendant Seidman was the independent auditor for Gabriel and during the Class Period issued audit reports on Gabriel's annual financial statements which were relied on by Plaintiff and other limited partners of Gabriel.

The Complaint alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, common law fraud, negligent misrepresentation and breach of fiduciary duty under the laws of New York State. Plaintiff alleges that defendants Gabriel, Merkin and Seidman recklessly or with gross negligence and/or in breach of fiduciary duties owed to plaintiff and other class members, caused and permitted at least 27% of the investment capital of Gabriel to be handed over to Madoff to be "invested" for

2

the benefit of plaintiff and the other limited partners of Gabriel. Plaintiff's investment in Gabriel has been decimated as a direct result of: (a) defendant Merkin's abdication of his responsibilities and duties as General Partner and Manager of Gabriel and its investment funds and; (b) the failure of Gabriel's auditor Seidman, in light of "red flags" indicating a high risk to Gabriel from concentrating its investment exposure in Madoff as third-party investment manager for a substantial portion of the Partnership's assets, to perform its audits and provide its annual audit reports in conformance with generally accepted auditing standards.

## II. THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF

### A. THE PROCEDURE MANDATED BY THE PSLRA

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice informing class members of the action and their right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead

3

plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa)  has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)  in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## B. SCOTT BERRIE SATISFIES THE PROVISIONS OF THE PSLRA AND SHOULD BE NAMED LEAD PLAINTIFF

### 1. Mr. Berrie Has Complied with the PSLRA

A notice pursuant to the PSLRA was published on December 17, 2008 over the PR Newswire. Declaration of Nancy Kaboolian ("Kaboolian Dec."), Ex. A. The notice informed potential class members of the pendency of the action and their right to move to be appointed lead plaintiff and to designate their choice of Lead Counsel within 60 days. Accordingly, pursuant to the PSLRA all motions for lead plaintiff must be filed no later than February 16, 2009. The time period during which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on February 16, 2009. Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

4

Movant duly signed a certification stating that he has reviewed a complaint in this action, and is willing to serve as the representative party on behalf of the Class. Kaboolian Dec., Ex. B. The certification demonstrates that Mr. Berrie had invested $500,000 in Gabriel.

### 2. Mr. Berrie Has The Largest Financial Interest In the Relief Sought

The certification demonstrates that during the Class Period, Movant invested $500,000 in Gabriel. Kaboolian Dec., Ex. C. Defendant Merkin has confirmed that almost 25% of Gabriel's assets were invested with Madoff and that the Gabriel fund will most likely be liquidated. The liquidation may take place during the extremely turbulent market conditions which will result in Mr. Berrie losing the majority of his Gabriel investment. At this time at least 25% of Mr. Berrie's losses can be directly attributed to Gabriel's investment in Madoff. To the best of his knowledge, Movant has the largest financial interest in the relief sought by the Class and is therefore, is presumptively the most adequate plaintiff pursuant to the PSLRA. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Mr. Berrie otherwise Satisfies FRCP Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. At this stage of the action, Mr. Berrie "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re eSpeed, Inc. Sec. Litig.* 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D. N.Y. 1998).

Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the individuals or the group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). Thus, in deciding a lead plaintiff motion, the Court may limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a).

### (a) Mr. Berrie's Claims are Typical of the Claims of the Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; (c) and its claims are based on the same legal issues. *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality arises when a proposed lead plaintiff's claims arise from the same conduct from which other plaintiffs' claims and injuries arise. Possible factual distinctions between plaintiffs' claims do not vitiate typicality, as the same legal theory may control even in the face of differences in fact. *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 2008 (S.D. N. Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical' The possibility of factual distinctions between claims of the named plaintiff and those of the other class members does not destroy typicality, as similarity of legal theory may control even in the fact of differences of fact." (internal citations omitted). The questions of law and fact here, which predominate over questions that may affect individual claims, include:

6

i. whether Defendants' acts and/or omissions as alleged herein violated the federal securities laws;

ii. whether the Company's Class Period representations to plaintiff and the other class members misrepresented and/or omitted material facts;

iii. whether Defendants acted with knowledge or with reckless disregard for the truth in misrepresenting and/or omitting material facts;

iv. whether Defendants conduct alleged herein was intentional, reckless, or grossly negligent or in violation of fiduciary duties owed plaintiff and other class members and therefore violated the statutory and common law of New York;

v. to what extent the members of the Class have sustained damages and the proper measure of damages.

The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal theory and arise from the same event or practice or course of conduct that gives rise to the claims of the class members.

**(b) Mr. Berrie will Fairly and Adequately Represent the Interests of the Class**

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." In order to satisfy the adequacy requirement of Rule 23(a), there should not be a conflict between the interests of the class and the named plaintiff, nor should there be collusion among the litigants; and the plaintiff's attorney must be qualified and experienced. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

The interests of Movant are clearly aligned with the members of the proposed class. There is no evidence of any potential conflict between Movant and the proposed class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed class, his claims are typical of the members of the class, and he has taken significant steps to advance this litigation. In addition, Mr. Berrie has demonstrated his adequacy to serve as class representative by signing a certification affirming his willingness to

7

serve as, and assume the responsibilities of class representative. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. Kaboolian Dec., Ex. C. For these reasons, Movant should be appointed Lead Plaintiff in this action.

## III. THE COURT SHOULD APPROVE MR. BERRIE'S CHOICE OF COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. See §21D(a)(3)(B)(v). Mr. Berrie has chosen Abbey, Spanier, Rodd, & Abrams, LLP ("Abbey Spanier") to serve as Lead Counsel. Abbey Spanier has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Kaboolian Dec. Ex. C.

## CONCLUSION

For the foregoing reasons, Scott Berrie respectfully requests that the Court appoint him as Lead Plaintiff in this action, and approve his choice of Abbey Spanier as Lead Counsel.

DATED: February 16, 2009

ABBEY SPANIER RODD &
ABRAMS, LLP

_/s/ Nancy Kaboolian_
Arthur N. Abbey, Esq.
aabbey@abbeyspanier.com
Stephen T. Rodd, Esq.
srodd@abbeyspanier.com
Nancy Kaboolian, Esq. (NK-6346)
nkaboolian@abbeyspanier.com
Richard B. Margolies, Esq.
rmargolies@abbeyspanier.com
212 East 39th Street
New York, New York 10016
Telephone: (212) 889-3700
Facsimile: (212) 684-5191

*Counsel for Scott Berrie and Proposed Lead Counsel for the Class*

8