UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NEW YORK LAW SCHOOL, individually
and on behalf of all others similarly situated,

            Plaintiff,

    v.

ASCOT PARTNERS, L.P., J. EZRA MERKIN
and BDO SEIDMAN LLP,

            Defendants.

Civil Action No. 08-CV-10922-DAB

# MEMORANDUM OF LAW IN SUPPORT OF
# NEW YORK LAW SCHOOL'S MOTION FOR LEAD PLAINTIFF
# AND APPROVAL OF SELECTION OF LEAD COUNSEL

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii

INTRODUCTION ........................................................................................................................ 1

I. FACTUAL BACKGROUND ............................................................................................ 2

II. NYLS SHOULD BE APPOINTED LEAD PLAINTIFF .................................................. 3

    A. The PSLRA Standard for Appointing Lead Plaintiff ............................................. 3

    B. NYLS SATISFIES THE PROVISIONS OF THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF ......................................................................... 5

        1. NYLS Has Satisfied The PSLRA Procedural Requirement ..................... 5

        2. NYLS Processes the Largest Financial Interest in the Relief Sought ...... 5

        3. NYLS Satisfies Rule 23's Typicality and Adequacy Requirements ........ 6

            (a) NYLS's Claims Are Typical Of The Claims Of The Class ........... 6

            (b) NYLS Will Fairly and Adequately Represent the Interests of the Class ....... 7

III. The Court Should Approve NYLS's Choice Of Counsel .................................................. 9

CONCLUSION ............................................................................................................................. 9

# TABLE OF AUTHORITIES

**Cases**

*In re Drexel Burnham Lambert Group, Inc.*,
    960 F.2d 285 (2d Cir. 1992) ............................................................................................. 7

*In re eSpeed, Inc. Sec. Litig.*
    232 F.R.D. 95 (S.D.N.Y. 2005) ......................................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
    3 F. Supp. 2d 286 (E.D. N.Y. 1998) ................................................................................. 6

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200, 2008 (S.D. N. Y. 1995) ......................................................................... 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) ...................................................................................... 8

**Statutes**

Private Securities Litigation Reform Act of 1995
    15 U.S.C. §78u-4(a)(3) ........................................................................................... 1, 4, 5, 6

Fed. R. Civ. P.
    Rule 42(a) ............................................................................................................................ 1

Securities Exchange Act of 1934
    Section 21D ............................................................................................................... 1, 3, 4, 9

**Other Authorities**

H.R. Conf. Rep. No. 104-369 (1995), *reprinted* in 1995 U.S.C.C.A.N. 730, 733 ..................... 1, 8

Rep. No. 104-98 (1995), *reprinted* in 1995 U.S.C.C.A.N. 679, 690. ............................................. 2

# INTRODUCTION

New York Law School ("NYLS") respectfully submit this memorandum pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order appointing it as the Lead Plaintiff, and approving its choice of counsel as Lead Counsel for the Class.[1]

This motion advances one of the primary goals of Congress in enacting the PSLRA (15 U.S.C. §78u-4(a)(3)) – to encourage institutional investors to serve as lead plaintiffs in class actions brought under the federal securities laws. The Conference Committee's explanatory report expressly states that:

> The Conference Committee seeks to increase the likelihood that institutional investors will serve as lead plaintiffs by requiring courts to presume that the member of the purported class with the largest financial stake in the relief is the "most adequate plaintiff."...

H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted* in 1995 U.S.C.C.A.N. 730, 733. Similarly, the Senate Report on the PSLRA states in pertinent part:

> The Committee believes that increasing the role of institutional investors in class actions will ultimately benefit the class and assist

---

[1] The first steps in a securities class action are consolidation of related actions, appointment of a lead plaintiff and approval of the lead plaintiff's selection of lead counsel. Consolidation is appropriate pursuant to Fed. R. Civ. P. Rule 42(a):

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Since NYLS is not aware of any related cases it is not moving for consolidation at this time.

the courts. Institutions with large stakes in class actions have
much the same interests as the plaintiff class generally.

Rep. No. 104-98, at 11 (1995), *reprinted* in 1995 U.S.C.C.A.N. 679, 690.

As a result of its $3,000,000 investment in Ascot Partners, L.P ("Ascot") NYLS believes that it has suffered the largest losses of any plaintiff moving to be appointed lead plaintiff for this action. Movant is familiar with the applicable provisions governing the appointment of the lead plaintiff in securities class actions, understands its responsibilities to the class, and is willing and able to oversee the prosecution of this action.

Movant believes that it has the largest financial interest in the relief sought by the class. Movant will ensure that the litigation is conducted in the best interests of the members of the class and is not subject to any unique defenses that would render it incapable of adequately representing the class. Therefore, NYLS respectfully requests that the Court grant Movant's motion to be appointed Lead Plaintiff, and approve its selection of Lead Counsel.

## I. FACTUAL BACKGROUND

This case arises from a massive fraudulent scheme perpetrated by Bernard L. Madoff ("Madoff") through his investment firm, Bernard L. Madoff Investment Securities, LLC ("BMIS"), and others. This case was commenced as a class action lawsuit on behalf of a class (the "Class") of all persons and entities who invested in limited partnership interests of Ascot Partners, L.P. ("Ascot") between December 16, 2002 through December 16, 2008 (the "Class Period") and also retained their investment through that date. In addition, the Class, with respect to plaintiff's claims of breach of fiduciary duty only, includes all Ascot limited partners as of the end of the Class Period.

Defendants include Ascot, Ezra Merkin ("Merkin") and BDO Seidman, L.P. ("Seidman"). Ascot is an investment partnership managed by defendant Merkin, who is the

general partner of Ascot. Plaintiff and other class members were qualified investors that purchased limited partnership interests in Ascot. Defendant Seidman was the independent auditor for Ascot during the Class Period.

The Complaint alleges that defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder common law fraud, negligent misrepresentation and breach of fiduciary duty under the laws of New York State. Plaintiff alleges that Ascot, Merkin and Seidman recklessly or with gross negligence and/or in breach of fiduciary duties owed to plaintiff and other class members, caused and permitted $1.8 billion --- virtually the entire investment capital of Ascot --- to be handed over to Madoff to be "invested" for the benefit of plaintiff and the other limited partners of Ascot. Plaintiff's investment in Ascot has been decimated, as a direct result of: (a) defendant Merkin's abdication of his responsibilities and duties as General Partner and Manager of Ascot and its investment funds and; (b) the failure of Ascot's auditor Seidman, in light of "red flags" indicating a high risk to Ascot from concentrating its investment exposure in Madoff as sole third-party investment manager for half of the Partnership's assets, to perform its audits and provide its annual audit reports in conformance with generally accepted auditing standards.

## II. NYLS SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The PSLRA Standard for Appointing Lead Plaintiff

Section 21D of the Exchange Act, as amended by the PSLRA, sets forth the procedure for the selection of Lead Plaintiff to oversee class actions brought under the federal securities laws. Specifically, §21D(a)(3)(A)(i) provides that within 20 days after the date on which the first class action is filed under the PSLRA, the plaintiff shall cause to be published, in a widely

3

circulated national business-oriented publication or wire service, a notice informing class members of the action and their right to file a motion for the appointment of lead plaintiff.

The PSLRA provides that within 60 days after the publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed Lead Plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II). Section 21D(a)(3)(B) of the Exchange Act directs the Court to consider any motions by a plaintiff or purported class members to serve as Lead Plaintiff in response to any such notice by not later than 90 days after the date of publication pursuant to §21D, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims. Under this section the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members that the Court determines to be most capable of adequately representing the interests of class members.

In determining the "most adequate plaintiff" the PSLRA provides that:

> [T]he Court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

§21D(a)(3)(B)(iii)(I); 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

4

## B. NYLS SATISFIES THE PROVISIONS OF THE PSLRA AND SHOULD BE APPOINTED LEAD PLAINTIFF

### 1. NYLS Has Satisfied The PSLRA Procedural Requirement

A notice pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") was published on December 16, 2008 over the PR Newswire. Declaration of Nancy Kaboolian ("Kaboolian Dec."), Ex. A. The notice informed potential class members of the pendency of the action and their right to move to be appointed lead plaintiff and to designate their choice of lead counsel within 60 days. Accordingly, pursuant to the PSLRA all motions for lead plaintiff must be filed no later than February 16, 2009. The time period during which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on February 16, 2009. Pursuant to the PSLRA, and within the requisite time frame after publication of the required notice, Movant herein timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Movant duly signed a certification stating that he has reviewed a complaint in this action, and is willing to serve as the representative party on behalf of the Class. Kaboolian Dec., Ex. B. The certification demonstrates that NYLS had invested $3,000,000. NYLS has suffered a loss of at least $3,500,000 in connection with its investment in Ascot.[2]

### 2. NYLS Processes the Largest Financial Interest in the Relief Sought

During the Class Period, Movant invested $3,000,000 in Ascot and has suffered a loss of at least $3,500,000. Kaboolian Dec., Ex. B. To the best of its knowledge, Movant has the largest financial interest in the relief sought by the Class and is therefore, is presumptively the most adequate plaintiff pursuant to the PSLRA. See 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb).

---

2   As of December 11, 2008, the date Bernard L Madoff disclosed the massive fraud he and others had been perpetrating, NYLS's $3,000,000 investment in Ascot was worth approximately $3,500,000.

### 3. NYLS Satisfies Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA provides that the Lead Plaintiff must also "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of the class representative, Rule 23(a) requires that the claims be typical of the claims of the class and that the representative will fairly and adequately protect the interests of the class. At this stage of the action, NYLS "need only make a preliminary showing that it satisfy the typicality and adequacy requirements of Rule 23." *In re eSpeed, Inc. Sec. Litig.* 232 F.R.D. 95, 102 (S.D.N.Y. 2005) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286 (E.D. N.Y. 1998).

Moreover, the PSLRA provides that the presumption in favor of the most adequate plaintiff may be rebutted only upon proof that the individuals or the group "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 12 U.S. C. 78u-4(a)(3)(B)(iii)(II). Thus, in deciding a lead plaintiff motion, the Court may limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.

As detailed below, Movant satisfies the typicality and adequacy requirements of Rule 23(a).

#### (a) NYLS's Claims Are Typical Of The Claims Of The Class

The typicality requirement of Rule 23(a)(3) is satisfied when a named plaintiff has: (a) suffered the same injuries as the absent class members; (b) as a result of the same course of conduct by defendants; (c) and its claims are based on the same legal issues. *In re Drexel*

*Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992). Typicality arises when a proposed lead plaintiff's claims arise from the same conduct from which other plaintiffs' claims and injuries arise. Possible factual distinctions between plaintiffs' claims do not vitiate typicality, as the same legal theory may control even in the face of differences in fact. *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 2008 (S.D. N. Y. 1995) ("The typicality requirement of Rule 23(a)(3) is liberally construed; and 'typical' does not mean 'identical' The possibility of factual distinctions between claims of the named plaintiff and those of the other class members does not destroy typicality, as similarity of legal theory may control even in the fact of differences of fact." (internal citations omitted). The questions of law and fact here, which predominate over questions that may affect individual claims, include:

   i. whether Defendants' acts and/or omissions as alleged herein violated the federal securities laws;

   ii. whether the Company's Class Period representations to plaintiff and the other class members misrepresented and/or omitted material facts;

   iii. whether Defendants acted with knowledge or with reckless disregard for the truth in misrepresenting and/or omitting material facts;

   iv. whether Defendants conduct alleged herein was intentional, reckless, or grossly negligent or in violation of fiduciary duties owed plaintiff and other class members and therefore violated the statutory and common law of New York;

   v. to what extent the members of the Class have sustained damages and the proper measure of damages.

The typicality requirement is satisfied here because the claims asserted by Movant are based on the same legal theory and arise from the same event or practice or course of conduct that gives rise to the claims of the class members.

  **(b) NYLS Will Fairly and Adequately Represent the Interests of the Class**

Under Rule 23(a)(4), the representative party must also "fairly and adequately protect the interests of the class." In order to satisfy the adequacy requirement of Rule 23(a), there

should not be a conflict between the interests of the class and the named plaintiff, nor should there be collusion among the litigants; and the plaintiff's attorney must be qualified and experienced. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004).

The interests of Movant are clearly aligned with the members of the proposed class. There is no evidence of any potential conflict between Movant and the proposed class members. As detailed above, Movant shares substantially similar questions of law and fact with the members of the proposed class, his claims are typical of the members of the class, and he has taken significant steps to advance this litigation. In addition, NYLS has demonstrated its adequacy to serve as class representative by signing a certification affirming its willingness to serve as, and assume the responsibilities of class representative. Finally, Movant has selected and retained counsel highly experienced in prosecuting securities class actions such as this to represent them. Kaboolian Dec., Ex. C.

In addition to satisfying the requirements of Rule 23, NYLS is precisely the type of large, sophisticated institutional investor - the prototypical lead plaintiff – envisioned by the framers of the PSLRA. As noted by Congress in the Statement of Managers, the PSLRA was enacted "to increase the likelihood that institutional investors will serve as lead plaintiff," in part, because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted* in 1995 U.S.C.C.A.N. 730, 733.

NYLS is a sophisticated institutional investor with resources sufficient to adequately litigate this action and supervise class counsel. For these reasons, NYLS should be appointed Lead Plaintiff in this action.

### III. The Court Should Approve NYLS's Choice Of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval. See §21D(a)(3)(B)(v). NYLS has chosen Abbey, Spanier, Rodd, & Abrams, L.L.P. ("Abbey Spanier") to serve as Lead Counsel. Abbey Spanier has extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. Kaboolian Dec. Ex. C.

### CONCLUSION

~~For the foregoing reasons, Movant respectfully requests that the Court appoint NYLS as~~ Lead Plaintiff in this action, and approve Lead Plaintiff's choice of Abbey Spanier as Lead Counsel.

DATED: February 16, 2009

                                      **ABBEY SPANIER RODD &**
                                      **ABRAMS, LLP**

                                        */s/ Nancy Kaboolian*
                                        Arthur N. Abbey, Esq. (AA 8074)
                                        aabbey@abbeyspanier.com
                                        Stephen T. Rodd, Esq. (SR 8338)
                                        srodd@abbeyspanier.com
                                        Nancy Kaboolian, Esq. (NK 6346)
                                        nkaboolian@abbeyspanier.com
                                        Richard B. Margolies, Esq. (RM 9311)
                                        rmargolies@abbeyspanier.com
                                        212 East 39th Street
                                        New York, New York 10016
                                        Telephone: (212) 889-3700
                                        Facsimile: (212) 684-5191

                                        *Counsel for New York Law School and*
                                        *Proposed Lead Counsel for the Class*