USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 25 Jun 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

In re J. EZRA MERKIN AND BDO SIDEMAN          08 Civ. 10922 (DAB)
SECURITIES LITIGATION


------------------------------------------X
NEPHROLOGY ASSOCIATES, PC PENSION PLAN
and all others similarly situated,

       Plaintiffs,
               09 Civ. 2001 (DAB)
 -against-            ORDER

ARIEL FUND LTD., GABRIEL CAPITAL CORP.,
J. EZRA MERKIN, FORTIS BANK (CAYMAN) LTD.,
FORTIS PRIME SOLUTIONS (CAYMAN) LTD.,
FORTIS BANK, BDO TORTUGA and BDO
INTERNATIONAL,

       Defendants.
------------------------------------------X
EQUAL INVESTMENTS LIMITED, individually
and on behalf of all others similarly
situated,

       Plaintiff,
               09 Civ. 2688 (DAB)
 -against-            ORDER

J. EZRA MERKIN and GABRIEL CAPITAL CORP.,

       Defendants.
------------------------------------------X
JACOB E. FINKELSTEIN, CGM IRA ROLLOVER
CUSTODIAN and all others similarly
situated,

       Plaintiff,
               09 Civ. 4407 (DAB)
 -against-            ORDER

New York Law School v. Ascot Partners, L.P. et al   Doc. 23

1

ARIEL FUND LTD., GABRIEL CAPITAL CORP.,
J. EZRA MERKIN, FORTIS BANK (CAYMAN) LTD.,
FORTIS PRIME SOLUTIONS (CAYMAN) LTD., FORTIS
PRIME SOLUTIONS (USA) LCC, FORTIS BANK,
BDO TORTUGA and BDO INTERNATIONAL,

                            Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    The Court is receipt of the letter of Andrew Levander (Counsel for the Defendant J. Ezra Merkin) dated May 5, 2009, the letter of Karin Fisch (Lead Counsel in the case docketed at 08 Civ. 10922) dated May 6, 2009, the letter of Gregory Nespole (Counsel for Plaintiffs in cases docketed at 09 Civ. 2001 and 09 Civ. 4407) dated May 14, 2009, letter of Karin Fisch dated May 18, 2009, and the letter of Marc Gross (Counsel for Plaintiffs in the case docketed at 09 Civ. 2688) dated May 19, 2009.

    Not surprisingly, Counsel for the various Plaintiffs agree that discovery should be coordinated between the actions but that the cases should not be consolidated. For example, Mr. Nespole argues that although three of the four the actions contain allegations under federal securities laws and all of the actions contain allegations against Defendants Merkin and Gabriel Capital Corp. for, <u>inter alia</u>, breach of fiduciary duty and unjust enrichment, the cases reflect two classes that are "composed of entirely different entities with many of [those invested in Ariel Fund] being offshore while most of the Ascot investors are

2

domestic tax paying entities and individuals." (Nespole Ltr. May 14, 2009, at 2.) Nevertheless, Mr. Nespole concedes that "there may be substantial overlap in the discovery...." (Id.)

Rule 42 of the Federal Rules of Civil Procedure states that, "If actions before the court involve a common question of law or fact, the court may...(2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42. The Court finds that the each of the actions captioned above involve common questions of law and fact making consolidation appropriate to promote judicial efficiency and to avoid unnecessary cost and delay.

The following actions are HEREBY consolidated for all purposes:

> 08 Civ. 10922 (DAB) In re J. EZRA MERKIN AND BDO SIDEMAN SECURITIES LITIGATION
>
> 09 Civ. 2001 (DAB) NEPHROLOGY ASSOCIATES, PC PENSION PLAN and all others similarly situated v. ARIEL FUND LTD., et al.
>
> 09 Civ. 2688 (DAB) EQUAL INVESTMENTS LIMITED, individually and on behalf of all others similarly situated v. J. EZRA MERKIN and GABRIEL CAPITAL CORP.
>
> 09 Civ. 4407 (DAB) JACOB E. FINKELSTEIN and all others similarly situated v. ARIEL FUND LTD., et al.

The caption of these consolidated actions shall be "In re J. EZRA MERKIN AND GABRIEL CAPITAL CORP. LITIGATION" and the files of these consolidated actions shall be maintained under Master

Docket Number 08 Civ. 10922 (DAB).

On April 6, 2009, the Court appointed Abbey Spanier Rodd and Abrams LLP as lead counsel and appointed New York Law School and Scott Berrie as lead plaintiffs in "In re J. Ezra Merkin and BDO Sideman Securities Litigation." With this consolidation, those appointments, for good cause, could be modified. All Counsel and Plaintiffs wishing to seek or oppose such modifications SHALL SUBMIT motions for the appointment of lead plaintiff and lead counsel for this consolidated action no later than thirty (30) days from the date of this ORDER. Defendants SHALL NOT be required to Answer any Complaint in the above-named consolidated action until lead plaintiff and lead counsel motions have been decided and Amended or Second Amended Complaints have been filed, if any. In the context of these motions, the Court will entertain arguments from Counsel that separate lead plaintiff and lead counsel are required to properly represent the interests of the class.

SO ORDERED.

Dated: New York, New York
June 25, 2009

Deborah A. Batts
United States District

4