UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re J. EZRA MERKIN and
GABRIEL CAPITAL CORP. LITIGATION

Case No. 08-cv-10922 (DAB)

# DEFENDANTS J. EZRA MERKIN AND
# GABRIEL CAPITAL CORPORATION'S OPPOSITION TO
# MOTION TO VACATE THE CONSOLIDATION ORDER

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10036
*Attorneys for Defendants J. Ezra Merkin
and Gabriel Capital Corporation*

12708599.1

## Preliminary Statement

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC," and collectively "Defendants") respectfully submit this memorandum of law in opposition to the Motion to Vacate the Consolidation Order ("Motion to Vacate") submitted by Plaintiff Jacob E. Finkelstein CGM IRA Rollover Custodian ("Finkelstein") and supported by Plaintiff Nephrology Associates, PC Pension Plan.

Merkin, directly or through GCC, managed three hedge funds that incurred substantial losses as a result in the massive Ponzi scheme run by Bernard L. Madoff ("Madoff"): Ariel Fund Ltd. ("Ariel"), Ascot Partners, L.P. ("Ascot"), and Gabriel Capital, L.P. ("Gabriel" and collectively the "Funds"). Ascot invested substantially all of its assets in a managed account with Madoff, while a portion of Ariel's and Gabriel's assets were invested with Madoff.[1] Class actions have been filed on behalf of investors in all three Funds. In the interests of judicial efficiency, because common issues of fact and law were presented, and to avoid undue delay, the Court consolidated all of these actions.[2]

Finkelstein's request to vacate the consolidation order should be rejected because the consolidation was well within the Court's discretion. Finkelstein's efforts to distinguish his action from the actions brought on behalf of investors in Ascot and Gabriel, which had been brought by the same law firm and consolidated without opposition, depend entirely on his misleadingly labeling those actions the "Ascot Action." In fact, the claims in the previously consolidated action are on behalf of investors in Ascot *and Gabriel*. And Finkelstein cannot

---

[1] A fourth fund, Ascot Fund Limited ("Ascot Fund"), is a Cayman corporation that invested all of its assets in Ascot, a domestic limited partnership, in a "master-feeder" structure. Gabriel, a domestic limited partnership, and Ariel, a Cayman corporation, did not have the "master-feeder" structure but generally invested parallel to one another.

[2] Defendants' position in opposing the motion to vacate is without prejudice to their position with regard to any future motion to certify a class in this matter.

dispute that Ariel generally invested parallel to Gabriel. Thus, segregation of Ariel investors from Gabriel investors would be illogical, and Finkelstein's Motion to Vacate should therefore be denied.

## Factual And Procedural Background

The reported value of the three Funds' assets dropped significantly on December 11, 2008, when Merkin learned that the Funds were victims of Madoff's massive Ponzi scheme. Prior to December 11, 2008, Madoff had been a well-respected money manager who had been delegated responsibility for managing substantially all of Ascot's assets as well as a portion of Gabriel and Ariel's assets. As a result of Madoff's fraud, Gabriel and Ariel each lost approximately 30% of their value and are being wound down, and investments in Ascot are virtually worthless. Although Gabriel and Ariel were operated as stand-alone entities, they typically invested together in the same investments.

On April 6, 2009, the Court consolidated two actions that had been filed against Defendants. Specifically, the Court consolidated an action brought on behalf of Ascot investors, *New York Law School v. Ascot Partners, L.P. et al.* (08 Civ. 10922) (DAB), with an action brought on behalf of Gabriel investors, *Scott Berrie v. Gabriel Capital, et al.* (08 Civ. 10930) (DAB). Investors in both actions were represented by the same law firm, Abbey Spanier Rodd & Abrams, LLP, and the Court appointed Abbey Spanier lead counsel without opposition. Contrary to Finkelstein's mischaracterization of that action as the "Ascot Action," the putative class in the resulting consolidated action, *In re J. Ezra Merkin & Gabriel Capital Corp. Litigation* (08 Civ. 10922) (DAB) ("Ascot/Gabriel Action"), consisted of investors in both Ascot and Gabriel.

On June 25, 2009, the Court consolidated the Ascot/Gabriel Action with three actions filed by two other law firms, which have been brought on behalf of Ariel investors: *Nephrology*

*Assoc., P.C. Pension Plan v. Ariel Fund Ltd., et al.* (09 Civ. 2001) (DAB); *Equal Investments Ltd. v. J. Ezra Merkin, et al.* (09 Civ. 2688) (DAB); and *Jacob E. Finkelstein CGM IRA Rollover Custodian v. Ariel Fund Ltd., et al.* (09 Civ. 4407) (DAB) (collectively, the "Ariel Actions"). Finkelstein now moves to vacate the June 25, 2009 Consolidation Order and seeks to have Ariel investors proceed independently from Ascot and Gabriel investors.

## Argument

A. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a). "[D]istrict courts have 'broad discretion to determine whether consolidation is appropriate,' and they 'have taken the view that considerations of judicial economy favor consolidation.'" *Walker v. Deutsche Bank, AG*, No. 04 Civ. 1921, 2005 WL 2207041, at *2 (S.D.N.Y. Sep. 6, 2005) (Batts, J.) (quoting *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)); *Linn v. Allied Irish Banks, PLC*, No. 02 Civ. 1738, 2004 WL 2813133, at *2 (S.D.N.Y. Dec. 8, 2004) (Batts, J.) (same). Indeed, "[c]onsolidation is a valuable and important tool of judicial administration." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996).

Consolidation is appropriate even when complete identity of parties and claims is lacking. "As long as common questions of law and fact exist, consolidation is not barred simply because the actions to be consolidated allege claims against different parties." *Skwortz v. Crayfish Co.*, No. 00 CIV. 6766, 2001 WL 1160745, at *2 (S.D.N.Y. Sep. 28, 2001) (Batts, J.).

B.   The Court Should Not Vacate Its Consolidation Order

   1.   Consolidation Was Proper

The Court was well within its power to consolidate the Ariel Actions with the Ascot/Gabriel Action. The gravamen of the actions is the same -- the plaintiffs allege that Merkin and GCC made false and misleading statements relating to the Funds' investments through Madoff, that Defendants breached fiduciary duties owed to plaintiffs, and that plaintiffs suffered damages when their investment interests declined in value. As the Court explained, the actions "involve common questions of law and fact making consolidation appropriate to promote judicial efficiency and to avoid unnecessary cost and delay." *In re J. Ezra Merkin*, No. 08-10922 (S.D.N.Y. Jun. 25, 2009) (order consolidating cases); *see also Johnson*, 899 F.2d at 1285 ("The trial court has broad discretion to determine whether consolidation is appropriate.").

The Court was aware of Finkelstein's and the Ascot/Gabriel Plaintiffs' opposition to consolidation prior to issuing the Consolidation Order. *See In re J. Ezra Merkin*, No. 08-10922 (S.D.N.Y. Jun. 25, 2009) (order consolidating cases) ("Not surprisingly, Counsel for the various Plaintiffs agree that discovery should be coordinated between the actions but that the cases should not be consolidated."). After considering Finkelstein's and the other plaintiffs' objections to consolidation, the Court rejected those arguments and correctly determined that consolidation of the all of the actions was appropriate.

There is no reason for the Court to vacate the Consolidation Order. As the Court has already determined, consolidation would not prejudice Finkelstein. Rather, consolidation would promote the just and efficient resolution of the present actions.

   2.   Ariel Investors Should Not Be Segregated

Finkelstein's challenge to the Court's consolidation of the Ariel Actions with the Ascot/Gabriel Action focuses on distinguishing Ariel investors from Ascot investors, but makes

13507290

no effort to distinguish Ariel from Gabriel.[3] The reason is simple -- those two Funds generally invested parallel to one another, and each lost approximately 30% of its value as a result of Madoff's fraud. Thus, the actions on behalf of Ariel and Gabriel investors assert not just common questions of law, but also allege virtually identical factual questions. It makes no sense to have Ariel investors proceed separately from Gabriel investors. Such a result would create unnecessary cost and delay and would directly undermine the efficiency concerns at the heart of Federal Rule of Civil Procedure 42(a).

## Conclusion

For the foregoing reasons, Finkelstein's Motion to Vacate the Consolidation Order should be denied.

Dated: New York, New York
July 21, 2009

DECHERT LLP

By: _____
Andrew J. Levander
Gary J. Mennitt
Neil A. Steiner
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
andrew.levander@dechert.com

*Attorneys for Defendants J. Ezra Merkin and Gabriel Capital Corporation*

---

[3] Finkelstein suggests that Ariel investors are somehow different from investors in the other Funds because GCC has a substantial deferred compensation account in Ariel. But that investment is owned by GCC, not Ariel; Ariel's investors have no greater rights to that account than they do to any of Defendants' assets.