UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE J. EZRA MERKIN AND BDO SEIDMAN SECURITIES LITIGATION | 08 Civ. 10922 (DAB) |

**LEAD PLAINTIFFS' MEMORANDUM IN SUPPORT
OF MOTION FOR CONFIRMATION OF APPOINTMENT
OF LEAD PLAINTIFFS AND LEAD COUNSEL**

Lead Plaintiffs New York Law School and Scott Berrie respectfully submit the following in response to the Court's June 25, 2009 Order consolidating cases brought by investors in the Ariel Fund Ltd. ("Ariel") with cases involving investors in Ascot Partners, L.P. ("Ascot") and Gabriel Capital, L.P. ("Gabriel"). As the Court is aware, the separate cases against Ascot and Gabriel previously had been consolidated under the caption "In re J. Ezra Merkin and BDO Seidman Securities Litigation." By Order of this Court dated April 3, 2009, New York Law School and Scott Berrie were appointed as Lead Plaintiffs in that consolidated case and their counsel, Abbey Spanier Rodd and Abrams, LLP, was approved as Lead Counsel.

On February 16, 2009, Abbey Spanier filed separate motions on behalf of New York Law School and Scott Berrie seeking to have each appointed as Lead Plaintiff pursuant to the Private Litigation Reform Act of 1995 (the "PSLRA") in the separate cases they had filed. The PSLRA sets out a rather strict statutory scheme that Courts must follow in considering and appointing lead plaintiffs and lead counsel.[1] One of the

---

[1] In *In re Initial Public Offering Securities Litigation*, 214 F.R.D. 117 (S.D.N.Y. 2002), a case where a new lead plaintiff needed to be appointed because the first had withdrawn, Judge Scheindlin noted that the PSLRA governs the appointment of lead plaintiffs and that her discretion in that regard was limited. *Id.* at 120. Judge Cote similarly has been hesitant to modify deadlines dictated by the PSLRA. *See In re The Albert Fadem Trust v.*

very first requirements of the PSLRA is that a movant seeking to be appointed as a lead plaintiff must file a timely motion. The PSLRA deadlines for lead plaintiff appointment are absolute and there is no statutory provision or other legal authority that would permit reopening the lead plaintiff appointment process for claims asserted on behalf of investors in Ascot or Gabriel. The deadline for filing lead plaintiff motions in both the Ascot case and the Gabriel case was February 16, 2009. No investor other than Mr. Berrie and New York Law School filed such motions and the deadline has now passed.

Even with the recent consolidation of the outstanding actions against Ariel, Lead Plaintiffs and Lead Counsel do not believe that there is any reason to revisit the lead plaintiff process as it relates to the cases brought by investors in Ascot and Gabriel. In the analogous context where investors file complaints alleging a different class period than an earlier filed complaint, Courts uniformly refuse to reopen the lead plaintiff process. *See, e.g., Greenberg v. Bear Stearns & Co., Inc.*, 80 F.Supp.2d 65, 69 (E.D.N.Y. 2000); *Lax v. First Merchants Acceptance Corp.*, No, 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *14 (N.D. Aug. 6, 1997)(noting that subsequently filed actions do not extend the tine for filing lead plaintiff motions). Lead Plaintiffs Scott Berrie and New York Law School respectfully submit that the filing of a second round of lead plaintiff motions with respect to the claims asserted by Ascot and Gabriel investors would violate the express provisions of the PSLRA.

With respect to Ariel, Lead Plaintiffs continue to believe that there are differences between their now consolidated cases and the Ariel cases that warrant the appointment of a separate lead plaintiff and counsel. As explained in two prior letters to the Court from

---

*Worldcom, Inc.*, Nos. 02 Civ. 3288 (DLC), 2002 WL 1485257, *2 (S.D.N.Y. July 12, 2002).

2

Abbey Spanier, both Ascot and Gabriel are Delaware limited partnerships, while Ariel is an offshore "fund of fund" incorporated in the Cayman Islands with a different type of investor and a different relationship with its auditors. The differences between the cases have been detailed in the correspondence referenced in this Court's June 25, 2009 Order. Lead Plaintiffs reiterate their preference that a separate lead plaintiff and lead counsel be appointed to represent the interests of investors in Ariel. Just as Mr. Berrie is representing investors in Ascot and New York Law School is representing investors in Gabriel, an investor in Ariel should be appointed to represent the separate, and perhaps unique, interests of other Ariel investors. That plaintiff, who will be well-situated to pursue any claims or defenses unique to investors in Ariel, should be permitted to retain his or her own counsel.

Lead Plaintiffs have considered the previous submissions of Wolf Haldenstein Adler Freeman & Herz LLP on the issues of consolidation and/or coordination of these actions. Abbey Spanier had worked in the past on many cases with the Wolf Haldenstein firm and would have no issue litigating the consolidated case alongside of them. Lead Plaintiffs and Abbey Spanier foresee no issue in proceeding under a single caption for the purposes of judicial efficiency and to avoid unnecessary cost and delay, as the Court has dictated. However, given the differences outlined in prior letters, Lead Plaintiffs respectfully suggest that a procedure should be implemented to allow separate fillings, only if necessary, in the various captions encompassed by the consolidated caption. An option that has worked in other consolidated cases is a double caption as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

In re J. EZRA MERKIN AND BDO SEIDMAN
SECURITIES LITIGATION

----------------------------------------------------------------x
This Document Relates To:

    [ACTION TO BE ADDED]

----------------------------------------------------------------x

While an "All Actions" designation would be the norm, filings are permitted to be made that relate to only one (or several, but not all) of the underlying actions.

Lead Plaintiffs also respectfully suggest that one such area where separate filings may be appropriate would be the filing of Amended and Second Amended Complaints. The Consolidated Amended Complaint previously filed by Scott Berrie and New York Law School is already a lengthy and complex document with detailed facts and ten separate counts. The addition of new defendants, including foreign auditors and foreign banks (Fortis Bank Solutions (Cayman) Ltd, and Fortis Bank), which have no relationship whatsoever to Ascot and Gabriel would unnecessarily complicate what currently is a manageable complaint. Abbey Spanier would obviously amend its current complaint to reflect the new caption and would wait for the newly-appointed Ariel Lead Plaintiff to file its own Amended Complaint. At that point, any motions to dismiss could be briefed jointly, or at least on the same time track. From that point forward, Abbey Spanier would endeavor to file discovery requests, motions and other papers jointly with the Ariel Lead Plaintiff and its counsel.

4

For these reasons, Scott Berrie and New York Law School respectfully submit that their appointment as Lead Plaintiffs for investors in Ascot and Gabriel should be confirmed, and that a separate lead plaintiff with its own choice of counsel should be appointed to represent the interests of investors in Ariel.

Dated: July 24, 2009

**ABBEY SPANIER RODD & ABRAMS, LLP**

By: /s/ Karin E. Fisch
Arthur N. Abbey, Esq. (AA 8074)
aabbey@abbeyspanier.com
Karin Fisch, Esq. (KF 1082)
kfisch@abbeyspanier.com
Nancy Kaboolian, Esq. (NK 6346)
nkaboolian@abbeyspanier.com
Stephanie Amin-Giwner, Esq. (SA 1248)
samin@abbeyspanier.com
Richard B. Margolies, Esq. (RM 9311)
rmargolies@abbeyspanier.com
212 East 39th Street
New York, NY 10016
Tel.: 212-889-3700
Fax: 212-684-5191

*Lead Counsel*