New York Law School v. Ascot Partners, L.P. et al                                           Doc. 38



1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**ANDREW J. LEVANDER**

andrew.levander@dechert.com
+1 (212) 698-3683 Direct
+1 (212) 698-0483 Fax

November 23, 2009

The Honorable Deborah A. Batts
United States District Court
Daniel Patrick Moynihan United States Courthouse
Room 2510
500 Pearl Street
New York, NY 10007-1312

Re:  *In re J. Ezra Merkin and BDO Seidman Securities Litigation*, C.A. No. 08-Civ-10922

Dear Judge Batts:

We write in response to your November 16, 2009 Order regarding plaintiffs' renewed request for the appointment of a lead plaintiff to represent investors in Ariel Fund Limited ("Ariel"), separate from the Lead Plaintiffs that have already been appointed to represent investors in Gabriel Capital, L.P. ("Gabriel") and Ascot Partners, L.P. For good reasons, the Court has repeatedly expressed skepticism that a separate lead plaintiff, represented by separate counsel, was necessary or in the best interest of Ariel shareholders -- Ariel and Gabriel share the same Court-appointed Receiver because both Funds were invested almost identically.[1] Thus, as a practical matter, it makes no sense to appoint a separate lead plaintiff for Ariel. Furthermore, as set forth below, the case law does not support the appointment of a separate lead plaintiff to represent the Ariel shareholders in this action.

A lead plaintiff for a separate group, or sub-group, of investors is often referred to as a "niche" lead plaintiff. *See e.g., In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 444 n. 9 (S.D. Tex. 2002) (explaining that the term "niche" lead plaintiff refers to a proposed lead plaintiff who asserts that his/her claims "are so distinct as to justify the appointment of multiple lead plaintiffs") (quotation omitted). "[T]he majority of courts have refused to appoint niche lead plaintiffs, arguing that such a practice defeats the PSLRA's goal of 'minimizing lawyer-driven litigation.'" *In re Sunbeam Corp. Sec. Litig.*, 2004 WL 5159061, at * 9 (S.D. Cal. Jan. 5, 2004) (citing cases).

---

[1]   Likewise, this Court has consistently expressed doubts that a co-lead plaintiff or co-lead counsel structure was appropriate in securities class actions or consistent with the requirements of the Private Securities Litigation Reform Act of 1995. *See Weltz v. Lee*, 199 F.R.D. 129, 134 (S.D.N.Y. 2001) (DAB) (refusing to grant motion for four-firm lead counsel structure and requiring lead plaintiff group to choose one firm as lead counsel); *see also In re Crayfish Co. Sec. Litig.*, 2002 WL 1268013, at *6 (S.D.N.Y. Jun. 6, 2002) (DAB) (appointing co-lead counsel despite noting that "approving co-lead counsel is not without some inherent risk to the class" and that the Court would "not approve of any award of fees where it appears that the firms engaged in duplicative or unnecessary billing").

US  Austin  Boston  Charlotte  Hartford  New York  Newport Beach  Philadelphia  Princeton  San Francisco  Silicon Valley  Washington DC
EUROPE  Brussels  London  Luxembourg  Moscow  Munich  Paris  ASIA  Beijing  Hong Kong

13654975

Dockets.Justia.com




Courts in this District fall squarely in the majority of Courts that refuse to appoint niche lead plaintiffs. *See, e.g., In re Smith Barney Transfer Agent Litig.*, 2006 WL 991003, at *4 (S.D.N.Y. Apr. 17, 2006) (deeming it unnecessary to appoint separate lead plaintiffs for each of the funds that had issued allegedly misleading filings); *In re Doral Financial Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401 (S.D.N.Y. 2006) (refusing to appoint a niche lead plaintiff to represent the purchasers of preferred stock) (citation omitted); *The Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 325 (S.D.N.Y. 2004) (refusing to appoint separate lead plaintiffs for shareholders and optionholders); *Weinburg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253-54 (S.D.N.Y. 2003) (refusing to appoint an additional lead plaintiff).

As these cases illustrate, the appointment of a niche lead plaintiff is generally unnecessary. "Nothing in the PSLRA requires that the lead plaintiffs have standing to assert all of the claims that may be made on behalf of all of the potential classes and subclasses of holders of different categories of securities at issue in the case." *In re Smith Barney*, 2006 WL 991003, at *4. In fact, Courts often prefer to avoid the complications and inefficiencies that arise from multiple firms representing multiple lead plaintiffs. *See, e.g., Weinburg*, 216 F.R.D. at 254 (explaining that appointing a niche lead plaintiff or multiple lead plaintiffs would merely "fracture the litigation and obstruct any efficient and controlled process") (quotation omitted).

Moreover, courts have rejected the arguments that Wolf Haldenstein and Abbey Spanier raise in support of their proposed plan to divide the putative class. The Enron court specifically determined that different lead plaintiffs need not be appointed to represent different classes of competing securities holders when limited funds were available to satisfy the claims. *See In re Enron*, 206 F.R.D. at 446, 451-52. Other courts have refused to divide plaintiffs into separate groups, each with its own lead counsel, despite arguments that different groups would have claims against different defendants, advance different legal theories, and be entitled to different remedies. *See, e.g., In re Doral*, 414 F. Supp. 2d at 400-01; *Aronson v. McKesson MBOC, Inc.*, 79 F. Supp. 2d 1146, 1150-51 (N.D. Cal. 1999).

In sum, the Court has appointed Berrie as lead plaintiff for the Gabriel shareholders and has confirmed Berrie's selection of Abbey Spanier as lead counsel. Given the nearly complete overlap between Gabriel and Ariel, as well as the single receiver appointed for both funds, the addition of the Ariel shareholders to this action simply does not require a niche lead plaintiff or additional lead counsel.

Respectfully submitted,

Andrew J. Levander

cc: All Counsel of Record (by ECF)

13654975