

212 EAST 39TH STREET
NEW YORK, NEW YORK 10016
PHONE 212 889 3700
FAX 212 684 5191
www.abbeyspanier.com

KARIN E. FISCH
kfisch@abbeyspanier.com

November 23, 2009

<u>By ECF and Federal Express</u>

The Honorable Deborah A. Batts
United States District Court
Daniel Patrick Moynihan United States Courthouse
Room 2510
500 Pearl Street
New York, NY 10007-1312

Re: In re J. Ezra Merkin and BDO Seidman Securities Litigation,
C.A. No. 08-Civ-10922

Dear Judge Batts:

We are counsel to plaintiffs New York Law School and Scott Berrie in the above-referenced action. By Order of this Court dated April 3, 2009, New York Law School and Scott Berrie were appointed as Lead Plaintiffs in the case as it existed at that time and Abbey Spanier Rodd & Abrams, LLP was approved as Lead Counsel. Specifically, New York Law School was appointed as a representative of investors in Ascot Partners, L.P. and Scott Berrie was appointed as a representative of investors in Gabriel Capital, L.P. These plaintiffs submit that a separate plaintiff must be appointed to represent the interests of investors in the Ariel Fund Ltd. and that that plaintiff should be permitted to select its own lead counsel to litigate claims on behalf of all investors in Ariel. The primary concerns of plaintiffs Berrie and the law school are avoiding conflicts and ensuring adequate representation of investors in all three funds.

Your Honor is aware, through several previous letters and submissions, of what New York Law School and Mr. Gabriel consider unique issues as to investors in Ariel. Most important to the current lead plaintiffs are the offshore nature of the Ariel fund, the potentially differing rights of foreign investors in an offshore fund, and the addition of new defendants, including foreign auditors and foreign banks (Fortis Bank Solutions (Cayman) Ltd, and Fortis Bank), which have no relationship whatsoever to Ascot and Gabriel.

Courts do not hesitate to appoint multiple lead plaintiffs as a means of addressing conflicts inherent in litigation involving class members with disparate interests. Often these situations arise where a class is comprised of holders of different securities. *See, e.g., In re Cendant Corp. Litig.*, 182 F.R.D. 144, 149 (D.N.J. 1998)(conflict of interest required appointment of separate lead plaintiff to represent investors in derivative securities, known as "Feline Prides," to protect their interests); *Chill v. Green Tree Fin. Corp.*, 181 F.R.D. 398, 402 (D. Minn. 1998)(appointing separate lead plaintiffs and

The Honorable Deborah A. Batts
November 23, 2009
Page 2

counsel for options purchasers and securities purchasers); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. (1998).

Courts also often appoint more than one plaintiff where different plaintiffs have different claims to prove; for example, where some plaintiffs have Securities Act claims and others have Exchange Act claims. *See, e.g., In re In re Peregrine Sys., Inc. Sec. Litig.*, 02-cv-870-J (RBB), 2002 U.S. Dist. LEXIS 27690, *50 (N.D. Cal. Oct. 2, 2002); *In re Nanophase Techs. Corp. Litig.*, 98 C. 3450, 1999 U.S. Dist LEXIS 16171, *18019 (N.D. Ill. Sept. 30, 1999); *Miller v. Ventro Crop.*, No. C 01-01287 SBA, 2001 U.S. LEXIS 26027, 38 (N.D. Cal. Nov. 28, 2001).

Furthermore, the Court is required to insure that independent classes with conflicts are protected by subdivision and separate representation. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855, 144 L. Ed. 2d 715, 119 S. Ct. 2295 (1999); *Amchem Prods. v. Windsor*, 521 U.S. 591, 626-27, 138 L. Ed. 2d 689, 117 S. Ct. 2231 (1997).

While these cases present a unique set of circumstances, lead plaintiffs Berrie and New York Law School believe that Ariel investors should have their own representative that purchased an interest in Ariel and is best able to litigate claims and address defenses unique to those investors. While Abbey Spanier Rodd & Abrams, LLP is sensitive to the issues raised by the Court regarding duplication of efforts, we reiterate that we have worked with Wolf Haldenstein in many cases and never have encountered issues regarding division of labor and never have been criticized by any Court for duplication of effort or waste of resources. We refer the Court to these plaintiffs' submission dated July 24, 2009 which sets out methods for ensuring that the consolidated or coordinated cases are litigated in an efficient and non-duplicative manner.

It bears noting as well that Mr. Merkin, BDO Seidman and the funds themselves are each represented by separate law firms. Each of these defendants will file separate motions to dismiss that will proceed on the same briefing schedule. Under the circumstances, it is not inappropriate or wasteful to have more than one plaintiffs' firm laboring against what will likely be an onslaught of motions and intensive post-motion discovery. In fact, it is difficult to imagine why defendants' counsel would oppose the appointment of a separate lead plaintiff with separate counsel other than to attempt to obtain some strategic litigation advantage for their respective clients.

Respectfully,

Karin E. Fisch

ABBEY SPANIER RODD & ABRAMS, LLP

The Honorable Deborah A. Batts
November 23, 2009
Page 3

cc: via email:

SCHULTE ROTH & ZABEL, LLP
Eric A. Bensky, Esq.

DECHERT LLP
Andrew J. Levander, Esq.
Neil A. Steiner, Esq.

EDWARDS ANGELL PALMER & DODGE, LLP
Ira G. Greenberg, Esq.

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
Gregory M. Nespole, Esq.

POMERANTZ HAUDEK BLOCK GROSSMAN & GROSS
Marc I. Gross, Esq.