# K&L|GATES

K&L Gates LLP
925 Fourth Avenue
Suite 2900
Seattle, WA 98104-1158

T 206.623.7580    www.klgates.com

November 23, 2009

Honorable Deborah Batts
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *In re J. Ezra Merkin Capital Corp. Litigation*, No. 08 Civ 10922

Dear Judge Batts:

We represent several large investors in the Gabriel Fund, LP ("Gabriel Fund") and Ariel Fund Limited ("Ariel Fund"), namely Silver Creek Special Opportunities Holdings I, LLC, Silver Creek Special Opportunities Fund II, LP, Silver Creek Low Vol Strategies Holdings, LLC, Silver Creek Special Opportunities Cayman II, LP, and Silver Creek Low Vol Fund A, LLC. ("Silver Creek"). Collectively, Silver Creek funds had invested more than $158 million and $160 million in the Gabriel Fund and Ariel Fund, respectively. As such Silver Creek is a putative class member for both funds.

Silver Creek writes this letter in response to the Court's November 16, 2009 Order requesting interested persons' views as to whether the Court should revisit its April 6, 2009 and subsequent orders consolidating actions against the Gabriel Fund, Ariel Fund and the Ascot Fund Limited LP, and appoint a single law firm to represent lead plaintiff investors in both the Ascot Fund and the Gabriel Fund as class counsel. While we agree with Ariel Plaintiffs' Counsel that appointment of a single counsel to prosecute the Ariel Fund and Ascot Fund would be improper, we also believe there are evident and irreconcilable conflicts between claimants against the Gabriel Fund and Ascot Fund, such that investors in these two funds must also be separately represented.

Notwithstanding the Amended Class Complaint's allegations, the circumstances pertaining to the Ascot Fund and Gabriel Fund investors are very different. While approximately 30% of the assets in the Gabriel Fund were—unbeknownst to fund investors—invested through Bernard A. Madoff Investment Securities, LLC. ("BMIS"), all or substantially all of the Ascot Fund were invested in the BMIS investment program. Moreover, these funds had fundamentally and materially different stated investment strategies and the disclosures made to investors were accordingly very different.

New York Law School v. Ascot Partners, L.P. et al

Dockets.Justia.com

Publicly available soliciting documents employed by the Ascot Fund state that it was described as utilizing index arbitrage and options arbitrage, in which individual or baskets of securities are purchased and/or sold against related securities such as index options or individual stock options, including through third-party managers using managed accounts. This strategy specifically includes the "split strike conversion" strategy that was purported to be utilized by BMIS. Thus the investment in BMIS was not inconsistent with the stated investment strategy of the Ascot Funds. Similarly, the offering memorandum for the Ascot Fund expressly disclosed that assets were custodied with BMIS.

In contrast, the Gabriel Fund and Ariel Fund were purported to only invest in securities of companies undergoing bankruptcies or restructurings, that are distressed or which are undergoing extraordinary corporate transactions such as acquisitions, recapitalizations and spin offs. This is an investment strategy referred to as "distressed investing" and/or "risk arbitrage" and has nothing in common with index and options arbitrage and/or a split strike conversion strategy such as that used by BMIS. Moreover, unlike the Ascot Funds, no relationship with BMIS was ever disclosed to investors in the Gabriel Fund or Ariel Fund, and, indeed, the management of these funds took great pains to hide the relationship with BMIS from investors.

Given the profound difference in investment strategy between the Ascot Funds and the Gabriel and Ariel Funds, the marketing materials, investor reporting, offering memoranda, placement material, and partnership agreements were markedly different. Silver Creek also believes that, with respect to ongoing disclosures, there were not any common or joint disclosures made to both Gabriel and Ascot investors. In short, these are completely different funds, with profoundly different stated investment objectives, which are governed by different agreements, and where the investors for each fund received different disclosures.

In light of the above-referenced differences, investors in the Gabriel Fund and Ascot Fund lack sufficient typicality or commonality for a single class counsel to be appropriate. Any contemplated action centers around theories of a series of representations that were made to investors in the Merkin funds. Since the formal and informal representations made to investors are completely different—including the investment strategies, stated goals, relationship with BMIS and investment return—there is no conceivable manner that the Gabriel Fund and the Ascot Fund will be relying upon common evidence and claims. These differences are exasperated by the inherent conflicts between the investors in Gabriel Fund and Ariel Fund—i.e., both investors are seeking substantial recoveries where there could well be insufficient resources to satisfy all claims. Thus, there is not only a lack of common interests between the investors of these funds, there is the fact that economically these investor groups are competing against each other for any potential recovery.

Accordingly, Silver Creek believes it is in the best interest of the Gabriel Fund investors and the putative class in which it is a member not to be saddled with a law firm that also

represents investors in the Ascot Fund, and that Gabriel fund investors would be best served by their own separate counsel.

Silver Creek's submission of this letter is without prejudice with respect to any other issue raised in these cases, including whether proceeding by class action at all is in the best interest of investors in the Ariel and Gabriel funds.

Very truly yours,

K&L Gates LLP

By Richard A. Kirby /by Philip Guess
   Richard A. Kirby

cc: Service list via electronic delivery

K:\2040493\00050\21041_PMG\21041L22R8