USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/28/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

In re J. EZRA MERKIN AND BDO SIDEMAN          08 Civ. 10922 (DAB)
SECURITIES LITIGATION                              Related to:
                                              09 Civ. 6031 (DAB)
                                              09 Civ. 6483 (DAB)

------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

On April 6, 2009, the Court appointed Abbey Spanier Rodd & Abrams, LLP as lead counsel and appointed New York Law School and Scott Berrie as lead plaintiffs in the consolidated action "In re J. Ezra Merkin and BDO Sideman Securities Litigation, 08 Civ. 10922." On June 25, 2009, the Court consolidated the following actions for all purposes:

>   08 Civ. 10922 (DAB) In re J. EZRA MERKIN AND BDO SIDEMAN
>   SECURITIES LITIGATION;
>
>   09 Civ. 2001 (DAB) NEPHROLOGY ASSOCIATES, PC PENSION PLAN
>   and all others similarly situated v. ARIEL FUND LTD., et
>   al.;
>
>   09 Civ. 2688 (DAB) EQUAL INVESTMENTS LIMITED, individually
>   and on behalf of all others similarly situated v. J. EZRA
>   MERKIN and GABRIEL CAPITAL CORP.;
>
>   09 Civ. 4407 (DAB) JACOB E. FINKELSTEIN and all others
>   similarly situated v. ARIEL FUND LTD., et al.;[1]

---

[1] In September of 2009, the matters Croscill, Inc. et al. V. Gabriel Capital L.P. et al., 09 Civ. 6031 (DAB) and Morris Fuchs Holdings LLC v. Gabriel Capital, L.P. et al., 09 Civ. 6483 (DAB) were transferred to this Court and are now designated as related to the above-captioned action (In re J. Ezra Merkin and BDO Sideman Securities Litigation, 08 Civ. 10922 (DAB)).

In its June 25, 2009 Order, the Court invited all Plaintiffs wishing to seek or oppose any modification of the appointment of lead plaintiffs and lead counsel to submit a motion doing so. In that same Order, the Court stayed Defendants from answering until the resolution of the lead plaintiff(s) and counsel(s) issue and Plaintiffs were given the opportunity to file Amended Complaints.

On July 6, 2009, movant Jacob Finkelstein, CGM IRA Rollover Custodian ("Jacob Finkelstein"), sought to vacate the Court's Order of June 25, 2009, and appoint Jacob Finkelstein as lead plaintiff over the claims by the investors in Ariel Fund Ltd. ("Ariel Fund") and appoint Wolf Haldenstein Adler Freeman & Herz LLP as lead counsel. In its motion of July 24, 2009, lead plaintiffs New York Law School and Scott Berrie sought to confirm this Court's prior appointment of New York Law School and Scott Berrie as lead plaintiffs and Abbey Spanier LLP as lead counsel to represent investors for the funds Ascot Partners, LP ("Ascot Fund") and Gabriel Partners, LP ("Gabriel Fund").

By various letter requests, both the current lead plaintiffs, New York Law School and Scott Berrie, as well as the proposed additional lead plaintiff, Jacob Finkelstein (collectively, "Movants"), now jointly wish to be appointed together, as co-lead plaintiffs. New York Law School and Scott Berrie would be co-lead plaintiffs for the proposed class of

2

investors that invested with the Ascot and Gabriel Funds. Jacob Finkelstein would be a co-lead plaintiff for the proposed class of investors that invested with the Ariel Fund. The Movants also agree that Abby Spanier LLP should be co-lead counsel on behalf of New York Law School and Scott Berrie, and Wolf Haldenstein LLP would be co-lead counsel on behalf of Jacob Finkelstein. Defense Counsel to Defendants J. Ezra Merkin and Gabriel Capital Corporation, Dechert LLP ("Defense Counsel"), objects to the Movants' proposed appointment of multiple class representatives and multiple lead counsel.

The Movants argue that appointing co-lead plaintiffs and co-counsels will enable the parties to prosecute specific issues that are distinct between the Ariel plaintiffs and those issues of the Ascot and Gabriel plaintiffs. See, e.g., Wolf Haldenstein Letter, dated July 29, 2009. However, the Movants also argue that with respect to overlapping issues, the firms will work together to avoid duplication and any unnecessary cost to the Defendants, Classes and the Court. Id.

More specifically, the Movants argue that: (1) the Movants prefer that structure proposed here; (2) there is a conflict between the investors in the Ariel Fund on one hand and the Ascot and Gabriel Funds on the other hand because Defendant Merkin invested management fees earned from the Ascot Fund into the

Ariel Fund, which Merkin still has a 30% interest; (3) investors in the Ascot and Gabriel Funds do not have standing to assert claims on behalf of the investors in the Ariel Fund; (4) the Ascot and Gabriel Fund Plaintiffs do not have have an interest in the relief sought by the Ariel Fund class; (5) this Court has appointed co-lead plaintiffs and counsel in other actions; (6) intra-class conflicts should be addressed by independent or potential subclasses; and (7) the Ariel Fund is incorporated in the Caymen Islands, while the Ascot and Gabriel Funds are limited partnerships under Delaware law. See Wolf Haldenstein Letter, dated November 23, 2009.

Voluminous arguments by Movants notwithstanding, it does not make sense to appoint a separate lead plaintiff and class counsel in this case. The Ariel and Gabriel Funds generally invested in parallel, typically in the same investments. Dechert Letter, dated August 4, 2009. As a result of Bernard Madoff's fraud, the Ariel and Gabriel Funds each lost approximately 30% of their value, while the Ascot Fund was rendered virtually worthless. Id. A single receiver has been appointed for both the Ariel Fund and the Gabriel Fund. Id. In the context of the issues and claims in this case, the similarities between the Ascot Fund compared to the Ariel and Gabriel Funds vastly outweigh any differences.

Wolf Haldenstein argues that it would be an abuse of discretion to deny the Ariel Fund investors their own lead plaintiff and class counsel. However, Wolf Haldenstein's argument fails because the PSLRA does not require lead plaintiffs to have standing to assert all claims that may be made on behalf of all potential classes and subclasses of holders of different categories of securities. See Hevesi v. Citigroup, Inc., 366 F.3d 70, 82-83 (2d. Cir. 2004); see also In re Smith Barney, 2006 WL 991003, at *4 (S.D.N.Y. 2006). Vague notions of potential conflicts also are not adequate for requiring separate lead plaintiffs or counsel. As Defense Counsel has pointed out, the appointment of separate "niche" lead plaintiffs is unnecessary. See Dechert LLP Letter, dated November 23, 2009, citing In re Smith Barney Transfer Agent Litig., 2006 WL at *4; In re Doral Financial Corp. Sec. Litig., 414 F. Supp. 2d 398, 401 (S.D.N.Y. 2006); The Constance Sczesny Trust v. KPMG LLP, 223 F.R.D. 319, 325 (S.D.N.Y. 2004); Weinburg v. Atlas Air Worldwide Holdings, Inc., 216 F.R.D. 248, 253-54 (S.D.N.Y. 2003).

Indeed rejecting co-lead plaintiffs and counsel in this action better serves the interests of the investors in this case. The use of co-lead counsel(s) are likely to increase unnecessarily attorney's fees and expenses. In re Oxford Health Plans, Inc. Securities Litigation, 182 F.R.D. 42 (S.D.N.Y. 1998).

Cost consideration is important here, given that the potential recovery available to the Plaintiffs could be severely limited as a result of the massive Madoff fraud alleged. Finally, both proposed co-lead counsels are respected and sophisticated law firms that regularly practice securities litigation before this Court. The Court, therefore, has every confidence in the ability of each law firm to represent all investors competently.

Accordingly, the Court's June 25, 2009 Consolidation Order is HEREBY MODIFIED to the extent as follows and it is ORDERED that:

(1) Movants New York Law School and Scott Berrie are HEREBY APPOINTED as Lead Plaintiffs in the above-captioned action, on behalf of all investors;

(2) Abbey Spanier Rodd and Abrams LLP is HEREBY APPOINTED Lead Counsel in the above captioned action on behalf of Lead Plaintiffs New York Law School and Scott Berrie;

(3) Movant Jacob Finkelstein's request to be appointed co-lead plaintiff and its counsel Wolf Haldenstein Adler Freeman & Herz LLP be appointed co-lead counsel is HEREBY DENIED;

(4) Plaintiffs shall file a Consolidated Amended Complaint within 30 days of the date of this Order;

(5) Defendants shall move or answer within 30 days after the filing of the Consolidated Amended Complaint;

(6) Upon motion of any party, any other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified case shall be consolidated for all purposes with the current lead plaintiff and lead counsel structure, if and when they are brought to the Court's attention.

SO ORDERED.

Dated: New York, New York

January 28, 2010

*Deborah A. Batts*
Deborah A. Batts
United States District