Ira G. Greenberg
Florence A. Crisp
EDWARDS WILDMAN PALMER LLP
Attorneys for Defendants BDO USA, LLP
  f/k/a BDO Seidman, LLP,
  BDO Cayman Islands, and BDO Limited
750 Lexington Avenue, 8th floor
New York, NY  10022
(212) 308-4411


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

                                                  No. 08 Civ. 10922 (DAB)

J. EZRA MERKIN AND BDO SEIDMAN
SECURITIES LITIGATION.
------------------------------------------------------------ x
CROSCILL, INC., et al.,

       Plaintiffs,                          No. 09 Civ. 6031 (DAB)

   versus

GABRIEL CAPITAL, L.P., et al.,

       Defendants.
------------------------------------------------------------x
MORRIS FUCHS HOLDINGS, LLC,

       Plaintiff,

   versus                                     No. 09 Civ. 6483 (DAB)

GABRIEL CAPITAL, L.P., et al.,

       Defendants.
------------------------------------------------------------x


BDO DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

PRV 1163854.8

Plaintiffs' rule 59(e) motions do nothing more than reargue issues that the Court fully addressed but that plaintiffs wish this Court had resolved in their favor.  The motions should be denied.

A.	Rule 59(e) Standard

"The standards governing a motion to alter or amend judgment pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same."  Word v. Croce, No. 00 Civ. 6496, 2001 WL 755394, at * 2 (S.D.N.Y.).  That standard "is strict," Shrader v. CSC Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), and granting a motion for reconsideration "is appropriate only where the movant demonstrates that the Court has overlooked controlling decisions or factual matters that were put before it on the underlying motion ... and which, had they been considered, might have reasonably altered the result before the court."  Range Road Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000).

A motion for reconsideration is not one in which a party may reargue "those issues already considered when a party does not like the way the original motion was resolved."  In re Houbigant, Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).  Further, parties "may not address facts, issues or arguments not previously presented to the Court," U.S. Titan v. Guangzhou Zhen Hua Shipping Co., Ltd., 182 F.R.D. 97, 100 (S.D.N.Y.1998) (citations omitted), because a motion to reconsider should never act "as a substitute for appealing from a final judgment." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 170 F.R.D. 111, 113 (S.D.N.Y. 1997) (citation omitted).

-2-

### B. This Court Did Not Overlook Controlling Decisions or Facts

Plaintiffs' motion does not point to a single controlling decision that this Court did not consider. Rather, it rehashes the arguments previously presented in opposition to the motions to dismiss.

With respect to Martin Act preemption, this Court expressly noted that recent cases have expressed disagreement with Martin Act preemption but concluded that Castellano v. Young & Rubicam, 257 F.3d 171, 190 (2d Cir. 2001), still controls. In re J. Ezra Merkin & BDO Sec. Litig., No. 08 Civ. 10922, 2011 WL 4435873, at *13, *14 n.15 (S.D.N.Y.)

With respect to SLUSA's preemption of state law claims, the Court rejected plaintiffs' argument that the alleged fraudulent statements were not made "in connection with" a covered security as required by SLUSA. In re J. Ezra Merkin & BDO Sec. Litig., 2011 WL 4435873, at *11. Compare Plaintiffs' Memorandum of Law In Support of Plaintiffs' Motion Pursuant to Rule 59(e) to Alter or Amend the Judgment, at 10-12, with Plaintiffs' Memorandum of Law in Opposition to Defendants J. Ezra Merkin and Gabriel Capital Corporation's Motion to Dismiss,[1] at 37-39, 39 n.32.

With respect to scienter, the Court found lacking both the factual allegations that plaintiffs made in the third amended complaint and the purportedly

---

[1] The arguments made by Plaintiffs in their memorandum of law opposing the motion to dismiss of defendants J. Ezra Merkin and Gabriel Capital Corporation were incorporated fully by reference into Plaintiffs' Opposition to the Motion of Defendant BDO Seidman, LLP [now known as BDO USA, LLP] to Dismiss (at 1) and into Plaintiffs' Opposition to the Motion of Defendants BDO Tortuga [now known as BDO Cayman Islands] and BDO Limited to Dismiss (at 1). Thus, those arguments apply to BDO USA, LLP, BDO Cayman Islands, and BDO Limited.

"new" facts plaintiffs brought to the Court's attention in their April 29, 2011, letter. In re J. Ezra Merkin & BDO Sec. Litig., 2011 WL 4435873, at *9-12, *14 n.11, *14 n.12.

What the motion for reconsideration does not address, even to rehash an old argument, is this Court's dismissal of the federal securities fraud claims against defendants BDO Cayman Islands and BDO Limited based on Morrison v. National Australia Bank Ltd., 130 S. Ct. 2869, 2884 (2010). In re J. Ezra Merkin & BDO Sec. Litig., 2011 WL 4435873, at *14 n.10. For this reason alone, the motion to alter or amend with respect to the foreign defendants should be denied.

The BDO defendants advanced a number of other arguments supporting dismissal that this Court did not reach. Those included the lack of sufficient allegations of a purchase and sale and of reliance (Exchange Act claims); plaintiffs' lack of standing to assert their state law claims; and each of the state law claims' failure to allege at least one required element. Should this Court grant plaintiffs' motion to alter or amend the judgment, the Court should consider and rule on those arguments before granting leave to amend.

### C. This Court Has Already Held that Amendment Would Be Futile

"A party seeking to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rule 59(e) or 60(b)." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing National Petro-chemical Co. v. M/T Stolt Sheaf, 930 F.2d 240, 244–45 (2d Cir. 1991)). Thus, the motion to amend should be moot. In any event, this Court has already considered and rejected plaintiffs' request for leave to file a fifth amended complaint. In re J. Ezra Merkin & BDO Sec.

Litig., 2011 WL 4435873, at *13.  Accordingly, plaintiffs' motion to alter or amend the judgment should be denied.

Dated: New York, NY
November 22, 2011

Respectfully submitted,

/s/_____
Ira G. Greenberg
 (igreenberg@edwardswildman.com)
Florence A. Crisp
 (fcrisp@edwardswildman.com)
EDWARDS WILDMAN PALMER LLP
Attorneys for Defendants BDO USA, LLP,
 f/k/a BDO Seidman, LLP,
 BDO Cayman Islands, and BDO Limited
750 Lexington Avenue, 8th floor
New York, NY  10022
(212) 308-4411