UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>J. EZRA MERKIN AND BDO SEIDMAN<br>SECURITIES LITIGATION | No. 08 Civ. 10922 (DAB) |
| CROSCILL INC., et al.,<br><br>      Plaintiffs,<br><br>   -against-<br><br>GABRIEL CAPITAL, L.P. et al.,<br><br>      Defendants. | No. 09 Civ. 6031 (DAB) |
| MORRIS FUCHS HOLDINGS, LLC<br><br>     Plaintiff,<br><br>   -against-<br><br>GABRIEL CAPITAL, L.P. et al.,<br><br>      Defendants. | No. 09 Civ. 6483 (DAB) |

**MEMORANDUM OF LAW OF DEFENDENTS
J. EZRA MERKIN AND GABRIEL CAPITAL CORPORATION
IN OPPOSITION TO PLAINTIFFS'
MOTION PURSUANT TO RULE 59(e) TO ALTER OR AMEND THE JUDGMENT**

Dechert LLP
1095 Avenue of the Americas
New York, New York  10036
212-698-3500

14266374

## Table of Contents

Table of Authorities ........................................................................................................ ii

Preliminary Statement ..................................................................................................... 1

Background .................................................................................................................... 3

Argument ....................................................................................................................... 4

POINT I
THE COURT DID NOT OVERLOOK
ANY CONTROLLING LAW OR RELEVANT FACTS ................................................ 6

    A.    The Court Correctly Concluded That The Martin Act
        Preempts Plaintiffs' Non-Fraud Common Law Claims ........................................ 6

    B.    The Court Correctly Concluded That SLUSA Preempts Plaintiffs' Common
        Law Fraud, Negligent Misrepresentation and Fraudulent Concealment Claims .... 9

    C.    The Court Properly Dismissed the Section 10(b) Claim ...................................... 11

POINT II
LEAVE TO AMEND WAS PROPERLY DENIED
BECAUSE AMENDMENT WOULD BE FUTILE ....................................................... 13

Conclusion ................................................................................................................... 15

14266374

# **TABLE OF AUTHORITIES**

CASES

*Adebiyi v. Yankee Fiber Control, Inc.*,
   705 F. Supp. 2d 287 (S.D.N.Y. 2010).....................................................................7

*Anwar v. Fairfield Greenwich Ltd.*,
   728 F. Supp. 2d 354 (S.D.N.Y. 2010) ("*Anwar I*") .............................................9

*Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt.*,
   No. 603755/08..........................................................................................................7

*Barron v. Igolnikov*,
   No. 09-cv-4471, 2010 WL 882890 (S.D.N.Y. Mar. 10, 2010).....................6, 8, 11

*Barron v. Igolnikov*,
   No. 10-1387 (2d Cir. filed Apr. 14, 2010 and argued Mar. 1, 2011)......................11

*Beljakovic v. Melohn Properties, Inc.*,
   542 F. Supp. 2d 238 (S.D.N.Y. 2005).................................................................5, 10

*Bellikoff v. Eaton Vance Corp.*,
   481 F.3d 110 (2d Cir. 2007)...................................................................................15

*Carolco Pictures, Inc. v. Sirota*,
   700 F. Supp. 169 (S.D.N.Y. 1988) ..........................................................................5

*Castellano v. Young & Rubicam*,
   257 F.3d 171 (2d Cir. 2001)..........................................................................1, 6, 8

*Cave v. E. Meadow Union Free Sch. Dist.*,
   514 F.3d 240 (2d Cir. 2008)......................................................................................3

*Cowen & Co. v. Tecnoconsult Holdings Ltd.*,
   No. 96-cv-3748, 1996 WL 391884 (S.D.N.Y. July 11, 1996)...................................7

*CPC Int'l Inc. v. McKesson Corp.*,
   70 N.Y.2d 268, 514 N.E.2d 116 (1987).....................................................................6

*Euro Trust Trading S.A. v. Uralsib Ins. Group*,
   No. 09-cv-4712 (RJH), 2009 WL 5103217 (S.D.N.Y. Dec. 23, 2009) ....................7

*Falkowski v. Imation Corp.*,
   309 F.3d 1123 (9th Cir. 2002), *amended by* 320 F.3d 905 (9th Cir. 2005) ............10

*Hartwell v. Guardian Serv. Indus. Inc.*,
   No. 10-cv-4189, 2011 WL 1044868 (S.D.N.Y. Mar. 10, 2011) (Batts, J.) ...... 13-14

ii

*In re Bayou Hedge Fund Litig.,*
    534 F. Supp. 2d 405 (S.D.N.Y. 2007), *aff'd on other grounds, South Cherry Street,*
    573 F.3d 98 ....................................................................................................8

*In re Beacon Assocs. Litig.,*
    745 F. Supp. 2d 386 (S.D.N.Y. 2010)........................................................ 10-11, 14

*In re M/V Rickmers Genoa Litig.,*
    643 F.Supp.2d 553 (S.D.N.Y. 2009)...........................................................9

*In re Merkin & BDO Sec. Litig.,*
    No. 08-10922, 2011 WL 4435873 (S.D.N.Y. Sept. 23, 2011) ....................... passim

*In re Tremont Secs. Law, State Law & Ins. Litig.,*
    No. 09-md-2052, 2010 WL 1257580 (S.D.N.Y. Mar. 30, 2010) .........................6, 8

*Info. Superhighway, Inc. v. Talk Am., Inc.,*
    No. 03 Civ. 1995, 2003 WL 22705132 (S.D.N.Y. Nov. 17, 2003) .........................13

*Jain v. Secs. Indus. & Fin. Mkts. Ass'n,*
    No. 08-cv-6463, 2009 WL 4059171 (S.D.N.Y. Nov. 18, 2009) (Batts, J.) .........................5, 13

*Kassover v. UBS AG,*
    619 F. Supp. 2d 28 (S.D.N.Y. 2008).............................................................8

*Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship,*
    12 N.Y.3d 236, 906 N.E.2d 1049 (2009)..........................................................6

*LaSala v. Lloyds TSB Bank, PLC,*
    514 F. Supp. 2d 447 (S.D.N.Y 2007)............................................................10

*Levinson v. PSCC Servs., Inc.,*
    No. 3:09-cv-269, 2009 WL 5184363 (D. Conn. Dec. 23, 2009) .............................11

*Makas v. Orlando,*
    No. 06-cv-14305, 2008 WL 1985407 (S.D.N.Y. May 6, 2008) (Batts, J.)................3

*Mason v. Hann,*
    No. 01-cv-523, 2011 WL 744798 (S.D.N.Y. Feb. 28, 2011) (Batts, J.) ................4, 6

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit,*
    547 U.S. 71 (2006).........................................................................2, 11

*National Petrochemical Co. of Iran v. M/T Stolt Sheaf,*
    930 F. 2d 240 (2d Cir. 1991.)..................................................................5

*Newman v. Family Mgmt. Corp.,*
    748 F. Supp. 2d 299 (S.D.N.Y. 2010)...........................................................10

iii

*Olkey v. Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2 (2d Cir. 1996) ...........................12

*Pahuta v. Massey-Ferguson,*
   170 F.3d 125 (2d Cir.1999).......................................................................... 7-8

*Pasha v. William M. Mercer Consulting, Inc.,*
   No. 00-cv-8362, 2004 WL 1474694 (S.D.N.Y. June 30, 2004),
   *aff'd*, 135 F. App'x 489 (2d Cir. 1995).......................................................13

*People v. Merkin,*
   Index No. 450879/2009 (Sup. Ct. N.Y. County) .......................................6

*Pro Bono Invs., Inc. v. Gerry,*
   No. 03-cv-4347, 2005 WL 2429787 (S.D.N.Y. Sept. 30, 2005) .......................... 8-9

*Range Road Music, Inc. v. Music Sales Corp.,*
   90 F. Supp. 2d 390 (S.D.N.Y. 2000)...........................................................5

*South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98 (2d Cir. 2009) ..................... 12-13

*Sprint PCS L.P. v. Connecticut Sitting Council,*
   222 F.3d 113 (2d Cir. 2000)........................................................................7

*State Trading Corp. v. Assuranceforeningen Skuld,*
   921 F.2d 409 (2d Cir. 1990)......................................................................15

*Stephenson v. Citco Group Ltd.,*
   No. 09-cv-716, 2010 WL 1244007 (S.D.N.Y. Apr. 1, 2010) ......................8

*West v. American Telephone & Telegraph Co.,*
   311 U.S. 223 (1940)...................................................................................7

*Wolff Living Trust v. FM Multi-Strategy Inv. Fund,*
   LP, No. 09-cv-1540, 2010 WL 4457322 (S.D.N.Y. Nov. 2, 2010).........................10

**STATUTES**

28 U.S.C. § 1367(c)(3)..................................................................................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 59(e) ............................................................ passim

## **Preliminary Statement**

Defendants J. Ezra Merkin ("Merkin") and Gabriel Capital Corporation ("GCC," and collectively "Defendants") respectfully submit this memorandum of law in opposition to the motion of Plaintiffs New York Law School ("NYLS"), Scott Berrie ("Berrie"), Jacob E. Finkelstein CGM IRA Rollover Custodian ("Finkelstein"), and Nephrology Associates PC Pension Plan ("Nephrology"), joined by Plaintiffs Croscill, Inc., Florence Kahn Weinberg Intervivos Trust, Douglas J. Kahn 2008 Family Trust, and David Kahn 2008 Family Trust (collectively, "Croscill"), and Morris Fuchs Holdings, LLC ("Fuchs" and collectively "Plaintiffs"), pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend this Court's opinion and judgment dismissing the Third Amended Complaint in its entirety (the "Motion").

Plaintiffs ask this Court to revisit and reconsider its opinion and order dated September 23, 2011 (the "Opinion"), and the resulting judgment entered September 27, 2011 ("Judgment"), even though Plaintiffs do not and cannot identify any controlling law or relevant facts purportedly overlooked by the Court in its thorough and well-reasoned forty-page Opinion. Nor is there any merit to Plaintiffs' request for leave to amend their allegations a *fifth* time because Plaintiffs' proposed Fifth Amended Complaint does not, indeed cannot, cure the fatal defects that led to dismissal of all of their claims. As demonstrated below, Plaintiffs do not come close to meeting the high standard for a motion for reconsideration or for relief from judgment.

First, Plaintiffs' argument that the Court should reconsider its ruling that their non-fraud common law claims are preempted by the Martin Act should be rejected because Plaintiffs do not point to any controlling law that was overlooked. The Court properly followed the Second Circuit precedent of *Castellano v. Young & Rubicam, Inc.*, 275 F.3d 171 (2d Cir. 2001), as have the vast majority of courts in this District. The supposedly "overlooked" cases on which

1

Plaintiffs rely are not remotely on point – none involved binding authority from a federal court of appeals. Plaintiffs' suggestion that this Court should have ignored Second Circuit precedent and instead followed the decisions of certain New York intermediate appellate courts has no basis in law and certainly does not constitute grounds for reconsideration.

Plaintiffs' motion for reconsideration of the Court's holding that the fraud-based common law claims are preempted by SLUSA likewise should be denied because Plaintiffs do not point to any controlling precedent that the Court ignored. At base, Plaintiffs disagree with the Court's application of the Supreme Court case of *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71 (2006). Such disagreement is nothing new. Indeed, Plaintiffs merely repeat here the exact same argument they made in their opposition to Defendants' motion to dismiss. The Court already considered and rejected that argument. Accordingly, reconsideration must be denied.

Plaintiffs also seek reconsideration of the Court's dismissal of their Section 10(b) claim, arguing that the Court overlooked certain allegations. But the allegations that Plaintiffs cite were not disregarded. To the contrary, the Opinion specifically addressed, carefully considered and rejected those allegations. For example, Plaintiffs contend that the Court ignored various isolated provisions of the offering memoranda at issue. In fact, the Opinion shows that the Court considered and evaluated the offering memoranda as a whole, and properly concluded that the offering memoranda did not contain a material misrepresentation or omission as a matter of law. Not only did the Court examine the provisions that Plaintiffs contend were overlooked – none of the allegations could conceivably revive Plaintiffs' Section 10(b) claim. Nor do Plaintiffs offer any new evidence or overlooked authority that would alter the Court's correct conclusion that Defendants did not act with scienter.

2

Finally, the Court properly dismissed the allegations with prejudice, and Plaintiffs should not be permitted to amend their Section 10(b) claim yet a fifth time. Post-judgment leave to amend can only be granted after judgment has been vacated or set aside. As demonstrated below, Plaintiffs fall far short of establishing that the Judgment should be altered. Moreover, Plaintiffs' proposed Fifth Amended Complaint does not include any allegations that would cure the fatally flawed Section 10(b) claim. Accordingly, Plaintiffs' Motion should be denied in its entirety.

### Background

On June 18, 2010, Plaintiffs filed their Third Amended Complaint ("TAC"),[1] asserting claims for violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, common law fraud, fraudulent concealment, negligent misrepresentation, breach of fiduciary duty, gross negligence and unjust enrichment, based on their investments in Ascot Partners, L.P., Gabriel Capital, L.P., and Ariel Fund, Ltd. (collectively, the "Funds").[2] Plaintiffs alleged that Defendants made material misrepresentations and omitted material information concerning the

---

[1] The parties' briefs on the motion to dismiss, as well as the Opinion, refer to the Third Amended Complaint as the operative complaint. On December 20, 2010, Plaintiffs amended the complaint to alter the definition of the class. In all other respects, the Third and Fourth Amended Complaints are identical. Plaintiffs' Motion therefore cites to the Third Amended Complaint, and this opposition brief does as well.

[2] Certain Plaintiffs also alleged claims for breach of contract against Defendants, which were dismissed without prejudice because the Court appropriately declined to exercise supplemental jurisdiction over the state law claims upon dismissal of the federal securities law claims. Even if the other state law claims were not preempted by the Martin Act and/or SLUSA (which they are), supplemental jurisdiction over those claims should likewise be declined. *See* 28 U.S.C. § 1367(c)(3); *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (holding that the district court should not exercise supplemental jurisdiction over state law claims after federal claims were dismissed); *Makas v. Orlando*, No. 06-cv-14305, 2008 WL 1985407, at *8 (S.D.N.Y. May 6, 2008) (Batts, J.) ("A district court will decline to exercise supplemental jurisdiction over state law claims when it has dismissed all of the claims over which it has original jurisdiction.").

Funds investments with Bernard L. Madoff (collectively with Bernard L. Madoff Investment

Securities "Madoff") and failed to conduct adequate due diligence on Madoff.

On September 23, 2011, the Court issued the Opinion, dismissing all claims in the class

action with prejudice because the TAC failed to state a claim for violation of Sections 10(b) or

20(a) and because the common law claims were preempted by the Martin Act or SLUSA.  In

dismissing Plaintiffs' Section 10(b) claim, the Court held that when the Funds' offering

memoranda were read as a whole, as they must be, "it is clear there was no actual

misrepresentation by Defendants as to Defendant Merkin's commitment to the Funds." *In re*

*Merkin & BDO Sec. Litig.*, No. 08-cv-10922, 2011 WL 4435873, at *7 (S.D.N.Y. Sept. 23,

2011).  This Court also dismissed the Section 10(b) claim for the independent reason that the

TAC failed to allege scienter. *Id.* at *8-9.  The Court concluded that Merkin's fees were similar

to fees charged by other hedge funds and not unreasonable, and explained that "Merkin's

significant personal exposure to Madoff's fraud also belies any inference of intent." *Id.*

The Court dismissed the common law fraud, negligent misrepresentation and fraudulent

concealment claims as preempted by SLUSA, and dismissed the breach of fiduciary duty, gross

negligence and unjust enrichment claims as preempted by the Martin Act. *Id.* at *9-13.

Plaintiffs filed the instant Motion for Reconsideration pursuant to Federal Rule of Civil

Procedure 59(e) on October 25, 2011.

## Argument

"Reconsideration of a court's previous order is an extraordinary remedy to be employed

sparingly in the interests of finality and conservation of scarce judicial resources." *Mason v.*

*Hann*, No. 01-cv-523, 2011 WL 744798, at *1 (S.D.N.Y. Feb. 28, 2011) (Batts, J.) (internal

quotation marks and citations omitted).  A party may not use motions for reconsideration to

"address facts issues, or arguments not previously presented to the court," or to "reargue those

4

issues already considered." *Id.* (internal quotation marks and citations omitted). Rather, "[t]o succeed on a motion for reconsideration, the moving party must demonstrate controlling law or a factual matter before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." *Beljakovic v. Melohn Props., Inc.*, 542 F. Supp. 2d 238, 244 (S.D.N.Y. 2006) (internal quotation marks and citation omitted).

The standard for granting a motion for reconsideration "must be narrowly construed and strictly applied . . . to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range R. Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000). The strict standard is intended "to ensure the finality of decisions and to prevent the practice of a losing party . . . plugging the gaps of a lost motion with additional matters." *Carolco Pictures Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (internal quotation marks and citation omitted).

"A party seeking to file an amended complaint post judgment," as Plaintiffs do here, "must first have the judgment vacated or set aside pursuant to Rule 59(e) or 60(b)." *Jain v. Secs. Indus. & Fin. Mkts. Ass'n*, No. 08-cv-6463, 2009 WL 4059171, at *2 (S.D.N.Y. Nov. 18, 2009) (Batts, J.) (quoting *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008)). Unless a court sets aside the judgment, "it would be contradictory to entertain a motion to amend the complaint." *National Petrochemical Co. v. M/T Stolt Sheaf*, 930 F. 2d 240, 245 (2d Cir. 1991.) "The merit of this approach is that '[t]o hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation.'" *Id.* (citation omitted).

5

Tellingly, Plaintiffs' memorandum of law neither acknowledges the high threshold applicable to the Motion nor identifies controlling law or relevant facts allegedly overlooked by the Court in the Opinion. The Motion does nothing more than "reargue those issues already considered" by the Court, and should therefore be denied. *Mason*, 2011 WL 744798, at *1.

## POINT I

### THE COURT DID NOT OVERLOOK ANY CONTROLLING LAW OR RELEVANT FACTS

A.     The Court Correctly Concluded That The Martin Act
       Preempts Plaintiffs' Non-Fraud Common Law Claims

The Court properly determined that Plaintiffs' claims for breach of fiduciary duty, gross negligence, and unjust enrichment are preempted by the Martin Act. *See Castellano*, 257 F.3d at 190. The Martin Act gives the New York Attorney General exclusive enforcement authority, and does not give rise to a private right of action. *See CPC Int'l Inc. v. McKesson Corp.*, 70 N.Y.2d 268, 276-77 (1987); *see also Kerusa Co. v. W10Z/515 Real Estate Ltd. P'ship*, 12 N.Y.3d 236, 244-47 (2009). As a result, the Martin Act preempts non-fraud common law claim arising from the purchase or sale of securities. *See Castellano*, 257 F.3d at 190 (concluding that plaintiff's "claim under New York state law for breach of fiduciary duty . . . is barred by the Martin Act . . . ."). That the New York Attorney General brought Martin Act claims on behalf of the instant plaintiffs only underscores the rationale for Martin Act preemption in this case. *See People v. Merkin*, Index No. 450879/2009 (Sup. Ct. N.Y. Cnty.); *see also Barron v. Igolnikov*, No. 09-cv-4471, 2010 WL 882890, at *6 (S.D.N.Y. Mar. 10, 2010) (granting motion to dismiss on ground of Martin Act preemption based on, *inter alia*, the New York Attorney General's action on behalf of Ascot, Gabriel and Ariel investors); *In re Tremont Secs. Law, State Law & Ins. Litig.*, 703 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2010).

6

Plaintiffs nevertheless argue that the Court should have followed the intermediate appellate courts of the state of New York instead of the Second Circuit. Plaintiffs are wrong. "Even on issues of state law," district courts within the Second Circuit are "bound by Second Circuit precedent." *Euro Trust Trading S.A. v. Uralsib Ins. Group*, No. 09-cv-4712 (RJH), 2009 WL 5103217, at *1 (S.D.N.Y. Dec. 23, 2009); *accord Adebiyi v. Yankee Fiber Control, Inc.*, 705 F. Supp. 2d 287, 291 (S.D.N.Y. 2010) (rejecting defendant's interpretation of a New York Court of Appeals decision, because "[t]his reading . . . has been soundly rejected by the United States Court of Appeals for the Second Circuit, which is binding authority on this Court"). Indeed, only a "more recent decision regarding New York law from the New York Court of Appeals would trump an earlier decision from the Second Circuit . . ." *Adebiyi*, 705 F. Supp. 2d at 291 n.4; *accord Cowen & Co. v. Tecnoconsult Holdings Ltd.*, No. 96-cv-3748, 1996 WL 391884, at *4 n.3 (S.D.N.Y. July 11, 1996) ("Although this Court may look to lower court decisions for guidance on questions of state law, this Court is bound only by decisions by the New York Court of Appeals and the Court of Appeals for the Second Circuit."). Unless and until the New York Court of Appeals rules on Martin Act preemption,[3] this Court is bound by Second Circuit precedent, which it properly followed. *See In re Merkin*, 2011 WL 4435873 at *13 ("[T]he New York Court of Appeals has *not* examined this specific issue, and this Court remains bound to apply the result in the only Second Circuit case that has addressed this subject: *Castellano*[.]") (emphasis in original).

Plaintiffs' reliance on *West v. American Telephone & Telegraph Co.*, 311 U.S. 223 (1940), *Sprint PCS L.P. v. Connecticut Sitting Council*, 222 F.3d 113 (2d Cir. 2000), and *Pahuta*

---

[3]     As Plaintiffs note, the Court of Appeals heard argument in *Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt.*, No. 603755/08, on November 15, 2011. The outcome of that appeal will be binding on this Court on the question of Martin Act preemption.

*v. Massey-Ferguson, Inc.*, 170 F.3d 125 (2d Cir.1999) is misplaced.  Far from being "controlling," none of these cases even involves Second Circuit precedent.  Rather, these cases addressed district courts tasked with interpreting state law in the absence of guidance from the United States Courts of Appeals, in other words in the absence of a case like *Castellano*.  These cases thus do not support Plaintiffs' contention that a Court in the Southern District of New York should ignore Second Circuit precedent in favor of the decisions of intermediate state appellate courts.  Where, as here, there is binding authority from the federal court of appeals, a federal district court must apply that authority – precisely what this Court did.

Indeed, this Court joined the overwhelming majority of Courts in this District in following *Castellano* and holding that the Martin Act preempts non-fraud common law claims. *See Stephenson v. Citco Group Ltd.*, No. 09-cv-716, 2010 WL 1244007, at *13-14 (S.D.N.Y. Apr. 1, 2010) (dismissing breach of fiduciary duty, gross negligence, and negligence claims against administrator of Madoff feeder "fund of funds" as preempted by Martin Act); *In re Tremont*, 703 F. Supp. 2d at 372-73 (dismissing non-fraud common law claims against auditors of Madoff feeder fund as preempted by Martin Act); *Barron*, 2010 WL 882890, at *5-6 (dismissing breach of fiduciary duty, gross negligence, and unjust enrichment claims against administrator of funds that invested with Madoff, including through Ascot, as preempted by Martin Act); *Kassover v. UBS AG*, 619 F. Supp. 2d 28, 36-39 (S.D.N.Y. 2008) (dismissing breach of fiduciary duty, negligent misrepresentation, and negligence claims as preempted by Martin Act); *In re Bayou Hedge Fund Litig.*, 534 F. Supp. 2d 405, 421-22 (S.D.N.Y. 2007) (dismissing breach of fiduciary duty claim based on alleged failure to conduct due diligence as preempted by the Martin Act), *aff'd on other grounds*, *South Cherry St., LLC v. Hennessee Group LLC*, 573 F.3d 98 (2d Cir. 2009); *Pro Bono Invs., Inc. v. Gerry*, No. 03-cv-4347, 2005

8

WL 2429787, at *1, *16 (S.D.N.Y. Sept. 30, 2005) (holding breach of fiduciary duty, unjust enrichment, gross negligence, and negligent misrepresentation claims preempted by Martin Act). In fact, the Court explained that it had surveyed and considered the conclusions of other Courts in this District on the issue of Martin Act preemption. *See also In re Merkin*, 2011 WL 4435873, at *12 ("The vast majority of courts in this district have held that the Martin Act preempts New York state law claims brought by investors seeking to recover losses related to the Madoff scandal.") (citing cases).  Thus, contrary to Plaintiffs' assertion, the Court did not rely "solely" on Castellano.  (Pl. Br. at 8.)

In the face of this overwhelming authority, Plaintiffs point to *Anwar* as the only Court in this District to hold that the Martin Act does not preempt the non-fraud common law securities claims.  *See Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 354 (S.D.N.Y. 2010) ("*Anwar I*").  But the Court expressly considered and rejected *Anwar I*, and Plaintiffs do not identify any new law on the subject.  *See In re Merkin*, 2011 WL 4435873, at *13.  Plaintiffs' attempt to revisit the Court's conclusion on Martin Act preemption should therefore be rejected.  *In re M/V Rickmers Genoa Litig.*, 643 F. Supp. 2d 553, 555 (S.D.N.Y. 2009) ("A party may not relitigate an already decided issue on a motion for reconsideration[.]").  Plaintiffs do not point to any change in law since the Opinion, nor do they identify any controlling law that was overlooked. Accordingly, reconsideration should be denied.

B.    The Court Correctly Concluded That SLUSA Preempts Plaintiffs'
      Common Law Fraud, Negligent Misrepresentation and Fraudulent Concealment Claims

As explained in the Opinion, Plaintiffs' fraud-based claims meet the four statutory requirements for SLUSA preemption.  Consequently, those claims were properly dismissed.  *See In re Merkin*, 2011 WL 4435873, at 12.  Plaintiffs' only argument is that the transactions at issue fail the fourth requirement – that the alleged wrongdoing was "in connection with the purchase

9

or sale of a covered security." The Court properly applied *Merrill Lynch* and concluded, as have

the majority of courts in this District, that the alleged misrepresentations and omissions were "in

connection with the purchase or sale of a covered security" because the Funds invested with

Madoff, who in turn purported to buy and sell covered securities. *Id.* ("This pass-through

investment to Madoff 'coincided' with a securities transaction.")

Plaintiffs now repackage the exact same argument that they previously put before the

Court – that because they purchased shares in hedge funds, as opposed to shares listed on a

national exchange, their action is not "in connection with" a covered security under SLUSA.

The Court already considered and rejected Plaintiffs' argument. *See In re Merkin*, 2011 WL

4435873, at *11 ("Plaintiffs argue that SLUSA does not reach their claims because they

purchased shares in the Funds, rather than any covered securities within the meaning of

SLUSA."). Plaintiffs utterly fail to point to law or facts that might reasonably be expected to

alter the conclusion on SLUSA preemption reached by the Court.[4]   Reconsideration thus should

be denied. *See Beljakovic*, 542 F. Supp. 2d at 244.

Indeed, Courts in this District have nearly universally held that SLUSA preempts claims

alleging that hedge fund managers improperly invested fund assets with Madoff or failed to

disclose Madoff's role to investors. *See Wolff Living Trust v. FM Multi-Strategy Inv. Fund, LP*,

No. 09-cv-1540, 2010 WL 4457322, at *3 (S.D.N.Y. Nov. 2, 2010); *Newman v. Family Mgmt.

Corp.*, 748 F. Supp. 2d 299, 313 (S.D.N.Y. 2010); *In re Beacon Assocs. Litig.*, 745 F. Supp. 2d

---

[4]     The only cases Plaintiffs cite that were not cited in their motion to dismiss briefing are a 2002
case from the Ninth Circuit, *Falkowski v. Imation Corp.*, 309 F.3d 1123 (9th Cir. 2002), *amended
by* 320 F.3d 905 (9th Cir. 2003), and a 2007 case from this District, *LaSala v. Lloyds TSB Bank,
PLC*, 514 F. Supp. 2d 447 (S.D.N.Y 2007). Neither case supports Plaintiffs' narrow reading of
the "in connection with" requirement for SLUSA preemption. In *Falkowski*, the Court
determined that the "in connection with" requirement was met, and in *LaSala*, the "in connection
with" requirement was not at issue. More fundamentally, neither case comes close to constituting
controlling law that this Court overlooked.

386, 430-31 (S.D.N.Y. 2010); *Barron*, 2010 WL 882890, at *5; *Levinson v. PSCC Servs., Inc.*, No. 3:09-cv-269, 2009 WL 5184363, at *14 (D. Conn. Dec. 23, 2009). That Plaintiffs disagree with the interpretation of *Merrill Lynch*, 547 U.S. 71, in all of these cases does not justify reconsideration. This Court properly ruled that Plaintiffs' investments were "in connection with" the purchase of "covered securities." SLUSA therefore preempts the fraud-based common law claims.[5]

C.    The Court Properly Dismissed the Section 10(b) Claim

Contrary to Plaintiffs' contention, the Court fully considered the alleged misrepresentations and omissions and properly dismissed Plaintiffs' Section 10(b) claim. As the Court held, it is clear that the Funds' offering memoranda were not materially misleading, especially in light of the disclosed use of third-party managers and the attendant risks involved. *See In re Merkin*, 2011 WL 4435873, at *7-8. The Court also clearly explained that Plaintiffs' allegations of inadequate due diligence do not state a Section 10(b) claim, especially in light of Madoff's deception of "some of the most sophisticated entities in the financial world: the SEC, Wall Street banks, and the like." And the Court fully considered Plaintiffs' allegations of scienter, dismissing the Section 10(b) claim on the independent ground that the TAC failed properly to allege scienter because the alleged red flags were insufficient to give rise to an inference of scienter and because Merkin's personal exposure of more than $100 million to the Madoff investment belied any suggestion of recklessness or intentional misconduct. *See id.* at *8-9.

---

[5]     The issue whether SLUSA preempts common law claims against managers of hedge funds that invested with Madoff is presently *sub judice* before the Second Circuit in *Barron v. Igolnikov*, No. 10-1387 (2d Cir. filed Apr. 14, 2010 and argued Mar. 1, 2011).

14266374

Plaintiffs now contend that the Court overlooked isolated statements in the Offering Memoranda that Plaintiffs try to take out of context. To the contrary, the Court clearly explained that examined the Offering Memoranda as a whole, as it was required to do, and concluded that those documents did not contain a material misstatement or omit material information. *See In re Merkin*, 2011 WL 4435873, at *7 (citing *In re Morgan Stanley Info. Fund Secs. Litig.*, 592 F.3d 347 (2d Cir. 2010) and *Olkey v Hyperion 1999 Term Trust, Inc.*, 98 F.3d 2 (2d Cir. 1996)). As the Court explained, "[r]eading Plaintiffs' language regarding Defendant Merkin's obligations to the Funds in conjunction with [the] cautionary language, it is clear there was no actual misrepresentation by Defendants as to Defendant Merkin's commitment to the Funds." *Id.*

Plaintiffs also wrongly argue that the Court ignored alleged omissions of Madoff's role in the Funds. But the Court *explicitly* considered and rejected Plaintiffs' arguments on this point – "[w]hile in hindsight the use of Madoff proved to be detrimental, the use of a third-party manager to execute a fund's overall investment strategy does not, without more, give rise to a claim under § 10(b)." *Id.* Similarly, Plaintiffs' contention that the Court overlooked their allegations regarding the Funds' strategy is belied by the Opinion itself. *Id.* at *8 ("Plaintiffs' allegations that Defendants Merkin and GCC misrepresented the Funds' investment strategies are also unavailing.").

Plaintiffs' final attack on the Court's dismissal of the Section 10(b) claim is that Merkin supposedly had "actual knowledge" of the alleged falsity of his statements and therefore purportedly acted with scienter. (Pl. Br. at 16-17.) As an initial matter, the Court properly found that Merkin did not make any false statements, so Plaintiffs' attack fails for this reason alone. *See In re Merkin*, 2011 WL 4435873, at *7-8. Moreover, as the Second Circuit has made clear, conclusory allegations of "knowledge" do not satisfy the standard for pleading scienter. *See,*

12

*e.g., South Cherry St.*, 573 F.3d at 112. Far from overlooking Plaintiffs' allegations, the Court carefully considered and rejected them. Accordingly, Plaintiffs' motion for reconsideration must be denied. *Pasha v. William M. Mercer Consulting, Inc.*, No. 00-cv-8362, 2004 WL 1474694, at * 2 (S.D.N.Y. June 30, 2004) (denying motion for reconsideration where supposedly overlooked allegations were addressed in the opinion), *aff'd*, 135 F. App'x 489 (2d Cir. 2005); *Info. Superhighway, Inc. v. Talk Am., Inc.*, No. 03 Civ. 1995, 2003 WL 22705132, at * 1-2 (S.D.N.Y. Nov. 17, 2003) (same).

## POINT II

### LEAVE TO AMEND WAS PROPERLY DENIED BECAUSE AMENDMENT WOULD BE FUTILE

Although Judgment has been entered, Plaintiffs seek leave to amend their allegations a fifth time. The Court should reject Plaintiffs' latest attempt to repackage claims that are fatally flawed. As an initial matter, a party seeking to amend a complaint after judgment has been entered must first establish that the judgment should be set aside. *Jain*, 2009 WL 4059171, at *2. As demonstrated above, Plaintiffs have utterly failed to present any meritorious argument in support of vacating or altering the Court's judgment. Hence, their request to amend their complaint should be denied for this reason alone. *See id.* (denying plaintiff's post-judgment attempt to amend the complaint when the court had previously denied his motion to vacate or set aside judgment under Rule 59(e)).

Even if the Court were to consider the merits of Plaintiffs' request to amend their Section 10(b) claim, the request should still be denied.[6] Leave to amend is properly denied where the proposed amended complaint could not survive a motion to dismiss. *See Hartwell v. Guardian*

---

[6]   Plaintiffs only seek to amend their allegations against Merkin and GCC with respect to their Section 10(b) claim, conceding that amendment of their state law claims would be futile.

14266374

*Serv. Indus. Inc.*, No. 10-cv-4189, 2011 WL 1044868, at *4 (S.D.N.Y. Mar. 10, 2011) (Batts, J.)

(citation omitted). Here, as in *Hartwell Guardian*, the proposed Fifth Amended Complaint does

not cure the fatal defects that resulted in dismissal of this action. For example, Plaintiffs seek to

amend the complaint by adding the purported additional "red flag" of Madoff's steady returns.

But the Section 10(b) claim is not cured by the allegation that Madoff's steady returns should

have alerted Defendants to Madoff's Ponzi scheme. As the Opinion explains, such allegations of

Madoff-related red flags do not adequately plead scienter and thus do not support a Section 10(b)

claim. *See In re Merkin*, 2011 WL 4435873, at *9. Indeed, the Opinion cites Judge Sand's

ruling in *In re Beacon*, which rejected this exact same purported "red flag" as insufficient to

allege scienter. *Id.*; *see also In re Beacon*, 745 F. Supp. 2d at 417 (deeming allegation of

Madoff's "consistent investment returns" insufficient to plead scienter).

     The proposed Fifth Amended Complaint also seeks to allege purported

misrepresentations by misquoting the Funds' Offering Memoranda. But the Court examined the

Offering Memoranda *themselves* and concluded that they did not contain a material

misrepresentation. A new description or alteration of the language of the documents themselves

cannot change the outcome, and is especially futile given that the Court already examined the

actual documents at issue.[7]

     Plaintiffs' claim that the proposed Fifth Amended Complaint includes "new evidence"

that was unavailable to them when they filed the Third Amended Complaint is likewise without

merit. The "new evidence," mostly taken from pleadings in other Madoff-related actions, was

---

[7]    In arguing that they should be allowed to amend their allegations with respect to their Section 10(b) claim against the BDO Defendants, Plaintiffs persist in falsely stating that Merkin told BDO he received "express warnings" about Madoff. Tellingly, Plaintiffs do not cite the actual testimony that supposedly supports this allegation, because there is none. Merkin never received such an express warning about Madoff, and never discussed any such non-existent warning with the BDO Defendants.

14266374

available to Plaintiffs when they filed the Fourth Amended Complaint or in any case prior to the issuance of the Opinion. Indeed, virtually all of this "new evidence" was previously submitted to the Court in post-brief letters, and was already considered and rejected by the Court. Where, as here, "the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactingly." *State Trading Corp. of India v. Assuranceforeningen Skuld,* 921 F.2d 409, 418 (2d Cir. 1990).

Because the proposed Fifth Amended Complaint repackages old allegations and attempts to make new ones by misquoting documents incorporated into the TAC, leave to amend is particularly unwarranted. *See Bellikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007) ("Leave to amend is especially inappropriate where, as here, plaintiffs' proposed amendments merely recycled versions of claims which had already fallen victim to a motion to dismiss."). The Court correctly dismissed the TAC with prejudice, and leave to amend was properly denied.

## Conclusion

For the foregoing reasons, Plaintiffs' motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the judgment should be denied.

Dated:   New York, New York
         November 22, 2011

                                DECHERT LLP

                                By: _____
                                    Andrew J. Levander
                                    Gary J. Mennitt
                                    Neil A. Steiner
                                    1095 Avenue of the Americas
                                    New York, New York 10036
                                    (212) 698-3500
                                    andrew.levander@dechert.com

15

14266374

M. Katherine Stroker (admitted pro hac vice)
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000
katherine.stroker@dechert.com

*Attorneys for Defendants J. Ezra Merkin and
Gabriel Capital Corporation*

14266374