UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re J. Ezra Merkin and BDO Seidman Securities Litigation | Case No. 08 Civ. 10922 (DAB) |

**DECLARATION OF DEMET BASAR IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION PURSUANT TO RULE 59(e) TO ALTER OR AMEND THE JUDGMENT**

      1.      I am a member of the law firm Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein"), which represents co-lead Plaintiffs Jacob E. Finkelstein CGM IRA Rollover Custodian and Nephrology Associates, PC Pension Plan in this action.  Wolf Haldenstein was appointed co-lead counsel in this action, together with Abbey Spanier Rodd & Abrams LLP, which represents co-lead Plaintiffs New York Law School and Scott Berrie.  I submit this Declaration in further support of the Plaintiffs' motion, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to Alter or Amend the Judgment and for Permission, Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, to File an Amended Complaint (the "Rule 59(e) Motion").  Doc. No. 105.

      2.      The Rule 59(e) Motion, which Plaintiffs filed on October 25, 2011, was accompanied by my declaration of even date ("Basar Declaration"; Doc. No. 107) attaching (a) Plaintiffs' [Proposed] Fifth Consolidated Amended Class Action Complaint (the "FAC") as Exhibit A; and (b) a "redline" version of the FAC, which showed the comparison between the FAC and the Third Amended Consolidated Class Action Complaint[1] ("TAC"; Doc. No. 59), as

---

[1] On December 20, 2010, Plaintiffs filed, with the Court's permission, a Fourth Consolidated Amended Class Action Complaint (Doc. No. 98) for the limited purpose of slightly altering the definition of the class.

682492

Exhibit B.  The TAC was the operative complaint on Defendants' motion to dismiss, which this Court granted by Memorandum and Order dated September 23, 2011.  The Judgment implementing the order was entered on September 27, 2011.

3. Since the filing of the FAC, direct evidence concerning the Merkin Defendants' conduct – evidence that is highly relevant to the claims asserted by Plaintiffs against the Merkin Defendants – has continued to trickle into the public domain.  The evidence includes documents and testimony adduced in (a) arbitration proceedings against J. Ezra Merkin in *In the Matter of Arbitration Between Moshael Straus, Claimant and J. Ezra Merkin, Respondent*, 13-148-Y-001800-10 (American Arbitration Association Oct. 12, 2011)[2]; (b) arbitration proceedings against Merkin in *In re Matter of Arbitration of Morry Weiss, et al., petitioners, v. J. Ezra Merkin, respondent*, 13 148 Y 01803-10 (American Arbitration Association Jan. 19, 2012) and the Verified Petition to Confirm Arbitration Award and accompanying submissions in *Weiss, et al. v. Merkin*, Index No. 650262/12 (Sup. Ct. N.Y. Jan. 27, 2012) (Lowe, J.); and (c) an action by the Madoff Trustee captioned *Picard v. Katz*, et al., No. 11 Civ. 3605 (S.D.N.Y.) (J.S.R.), in which a witness testified about a meeting with Merkin.  Plaintiffs have notified the Court and Defendants about this evidence as it was uncovered,[3] but the evidence was not included in the earlier-filed FAC.

---

[2] Although the arbitral award in Straus is dated October 12, 2011, it was introduced into the public domain on October 22, 2011 when the petition to confirm the award was filed.  Plaintiffs brought the Straus arbitral award to the Court's attention in their reply brief on the Rule 59(e) Motion.  (Doc. No. 113).

[3] *See, e.g.*, Declaration of Demet Basar in Further Support of Plaintiffs' Motion Pursuant to Rule 59(e) to Alter or Amend the Judgment (Doc. No. 114), dated December 13, 2011, attaching as Exhibit A, the Decision and Award in the *Straus* arbitration; letter dated February 28, 2012 from Demet Basar to Hon. Deborah A. Batts, copied to All Counsel of Record, attaching (a) the Verified Petition to Confirm the Arbitration Award in the *Weiss* Arbitration, together with the Arbitration Award and the accompanying (continued…)

2

4. Plaintiffs have added the new evidence to the FAC so that all of the evidence and allegations underlying Plaintiffs' claims against the Merkin Defendants (as well as the other Defendants) are collected in one proposed amended pleading and have titled it the [Substituted Proposed] Fifth Consolidated Amended Class Action Complaint.

5. Additionally, after the filing of the Rule 59(e) Motion, the Second Circuit issued *Absolute Activist Value Master Fund Limited v. Ficeto*, No. 11-0221-cv, 2012 U.S. App. LEXIS 4258 (2d Cir. Mar. 1, 2012), which clarified *Morrison v. National Australia Bank Ltd.*, 130 S. Ct. 2869 (2010), by defining a "domestic transaction" under the federal securities laws as a transaction in which "irrevocable liability" for the purchase was incurred or title was transferred within the United States.[4] Plaintiffs have added new allegations to the FAC with respect to purchases in the Ariel Fund in order to satisfy the newly established standard set forth in *Absolute Activist* for pleading a domestic transaction under the U.S. securities laws.

6. Annexed hereto as Exhibit A is the [Substituted Proposed] Fifth Consolidated Amended Class Action Complaint ("SFAC"). This exhibit replaces the "Exhibit A" annexed to the Basar Declaration, which was the FAC.

7. Annexed hereto as Exhibit B is a "redline" version of the SFAC, which shows the comparison between the SFAC and the TAC. This exhibit replaces the "Exhibit B" annexed to the Basar Declaration.

---

(…continued)

memorandum of law in support of the Petition; and (b) the Madoff Trustee's Statement of Additional Material Facts That Are Undisputed Or As To Which There Exist Genuine Issues to be Tried (filed in support of the Trustee's opposition to the defendants' motion for summary judgment in *Picard v. Katz*).

[4] Plaintiffs notified the Court of the *Absolute Activist* case and its significance in a letter dated March 8, 2012.

8.      Annexed hereto as Exhibit C is a "redline" version of the SFAC, which shows the newly discovered evidence that was added to the FAC that was submitted as part of Plaintiffs' papers in support of the Rule 59(e).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of March, 2012, at New York, New York.

*/s/ Demet Basar*
DEMET BASAR