USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09/10/12

UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

In re: J. EZRA MERKIN AND BDO SEIDMAN
      SECURITIES LITIGATION

08 Civ. 10922 (DAB)
<u>ORDER</u>

------------------------------------------X

CROSCILL INC., et al.,

               Plaintiffs,

         - v. -

09 Civ. 6031(DAB)
<u>ORDER</u>

GABRIEL CAPITAL, L.P., et al.,

               Defendants,

------------------------------------------X

MORRIS FUCHS HOLDINGS, LLC,

               Plaintiff,

         - v. -

09 Civ. 6483 (DAB)
<u>ORDER</u>

GABRIEL CAPITAL, L.P., et al.,

               Defendants.

------------------------------------------X

DEBORAH A. BATTS, United States District Judge.

    By Memorandum and Order dated September 23, 2011 and entered on September 27, 2011 (the "September 27, 2011 Order"), this Court granted Defendants' Motions to Dismiss Plaintiffs' Third Consolidated Amended Class Action Complaint ("TAC"). <u>In re Merkin & BDO Sec. Litig.</u>, 817 F.Supp. 2d 346 (S.D.N.Y. 2011). This matter is now before the Court on Plaintiffs New York Law School, Scott Berrie, Jacob E. Finkelstein, and Nephrology Associates' (collectively, "Plaintiffs") Motion to Amend or Correct a Judgment ("Motion for Reconsideration") pursuant to

Fed. R. Civ. P. 59(e), timely filed October 25, 2011.
Plaintiffs' Motion seeks an Order (i) amending this Court's
September 27, 2011 Order to "correct clear errors of law"; and
(ii) granting permission, pursuant to Fed. R. Civ. P. 15(a), to
file Plaintiffs' proposed Fifth Amended Consolidated Class
Action Complaint ("FAC").

The Court presumes the Parties' familiarity with the facts
and procedural history of the case as fully laid out in this
Court's previous Order entered September 27, 2011. For the
reasons that follow, Plaintiffs' Motion is DENIED in part and
decision is RESERVED in part.


A. Rule 59(e) Motion to Amend or Correct a Judgment

Plaintiffs' Motion is brought pursuant to Fed. R. Civ. P.
59(e). "A court may grant a motion to alter or amend a judgment
[under Rule 59(e)] where (1) there is an intervening change in
the controlling law; (2) new evidence previously not available
comes to light; or (3) it becomes necessary to remedy a clear
error of law or to prevent manifest injustice." Peterson v.
Syracuse Police Dept., 467 Fed. Appx. 31, 34 (2d Cir. 2012)
(citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956
F.2d 1245, 1255 (2d Cir. 1992)). "Reconsideration of a court's
previous order is an 'extraordinary remedy to be employed

2

sparingly in the interests of finality and conservation of scarce judicial resources.'" <u>Parrish v. Sollecito</u>, 253 F.Supp.2d 713, 715 (S.D.N.Y. 2003) (quoting <u>In re Health Management Systems Inc. Secs. Litigation</u>, 113 F.Supp. 2d 613, 614 (S.D.N.Y. 2000)). The standard for granting a motion for reconsideration "must be narrowly construed and strictly applied . . . to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." <u>Range R. Music, Inc. v. Music Sales Corp.</u>, 90 F.Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

A party may not use a motion for reconsideration to "address facts, issues, or arguments not previously presented to the court" or to "reargue those issues already considered." <u>Mason v. Hann, et al.</u>, No. 01 Civ. 523, 2011 WL 744798, at *1 (S.D.N.Y. Feb. 28, 2011) (Batts, J.) (internal quotations, citations omitted). Therefore, "[t]o succeed on a motion for reconsideration, the moving party must demonstrate controlling law or a factual matter before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." <u>Beljakovic v. Melohn Props., Inc.</u>, 542 F.Supp. 2d 238, 244 (S.D.N.Y. 2006). (internal quotations, citations removed).

Plaintiffs make the following arguments in support of their Rule 59(e) Motion: (1) this Court's ruling that Plaintiffs' non-fraud common law claims were preempted by the Martin Act was erroneous; (2) this Court's holding that the fraud-based common law claims are preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA") misapplied the Supreme Court's ruling in <u>Merrill Lynch, Pierce, Fenner & Smith v. Dabit</u>, 547 U.S. 71 (2006); and (3) this Court's dismissal of Plaintiffs' Section 10(b) claims overlooked certain allegations in Plaintiffs' TAC.[1]


B. <u>Non-Fraud Common Law Claims</u>

Plaintiffs argue that this Court erred in ruling that their non-fraud common law claims were preempted by the Martin Act. In its September 27, 2011 Order, this Court determined that Plaintiffs' claims for breach of fiduciary duty, gross negligence, and unjust enrichment were preempted by the Martin Act, citing <u>Castellano v. Young & Rubicam</u>, 257 F.3d 171, 190 (2d Cir. 2001). In arguing for reconsideration, Plaintiffs assert

---

[1] On December 20, 2010, Plaintiffs filed, with the Court's permission, a Fourth Consolidated Amended Class Action Complaint for the limited purpose of slightly altering the definition of the class. However, Plaintiffs' TAC was the operative pleading considered by the Court for the Order entered September 27, 2011 dismissing the case in its entirety.

that this Court should instead have followed the intermediate appellate courts of the state of New York who had held that the Martin Act did not preempt non-fraud common law claims arising from the purchase and sale of securities. This argument was previously raised by Plaintiffs and was addressed in the September 27, 2011 Order: "the New York Court of Appeals has not examined this specific issue, and this Court remains bound to apply the result in the only Second Circuit case that has addressed this subject: Castellano." In re Merkin, 817 F.Supp. 2d at 362.

After this Court's initial decision, and after Plaintiffs' Motion for Reconsideration was fully briefed, the New York Court of Appeals held on December 20, 2011 that the Martin Act does not preempt a common law claim where the claim "is not entirely dependent on the Martin Act for its viability." Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc., 18 N.Y.3d 341, 353 (2011). The Assured Guaranty decision of the New York Court of Appeals is binding on this Court, although it is a change in controlling law that occurred after Plaintiffs' Motion was fully submitted. Accordingly, the Court hereby RESERVES DECISION on Plaintiff's Motion for Reconsideration to the limited extent that it is based on the issue of Martin Act preemption.

5

The Court requests that the Parties submit additional
briefing concerning the applicability of the Assured Guarantee
decision and Plaintiffs' claims for breach of fiduciary duty,
gross negligence, and unjust enrichment. The Court hereby sets
the following briefing schedule: Defendants shall make a
submission no later than October 26, 2012 as to why Plaintiffs'
claims for breach of fiduciary duty, gross negligence, and
unjust enrichment should be dismissed notwithstanding Assured
Guarantee; Plaintiffs shall respond to Defendants' submission no
later than December 14, 2012; Defendants' reply, if any, shall
be submitted no later than January 4, 2013. The submissions of
the Parties shall conform to the Court's Individual Rules of
Practice regarding the submission of motion papers.


C. Fraud-Based Common Law Claims

Plaintiffs contend that this Court's holding that their
fraud-based common law claims were preempted by SLUSA misapplied
the Supreme Court's ruling in Merrill Lynch, Pierce, Fenner &
Smith v. Dabit, 547 U.S. 71 (2006). Specifically, Plaintiffs
argue that their fraud-based claims not do meet the fourth
statutory requirement for SLUSA preemption: that the alleged
wrongdoing was "in connection with the purchase or sale of a
covered security." 15 U.S.C. § 77p(b). Plaintiffs allege that

6

because they purchased shares in hedge funds, as opposed to shares listed on a national exchange, their action is not "in connection with" a covered security under SLUSA.

However, this argument simply re-states one previously made by Plaintiffs and addressed by this Court. The September 27, 2011 Order noted that "Plaintiffs argue that SLUSA does not reach their claims because they purchased shares in the Funds, rather than any covered securities within the meaning of SLUSA." (Sept. 27, 2011 Order, at 31. This Court analyzed the meaning of "covered security" under SLUSA, and noted that SLUSA's "in connection with" requirement is to be construed broadly. Simply because Plaintiffs do not like the manner in which this Court applied the Supreme Court's decision in <u>Merrill Lynch</u>, 547 U.S. 71 (2006), there is no basis for Plaintiffs to assert the same arguments over again. Plaintiffs may not use their Motion for Reconsideration to "reargue those issues already considered." <u>Mason</u>, 2011 WL 744798, at *1 (S.D.N.Y. Feb. 28, 2011). This Court has previously considered Plaintiffs' arguments concerning SLUSA preemption and found them to be without merit. Accordingly, to the extent that Plaintiffs' Motion for Reconsideration is based on SLUSA preemption of their fraud-based common law claims, it is DENIED.

7

D. <u>Section 10(b) Claims</u>

Plaintiffs argue that this Court did not properly consider all of the alleged misrepresentations and omissions and therefore erred in dismissing Plaintiffs' Section 10(b) claims. However, a party may not use a motion for reconsideration to "reargue those issues already considered." <u>Mason</u>, 2011 WL 744798, at *1 (Batts, J.). Plaintiffs here claim that this Court disregarded numerous allegations in the TAC, but Plaintiffs cannot use their Motion for Reconsideration to revisit the same issues simply because they disagree with the Court's analysis.

Plaintiffs claim that the Court disregarded Defendants' alleged misstatements regarding Merkin's purported personal attention to individual trades made on behalf of the Funds. However, the Court previously considered the argument that "Defendant Merkin misrepresented his involvement in the Funds." <u>In re Merkin</u>, 817 F.Supp. 2d at 355. The Court noted that "the language that Plaintiffs cite in offering memoranda and prospectuses must be read in the context of each entire document." <u>Id.</u> (citing <u>In re Morgan Stanley Info. Fund Sec. Litig.</u>, 592 F.3d 347, 365-66 (2d Cir. 2010)). The Court noted that Plaintiffs cannot "cherry pick" language and explicitly ignore other cautionary information in offering memoranda, <u>In re Merkin</u>, 817 F.Supp. 2d at 355, yet that is precisely what

8

Plaintiffs attempt to do in their Motion for Reconsideration.

Plaintiffs' arguments are therefore without merit.

Additionally, Plaintiffs allege that the Court overlooked alleged omissions concerning Madoff's role in the Funds. Again, the Court explicitly considered and rejected this argument when it was first made by Plaintiffs, noting that "[w]hile in hindsight the use of Madoff proved to be detrimental, the use of a third-party manager to execute a fund's overall investment strategy does not, without more, give rise to a claim under §10(b)." In re Merkin, 817 F.Supp. 2d at 356. The same is true of Plaintiffs' claim that the Court failed to consider alleged misleading statements regarding the Funds' investment strategies: this Court held that "allegations that Defendants Merkin and GCC misrepresented the Funds' investment strategies" were "unavailing." Id.

Finally, Plaintiffs argue that the Court erroneously held they had failed to allege sufficiently that Merkin had scienter. While Plaintiffs now claim that the Court failed to address the issue of scienter with respect to the false statements of which Merkin had actual knowledge, the Court specifically found that Merkin did not make any false statements. In re Merkin, 817 F.Supp. 2d at 356-57. As with their other allegations, Plaintiffs cannot point to a "factual matter before the court on

the underlying motion" that the Court "overlooked." <u>Beljakovic</u>,

542 F.Supp. 2d at 244.

While Plaintiffs allege that the Court overlooked and

ignored numerous allegations in the TAC, the Court carefully

considered and rejected the allegations as insufficient.

Accordingly, Plaintiffs' Motion for Reconsideration of their

Section 10(b) claims must be and hereby is DENIED. <u>Pasha v.

William M. Mercer Consulting, Inc.</u>, No. 00 Civ. 8362, 2004 WL

1474694, at * 2 (S.D.N.Y. June 30, 2004) (denying motion for

reconsideration where supposedly overlooked allegations were

addressed in the opinion), <u>aff'd</u> 135 F.App'x 489 (2d Cir. 2005).


## E.  Leave to Amend

Plaintiffs also seek leave to amend their Complaint again

and have submitted to the Court their proposed Fifth Amended

Consolidated Class Action Complaint ("FAC"). However, "[a] party

seeking to file an amended complaint postjudgment must first

have the judgment vacated or set aside pursuant to [Rules] 59(e)

or 60(b)." <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 191 (2d

Cir. 2008). As discussed <u>supra</u>, Plaintiffs have not presented

any meritorious argument in support of vacating or altering the

Court's judgment in this case. Accordingly, Plaintiffs' request

to file yet another amended complaint is not properly considered

by the Court, and is hereby DENIED. <u>Jain v. Secs. Indus. & Fin.</u>
<u>Mkts. Ass'n</u>, No. 08 Civ. 6463, 2009 WL 4059171 (S.D.N.Y. Nov.
18, 2009) (Batts, J.) (denying plaintiff's post-judgment attempt
to amend the complaint when the court had previously denied
plaintiff's motion to vacate or set aside judgment pursuant to
Rule 59(e)).


F. <u>Conclusion</u>

    For the reasons above, Plaintiffs' Motion for
Reconsideration is DENIED in part and decision is RESERVED in
part. Plaintiffs' request to file their proposed FAC is DENIED.


    SO ORDERED.

    Dated: September 10, 2012
       New York, New York

                          Deborah A. Batts
                United States District Judge