Ira G. Greenberg
Tracy A. Hannan
EDWARDS WILDMAN PALMER LLP
Attorneys for Defendants BDO Cayman
  Islands and BDO Limited
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re

J. EZRA MERKIN AND BDO SEIDMAN
SECURITIES LITIGATION

No. 08 Civ. 10922 (DAB)

-------------------------------------------------------x

### MEMORANDUM OF DEFENDANTS BDO CAYMAN ISLANDS AND BDO LIMITED AS REQUIRED BY ORDER ON MOTION FOR RECONSIDERATION

Defendant BDO Cayman Islands, formerly trading as BDO Tortuga ("BDO Cayman") and BDO Limited, formerly trading as BDO Binder ("Limited") (collectively, the "foreign BDO defendants") submit this memorandum as the Court's September 10, 2012, order requires.

Class plaintiffs sued the foreign BDO defendants for federal securities fraud, common law fraud, negligent misrepresentation, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment. The foreign BDO defendants in turn moved to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.

The Court did not decide the first two grounds for the motion, as it dismissed for failure to state a claim. Despite the New York Court of Appeals' rejection

NYC 323612.4

of Martin Act preemption of certain state law causes of action, the foreign BDO defendants maintain that dismissal is still proper.

In order to avoid needless repetition, the foreign BDO defendants incorporate by reference the following: their principal papers on the motion to dismiss [Dkt. Nos. 64-69]; their reply papers on that motion [Dkt. Nos. 91-94]; and the memorandum [Dkt. No. 120] that their codefendant, BDO USA, LLP f/k/a BDO Seidman, LLP submitted in compliance with the Court's order on reconsideration [Dkt. No. 119]. For ease of reference, the briefs but not the declarations and exhibits are annexed to the accompanying declaration of Ira G. Greenberg.

This memorandum notes only that, as previously called to the Court's attention in letters while prior motions were pending, the Court of Appeals has affirmed three decisions of significance to the pending issue.

It rejected breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims in a similar factual context in Meridian Horizon Fund, LP v. KPMG (Cayman), 2012 U.S. App. LEXIS 14013 *14-15 (2d Cir. July 10, 2012) (unpublished opinion), aff'g 747 F. Supp. 2d 406 (S.D.N.Y. 2010).

It upheld in one line that portion of a district court decision that holder claims, including those for breach of fiduciary duty and for unjust enrichment, are derivative and not direct. Saltz v. First Frontier, L.P., 2012 U.S. App. LEXIS 11837 *10 (2d Cir. June 12, 2012) (unpublished decision), aff'g 782 F. Supp. 2d 61 (S.D.N.Y. 2010).

It reached the same result on holder claims in Stephenson v. PricewaterhouseCoopers, LLP, 2012 U.S. App. LEXIS 10017 *6 (2d Cir. May 18, 2012).

See also Stephenson v. PricewaterhouseCoopers, LLP, 700 F. Supp. 2d 599, 610-11 (S.D.N.Y. 2010) (dismissing aiding and abetting breach of fiduciary duty claim as derivative but giving leave to replead another count of complaint).

This Court should adhere to its previous order dismissing the action against the foreign BDO defendants.

Dated: New York, NY
September 24, 2012

Respectfully submitted,

Ira G. Greenberg
Tracy A. Hannan
EDWARDS WILDMAN PALMER LLP
Attorneys for Defendants BDO Cayman
   Islands and BDO Limited
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411