# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

In re

J. EZRA MERKIN AND BDO SEIDMAN
SECURITIES LITIGATION

No. 08 Civ. 10922 (DAB)

------------------------------------------------------------x

## MEMORANDUM OF DEFENDANTS
## BDO CAYMAN ISLANDS AND BDO LIMITED
## IN SUPPORT OF MOTION TO DISMISS

Ira G. Greenberg
Florence A. Crisp
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant BDO Cayman Islands
  and BDO Limited
750 Lexington Avenue, 8th floor
New York, NY  10022
(212) 308-4411

NYC 346500.7

TABLE OF CONTENTS

Page(s)

ADDITIONAL STATEMENT OF FACTS ................................................................. 1

ARGUMENT ............................................................................................................ 3

I.   THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL
     JURISDICTION ............................................................................................... 3

II.  THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A
     CLAIM ............................................................................................................. 6
     A.   Lack of Standing ...................................................................................... 6
     B.   No Claim Stated Under United States Securities Laws .......................... 7
     C.   No Claim Stated Under Cayman Islands or BVI Law ............................. 8
          a.   Fraud ................................................................................................ 9
          b.   Negligent Misrepresentation ........................................................... 9
          c.   Breach of Fiduciary Duty ................................................................. 9
          d.   Aiding and Abetting Breach of Fiduciary Duty ............................... 9
          e.   Unjust Enrichment ......................................................................... 10

III. THE STATUTE OF LIMITATIONS BARS THE CLAIMS AGAINST
     LIMITED. ....................................................................................................... 10

CONCLUSION ....................................................................................................... 12

TABLE OF AUTHORITIES

**CASES**

American Tissue, Inc. v. Arthur Andersen, L.L.P., 275 F. Supp. 2d 398 (S.D.N.Y. 2003) ...................................................................................................................... 6

Bersch v. Drexel Firestone, Inc., 519 F.2d 974 (2d Cir. 1975) ......................................... 4

Calcutti v. SBU, Inc., 224 F. Supp. 2d 691 (S.D.N.Y. 2002) ........................................... 11

Calder v. Jones, 465 U.S. 783 (1984) .............................................................................. 4

Ciccone v. Hersh, 530 F. Supp. 2d 574 (S.D.N.Y. 2008) ............................................... 12

Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 595 N.Y.S.2d 919, 612 N.E.2d 277 (1993) ...................................................................................................................... 8

CRT Investments, Limited v. Merkin, Index No. 601052/09, slip op. (N.Y. Sup. Ct. May 7, 2010) ...................................................................................................... 5, 6

Doss, Inc. v. Christie's Inc., 2009 WL 3053713 (S.D.N.Y.) ............................................ 10

Golden Pac. Bancorp v. FDIC, 273 F.3d 509 (2d Cir. 2001) ......................................... 10

Hart v. General Motors Corp., 129 A.D.2d 179, 517 N.Y.S.2d 490 (1st Dep't 1987) ....... 6

Heffernan v. Marine Midland Bank, N.A., 283 A.D.2d 337, 727 N.Y.S.2d 60 (1st Dep't 2001) .......................................................................................................... 12

In re Comverse Tech., Inc. Secs. Litig., 543 F. Supp. 2d 134 (E.D.N.Y. 2008) ............. 10

Kaufman v. Cohen, 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ..................... 10

Leasco Data Processing Equip. Corp. v. Maxwell, 468 F.2d 1326 (2d Cir. 1972) ....... 4, 5

Morrison v. National Australia Bank Ltd., __ S. Ct. __, 2010 WL 2518523 (U.S.) .......... 7

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000) ............................................................... 8

SEC v. Unifund SAL, 910 F.2d 1028 (2d Cir. 1990) ..................................................... 3, 4

Sirico v. F.G.G. Prods. Inc., 71 A.D. 3d 429, 896 N.Y.S.2d 61 (1st Dep't 2010) ........... 11

Venturetek, L.P. v. Rand Publ'g Co., Inc., 39 A.D.3d 317, 833 N.Y.S.2d 93 (1st Dep't 2007) ........................................................................................................... 6

Winn v. Schafer, 499 F. Supp. 2d 390 (S.D.N.Y. 2007) .................................................. 7

Zion v. Kurtz, 50 N.Y.2d 92, 428 N.Y.S.2d 199, 405 N.E.2d 681 (1980) ......................... 6

**STATUTES**

28 U.S.C. § 1658(b) ....................................................................................................... 11

**RULES**

CPLR 202 ........................................................................................................................ 12

**OTHER AUTHORITIES**

Restatement (Second) of Conflict of Laws §§ 35-37 ...................................................... 4

Defendants BDO Cayman Islands, formerly trading as BDO Tortuga ("BDO Cayman"), and BDO Limited, formerly trading as BDO Binder ("Limited"), move to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted. Rather than repeating matter already before the Court, BDO Cayman and Limited incorporate by reference the memorandum that their codefendant, BDO USA, LLP, f/k/a BDO Seidman, LLP ("BDO USA"), has submitted. This memorandum supplements those materials with facts and arguments applicable to BDO Cayman and Limited.

## ADDITIONAL STATEMENT OF FACTS

The facts that follow come in part from the third amended complaint ("Complaint"), a copy of which is annexed for the Court's convenience to the moving declaration of Ira G. Greenberg as exhibit A. BDO Cayman and Limited do not admit that the Complaint's factual allegations are correct. They merely assume their validity as required on a motion of this kind.

Limited and BDO Cayman served, successively, as the independent auditor for the Ariel Fund. (¶¶ 27-28).[1] The Ariel Fund was an offshore hedge fund incorporated in the Cayman Islands to undertake business as a corporate open-ended investment fund (¶ 34). It was separate from but run parallel to the Gabriel Fund and was open only to foreign investors and others not subject to United States taxes (¶ 34).

BDO Cayman is organized under the laws of the Cayman Islands, a British Overseas Territory (¶ 28), and is not registered to do business in the United States. Declaration of Glen Trenouth, July 23, 2010, ¶¶ 2-3. It has offices only in the Cayman Islands, all of its personnel live and work only in the Cayman Islands, save

---

[1] Parenthetical citations to paragraph numbers are to the third amended complaint.

NYC 346500.7

one, who lives in the British Virgin Islands ("BVI"), and all of its property is located in the Cayman Islands; none is in the United States. Id. The Complaint makes no allegation that even suggests that BDO Cayman is doing business in any regular or systematic way in the United States. Mr. Trenouth's declaration specifically denies that it is. Trenouth Decl. ¶ 3.

Limited is organized under the laws of the BVI, also a British Overseas Territory (¶ 27), and is not registered to do business in the United States. Declaration of Andrew Bickerton, July 30, 2010, ¶¶ 2-3. It has offices only in the BVI, all of its personnel live and work only in the BVI, and all of its property is located in the BVI; none is in the United States. Id. ¶¶ 2-3. The Complaint makes no allegation that even suggests that Limited is doing business in any regular or systematic way in the United States. Mr. Bickerton's declaration specifically denies that it is. Bickerton Decl. ¶ 3.

All of BDO Cayman's and Limited's services were performed in the Cayman Islands or BVI pursuant to engagement letters executed and delivered, respectively, in the Cayman Islands or BVI. Trenouth Decl. ¶ 4; Bickerton Decl. ¶ 4. Neither BDO Cayman nor Limited performed their audits in the United States. Trenouth Decl. ¶ 4; Bickerton Decl. ¶ 4. Neither contracted to perform their audits in the United States. Trenouth Decl. ¶ 4; Bickerton Decl. ¶ 4. BDO Cayman only provided the audited financial statements to the foreign governmental body that regulates the Ariel Fund and, in early years, to Fortis in the Cayman Islands. Trenouth Decl. ¶ 5.[2] Limited only provided the audited financial statements to the comptroller of Gabriel Capital

---

[2] It also provided the audited financial statements to BDO USA, LLP, which, at least in certain years, printed the statements and delivered them to Gabriel Capital Corporation. Trenouth Decl. ¶ 5.

Corporation. Bickerton Decl. ¶ 7.[3] Neither sent or caused to be sent the audited financial statements to any Ariel Fund shareholder. Trenouth Decl. ¶ 6; Bickerton Decl. ¶ 8.

BDO Cayman and Limited did not have contact in the United States with anyone who was purporting to represent the Ariel Fund, and the only communications with any such person in the United States was by telephone or email from the Cayman Islands or BVI, respectively. Trenouth Decl. ¶ 4; Bickerton Decl. ¶ 5. The audited financial statements were "disseminated by the Funds," not by the auditors (¶ 242).

## ARGUMENT

### I. THE COMPLAINT MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.

The claims against BDO Cayman and Limited must be dismissed for lack of personal jurisdiction over them.

The due process clause of the fifth amendment limits the exercise of personal jurisdiction in a case predicated on federal law. SEC v. Unifund SAL, 910 F.2d 1028, 1033 (2d Cir. 1990) (citing Bersch v. Drexel Firestone, Inc., 519 F.2d 974, 998 (2d Cir. 1975), overruled on other grounds, Morrison v. National Australia Bank Ltd., __ S. Ct. __, 2010 WL 2518523 (U.S.) and Leasco Data Processing Equip. Corp. v. Maxwell, 468 F.2d 1326, 1339 (2d Cir. 1972), overruled on other grounds, Morrison v. National Australia Bank Ltd., __ S. Ct. __, 2010 WL 2518523 (U.S.)). Due process requires that "'there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of

---

[3] It also provided the audited financial statements to BDO USA, LLP. Bickerton Decl. ¶ 7.

NYC 346500.7                            3

its laws.'" Bersch v. Drexel Firestone, Inc. 519 F.2d at 998 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958). Only in this way can the defendant's "'conduct and connection with the forum State [be] such that he should reasonably anticipate being haled into court there.'" SEC v. Unifund SAL, 910 F.2d at 1033 (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

Courts have looked to Restatement (Second) of Conflict of Laws §§ 35-37 when applying these standards. E.g., Bersch v. Drexel Firestone, Inc. 519 F.2d at 1000; Leasco Data Processing Equip. Corp. v. Maxwell 468 F.2d at 1340. The Restatement notes that a court may exercise personal jurisdiction over a foreign defendant who does business in the forum (§ 35); commits a tortious act in the forum (§ 36); or causes an effect in the forum by an act elsewhere (§ 37). The Complaint does not allege that either BDO Cayman or Limited conducts business in the United States or that either committed an act within the United States. Accordingly, only the third basis for personal jurisdiction need be analyzed.

The effect test is "demanding" and "'must be applied with caution . . . in an international context.'" Bersch v. Drexel Firestone, Inc. 519 F.2d at 1000 (quoting Leasco Data Processing Equip. Corp. v. Maxwell, 468 F.2d at 1341); see Calder v. Jones, 465 U.S. 783, 789 (1984). Even when the effect within the forum occurs as a direct and foreseeable result of the conduct outside the United States, the court should not exercise jurisdiction if the nature of the effects and of the individual's relationship to the forum makes the exercise of such jurisdiction unreasonable. Id.

The only tie between BDO Cayman or Limited, on the one hand, and plaintiffs, on the other, is the fact that someone, but not the auditors themselves,

provided plaintiffs the audited financial statements. That link is not the kind of purposeful activity on BDO Cayman's or Limited's part that would permit their being held to respond to a lawsuit here. Personal jurisdiction over a foreign auditor performing work outside the United States cannot be premised solely on the fact that the auditor must have known that its reports would be relied upon by anyone interested in purchasing its client's stock, as the Court of Appeals in Leasco Data Processing Equip. Corp. v. Maxwell, 468 F.2d at 1342 (Friendly, J.), held:

> On that basis accountants operating solely in London could be subjected to personal jurisdiction in any country whose citizen had purchased stock of a company they had audited; the same would be true, of course, of accountants operating solely in the United States. Although such worldwide reliance may be, in a sense, foreseeable, it is not sufficiently so to constitute a basis of personal jurisdiction consonant with due process.

A fortiori is that conclusion apt when, as in this case, the shares of the Ariel Fund have never been registered for sale in the United States and their expected purchasers are, for tax reasons, likely to be foreign.

The state law claims likewise must be dismissed for lack of personal jurisdiction. Claims against BDO Cayman by an individual Ariel Fund shareholder were recently dismissed for lack of personal jurisdiction over BDO Cayman. CRT Investments, Limited v. Merkin, Index No. 601052/09, slip op. at 15-20 (N.Y. Sup. Ct. May 7, 2010). New York Supreme Court held that BDO Cayman's conduct could not support exercise of jurisdiction under any prong of New York's long-arm statute because "[t]he center of gravity of BDO Cayman's auditing services was not in New York, but was in the Cayman Islands" and "[t]he location of financial consequences in New York due to the fortuitous location of plaintiffs in New York is insufficient where the

underlying events took place outside of New York." Id. at 17, 19. The court concluded that the plaintiff failed even to make a sufficient showing to warrant jurisdictional discovery. Id. at 21. The same analysis applies here.

All of plaintiffs' claims against BDO Cayman and Limited must be dismissed for lack of personal jurisdiction.

## II. THE COMPLAINT MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Even if this Court were to exercise jurisdiction over BDO Cayman or Limited, it would still have to dismiss this action as a matter of law. In addition to the arguments contained in BDO USA's memorandum that are incorporated by reference, BDO Cayman and Limited make the following points peculiar to them:

### A. Lack of Standing[4]

Plaintiffs' claims against BDO Cayman and Limited stem entirely from the loss of value of the Ariel Fund, a Cayman Islands corporation (¶¶ 7, 27-28). As such, they lack standing to assert it, as the claim properly belongs to the corporation.

Cayman Islands law governs. Under established New York choice of law precedents, the law of place of incorporation is applicable to corporate governance issues. E.g., Zion v. Kurtz, 50 N.Y.2d 92, 100, 428 N.Y.S.2d 199, 203, 405 N.E.2d 681, 684 (1980); Venturetek, L.P. v. Rand Publ'g Co., Inc., 39 A.D.3d 317, 833 N.Y.S.2d 93 (1st Dep't 2007); Hart v. General Motors Corp., 129 A.D.2d 179, 517 N.Y.S.2d 490 (1st Dep't 1987). For the reasons set forth above and in the Trenouth and Bickerton

---

[4] Lack of standing may also fall under the rubric of lack of subject matter jurisdiction. American Tissue, Inc. v. Arthur Andersen, L.L.P., 275 F. Supp. 2d 398, 403 (S.D.N.Y. 2003). For that reason BDO Cayman and Limited have also moved under Fed. R. Civ. P. 12(b)(1).

NYC 346500.7                                6

declarations, the same result would appertain if a grouping of contacts or interest analysis were (erroneously) applied.

Under Cayman Islands law, a shareholder generally lacks standing to sue for a wrong done to a corporation. Winn v. Schafer, 499 F. Supp. 2d 390, 393, 396 (S.D.N.Y. 2007) (applying Cayman Islands law); Declaration of Graeme Halkerston, July 30, 2010 ¶¶ 14-16 (discussing Caparo Industries plc v. Dickman, [1990] 2 A.C. 605 (House of Lords)). A claim falls within this rubric if there is a proportionate decrease in the value of the claimant's stock. Halkerston Decl. ¶ 15.

As such is the case here, any action would have to be brought, if at all, as a derivative action. Because the Complaint is not pleaded as a derivative action and no effort has been made to meet the requirements of Fed. R. Civ. P. 23.1, it must be dismissed.

B. No Claim Stated Under United States Securities Laws

Plaintiffs' claims under section 10(b) of the Securities and Exchange Act and rule 10b-5 thereunder must be dismissed for failure to state a claim. The Supreme Court recently held that section 10(b) and rule 10b-5 apply solely to deceptive conduct in connection with "transactions in securities listed on domestic exchanges, and domestic transactions in other securities." Morrison v. National Australia Bank Ltd., __ S. Ct. __, 2010 WL 2518523, at *11 (U.S.). Neither nexus is alleged.

The claims against BDO Cayman and Limited relate solely to plaintiffs' purchases of shares of the Ariel Fund, an offshore hedge fund in the Cayman Islands (¶ 34). The Complaint contains no allegation (and none could be made) that such shares are traded on a domestic exchange or that plaintiffs purchased their shares in domestic

NYC 346500.7  7

transactions. Further, the Ariel Fund Limited Offering Memorandum, a copy of which is annexed as exhibit B to the Greenberg declaration, provides that prospective purchasers must submit subscription documents to the fund's registrar, a Cayman Islands company, at its address in the Cayman Islands. Greenberg Decl. exh. B at 23-24.[5] Accordingly, the section 10(b) and rule 10b-5 claims must be dismissed as a matter of law.

### C. No Claim Stated Under Cayman Islands or BVI Law

Even if the inherently derivative nature of the Complaint were ignored, this case would have to be dismissed on the face of the Complaint. The law of the Cayman Islands and of the BVI governs because New York's conflict of laws rule provides that the law of the jurisdiction in which the allegedly tortious conduct occurred applies in cases such as this. Cooney v. Osgood Mach., Inc., 81 N.Y.2d 66, 72, 595 N.Y.S.2d 919, 922, 612 N.E.2d 277, 280 (1993) (holding that, when the laws in conflict are conduct-regulating, rather than loss-allocating, "the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders").

There are two overriding guideposts. First, absent definitive case law to the contrary, the Cayman Islands and BVI follow English law. See Halkerston Decl. ¶ 9; Simpson Decl. ¶ 5. Second, the Cayman Islands and BVI are pro-business jurisdictions, and their courts accordingly have been very reluctant to hold professionals liable except in the most limited circumstances, based on their view that fees for such

---

[5] The Complaint incorporates the Offering Memorandum by reference. Rothman v. Gregor, 220 F.3d 81, 89 (2d Cir. 2000).

NYC 346500.7        8

services reflect the allocation of risk by market participants. Halkerston Decl. ¶ 12; Simpson Decl. ¶ 13. Those principles inform the analysis that follows.

    a.    <u>Fraud</u>

Plaintiffs' only argument is that the unqualified audit opinion was fraudulent, but there are no factual allegations supporting an assertion of <u>scienter</u> against BDO Cayman or Limited with respect to that opinion. Such allegations are insufficient as a matter of law.

    b.    <u>Negligent Misrepresentation</u>

The relevant law does not recognize a shareholder's standing to assert a claim for negligent misrepresentation, again with exceptions that are inapplicable. Halkerston Decl. ¶¶ 14-18; Simpson Decl. ¶ 10-13. The mere fact that an audit opinion is addressed to a shareholder is insufficient to give that shareholder standing to sue the auditor for negligence or negligent misrepresentation. Halkerston Decl. ¶ 16; Simpson Decl. ¶ 13. Accordingly, the negligent misrepresentation claim must be dismissed. Halkerston Decl. ¶ 19; Simpson Decl. ¶ 13.

    c.    <u>Breach of Fiduciary Duty</u>

Under the law of the Cayman Islands and the BVI, no fiduciary duty exists under the circumstances presented here. Halkerston Decl. ¶ 23-24; Simpson Decl. ¶ 14. Thus, this claim must be dismissed.

    d.    <u>Aiding and Abetting Breach of Fiduciary Duty</u>

There is no such cause of action under the law of the Cayman Islands or the BVI. Halkerston Decl. ¶ 25; Simpson Decl. ¶ 14. Thus, the aiding and abetting breach of fiduciary duty claim must be dismissed.

NYC 346500.7        9

  e. <u>Unjust Enrichment</u>

This claim seeks repayment of all fees paid by Ariel Fund to BDO Cayman and Limited. Under the law of the Cayman Islands or the BVI, such a claim can only be brought as a breach of contract or tort claim by the Ariel Fund, not its shareholders. Halkerston Decl. ¶ 27; Simpson Decl. ¶ 14. Accordingly, this claim must be dismissed.

### III. THE STATUTE OF LIMITATIONS BARS THE CLAIMS AGAINST LIMITED.

Finally, with respect to Limited, the statute of limitations bars the federal securities claim and state law claims not sounding in fraud. The last audit opinion on Ariel Fund's financials that Limited issued was with respect to the fund's fiscal year 2001 financial statements. Bickerton Decl. ¶ 6.[6] That opinion was issued on approximately May 22, 2002. <u>Id.</u> Each of these claims therefore accrued then or soon thereafter. <u>E.g.</u>, <u>In re Comverse Tech., Inc. Secs. Litig.</u>, 543 F. Supp. 2d 134, 155 (E.D.N.Y. 2008) (five-year period of repose of 28 U.S.C. § 1658(b) runs from date of allegedly fraudulent disclosure); <u>Golden Pac. Bancorp v. FDIC</u>, 273 F.3d 509, 520 (2d Cir. 2001) (unjust enrichment claim accrues upon occurrence of wrongful act giving rise to duty of restitution); <u>Doss, Inc. v. Christie's Inc.</u>, 2009 WL 3053713, at *3 (S.D.N.Y.) ("'A cause of action based on negligent misrepresentation accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff'") (citation omitted); <u>Kaufman v. Cohen</u>, 307 A.D.2d 113, 121-23 & nn.3-4, 126-27, 760 N.Y.S.2d 157, 166-67 & nn.3-4, 170 (1st Dep't 2003) (discovery accrual rule does not apply to breach of

---

[6] Although the Complaint does not plead the dates on which Limited and BDO Cayman, respectively, issued their audit opinions, it does plead the audit opinions and their contents. Thus, they are deemed incorporated into the Complaint, as the BDO USA memorandum notes. In the interest of paper conservation, Limited has presented Mr. Bickerton's declaration.

NYC 346500.7    10

fiduciary duty or aiding and abetting breach of fiduciary duty claims premised on constructive fraud or negligence). The breach of fiduciary duty claim alleged in the Complaint is not premised on actual fraud by Limited. See ¶ 255 (alleging that the "BDO Defendants failed to adhere to applicable standards and guidelines, adequately investigate the Funds' investments and discover that the assets of the Funds were invested, in whole or in part, in a Ponzi scheme").

Plaintiffs commenced this action on March 4, 2009, and first named Limited as a defendant in the second amended complaint, which was filed on March 1, 2010. Thus, even assuming the claims against Limited relate back to the original filing date (and they do not, see Fed. R. Civ. P. 15(c)), almost seven years passed between the accrual of claims against Limited and this action's commencement.

A private action under rule 10b-5 must be commenced before the earlier of "2 years after the discovery of the facts constituting the violation" and "5 years after such violation." 28 U.S.C. § 1658(b). As seen, any alleged violation by Limited occurred more than five years ago.

Likewise, each of the state law claims (other than common law fraud and the aiding and abetting breach of fiduciary duty claim to the extent premised on allegations of actual and not constructive fraud by Limited) accrued no later than sometime in 2002, when Limited issued its final audit opinion on the Ariel Fund. As a result, these state law claims are barred. Calcutti v. SBU, Inc., 224 F. Supp. 2d 691, 700 (S.D.N.Y. 2002) (negligent misrepresentation subject to three-year statute); Sirico v. F.G.G. Prods. Inc., 71 A.D.3d 429, 434, 896 N.Y.S.2d 61, 66 (1st Dep't 2010) (unjust enrichment claim generally subject to six-year limitations period); Ciccone v. Hersh, 530

F. Supp. 2d 574, 579 (S.D.N.Y. 2008) (breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims subject to three-year limitations period when plaintiff seeks money damages); see Heffernan v. Marine Midland Bank, N.A., 283 A.D.2d 337, 338, 727 N.Y.S.2d 60 (1st Dep't 2001) (breach of fiduciary duty claim not involving allegations of actual fraud governed by three-year limitations period).

Accordingly, all claims against Limited save those premised on allegations of Limited's actual fraud are time-barred. Further, even those claims premised on fraudulent conduct by Limited may be time-barred but are not the subject of this motion.[7]

## CONCLUSION

Plaintiffs may not maintain this action against BDO Cayman and Limited. It should be dismissed.

Dated: New York, NY
July 30, 2010

                Respectfully submitted,

                /s/
                Ira G. Greenberg
                Florence A. Crisp
                EDWARDS ANGELL PALMER & DODGE LLP
                Attorneys for Defendants BDO Cayman Islands
                  and BDO Limited
                750 Lexington Avenue, 8th floor
                New York, NY 10022
                (212) 308-4411

---

[7] It is not clear which jurisdiction's or jurisdictions' statute of limitations applies to any individual plaintiff's fraud-based claims under CPLR 202. If the action is not dismissed on other grounds, Limited reserves its right to move to dismiss the fraud and aiding and abetting breach of fiduciary duty claims later on this ground.

NYC 346500.7                 12