# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

In re

J. EZRA MERKIN AND BDO SEIDMAN
SECURITIES LITIGATION

No. 08 Civ. 10922 (DAB)

----------------------------------------------------------X

# MEMORANDUM OF DEFENDANT BDO USA, LLP
## AS REQUIRED BY ORDER ON MOTION FOR RECONSIDERATION

Ira G. Greenberg
Tracy A. Hannan
EDWARDS WILDMAN PALMER LLP
Attorneys for Defendant BDO USA, LLP
750 Lexington Avenue, 8th floor
New York, NY 10022
(212) 308-4411

America 17110018.1

## TABLE OF CONTENTS

Page

Table of Authorities ......................................................................................................... ii

Introduction ....................................................................................................................... 1

A.    Bases for Dismissal of All Claims Under Consideration ........................................ 1

     1.    SLUSA Preemption ................................................................................... 1

     2.    Holder Claims ............................................................................................ 3

B.    Analysis of Claims Individually ............................................................................... 4

     1.    Unjust Enrichment .................................................................................... 4

     2.    Breach of Fiduciary Duty .......................................................................... 5

     3.    Aiding and Abetting Breach of Fiduciary Duty ......................................... 6

C.    Denial of Supplemental Jurisdiction ....................................................................... 8

CONCLUSION .................................................................................................................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Able Energy, Inc. v. Marcum & Kliegman LLP,
  69 A.D.3d 443, 893 N.Y.S.2d 36 (1st Dep't 2010) ..................................................5

Anwar v. Fairfield Greenwich, Ltd.,
  728 F. Supp. 2d 372 (S.D.N.Y. 2010) .....................................................................7

Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc.,
  18 N.Y.3d 341, 962 N.E.2d 765; 939 N.Y.S.2d 274 (2011) ....................................1

Cobb v. Chubb Corp.,
  2005 U.S. Dist. LEXIS 26300 (S.D.N.Y. Nov. 2, 2005) ...........................................8

Continental Cas. Co. v. PricewaterhouseCoopers LLP,
  2007 WL 3992606 (N.Y. Sup. Ct., New York County), aff'd, 57 A.D.3d 411,
  869 N.Y.S.2d 506 (1st Dep't 2008), aff'd, 15 N.Y.3d 264, 933 N.E.2d 738, 907
  N.Y.S.2d 139 (2010) ...............................................................................................4

Credit Alliance Corp. v. Arthur Andersen & Co.,
  65 N.Y.2d 536, 493 N.Y.S.2d 435, 483 N.E.2d 110 (1985) ....................................6

CRT Invs., Ltd. v. Merkin,
  29 Misc. 3d 1218A; 918 N.Y.S.2d 397; 2010 N.Y. Misc. LEXIS 5282 (Sup. Ct.,
  New York County, 2010), aff'd sub nom. CRT Invs., Ltd. v. BDO Seidman,
  LLP, 85 A.D.3d 47, 925 N.Y.S.2d 439 (1st Dep't 2011) .........................................7

DG Liquidation, Inc. v. Anchin, Block & Anchin, LLP,
  300 A.D.2d 70, 750 N.Y.S.2d 753 (1st Dep't 2002) ...............................................5

Eurycleia Partners, LP v. Seward & Kissel, LLP,
  46 A.D.3d 400, 849 N.Y.S.2d 510 (1st Dep't 2007), aff'd, 12 N.Y.3d 553, 883
  N.Y.S.2d 147, 910 N.E.2d 976 (2009) ....................................................................6

In re Stillwater Capital Partners Inc. Litig.,
  2012 U.S. Dist. LEXIS 29703 (S.D.N.Y. Mar. 5, 2012) ...........................................2

In re Warnaco Group, Inc. Sec. Litig.,
  388 F. Supp. 2d 307 (S.D.N.Y. 2005), aff'd sub nom. Lattanzio v. Deloitte &
  Touche LLP, 476 F.3d 147 (2d Cir. 2007) ..........................................................5, 6

Instituto de Prevision Militar v. Merrill Lynch,
  546 F.3d 1340 (11th Cir. 2008) ..............................................................................2

Jones v. PricewaterhouseCoopers, LLP,
 6 Misc. 3d 1014(A), 800 N.Y.S.2d 348 (Sup. Ct., New York County, 2004) ............... 3

JSMS Rural L.P. v. GMG Capital Partners III,
 2006 U.S. Dist. LEXIS 46080 (S.D.N.Y. July 6, 2006) ............................................... 8

Kaufman v. Cohen,
 307 A.D.2d 113, 760 N.Y.S.2d 157 (1st Dep't 2003) ............................................. 6, 7

Kingdom 5-KR-41, Ltd. v. Star Cruises PLC,
 2004 WL 444554 (S.D.N.Y. Mar. 10, 2004) ............................................................... 2

Litman v. Prudential-Bache Properties, Inc.,
 611 A.2d 12 (Del. Ch. 1992) ....................................................................................... 3

McCullagh v. Merrill Lynch & Co.,
 2002 WL 362774 (S.D.N.Y. Mar. 6, 2002) ................................................................. 2

Rahl v. Bande,
 328 B.R. 387, 2005 U.S. Dist. LEXIS 15576 (S.D.N.Y. 2005) ................................... 5

Resolution Trust Corp. v. KPMG Peat Marwick,
 844 F. Supp. 431 (N.D. Ill. 1994) ................................................................................ 5

Saltz v. First Frontier, L.P.,
 2010 WL 5298225 (S.D.N.Y. Dec. 23, 2010), aff'd mem., 2012 WL 2096399
 (2d Cir. June 12, 2012) ............................................................................................... 4

Stephenson v. Citco Grp. Ltd.,
 700 F. Supp. 2d 599 (S.D.N.Y. 2010), aff'd mem. in pertinent part sub. nom.,
 Stephenson v. PricewaterhouseCoopers, LLP, 2012 U.S. App. LEXIS 10017
 (2d Cir. May 18, 2012) ................................................................................................ 4

Tal v. Superior Vending, LLC,
 20 A.D.3d 520, 799 N.Y.S.2d 532 (2d Dep't 2005) .................................................... 5

Tooley v. Donaldson, Lufkin & Jenrette, Inc.,
 845 A.2d 1031 (Del. 2004) ..................................................................................... 3, 4

Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,
 56 A.D.3d 1, 865 N.Y.S.2d 14 (1st Dep't 2008) ......................................................... 7

White v. Guarente,
 43 N.Y.2d 356, 372 N.E.2d 315, 401 N.Y.S.2d 474 (1977) ....................................... 6

Yudell v. Gilbert,
 949 N.Y.S.2d 380 (1st Dep't 2012) ............................................................................. 3

**Statutes**

15 U.S.C. § 78bb(f)(1)(A) ...................................................................................... 2

28 U.S.C. § 1367(c)(3) .......................................................................................... 8

Del. Code Ann. tit. 6, § 17-201(b) ........................................................................ 3

Defendant BDO USA, LLP (f/k/a BDO Seidman, LLP) submits this memorandum as the Court's order of September 10 required in order to explain why, notwithstanding Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Mgmt. Inc., 18 N.Y.3d 341, 962 N.E.2d 765, 939 N.Y.S.2d 274 (2011), it is entitled to dismissal of the common law non-fraud counts of the complaint.[1] The order requires defendants to address claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty,[2] gross negligence, and unjust enrichment. BDO will not address gross negligence, as class plaintiffs did not allege that count against it. BDO will not recite the allegations of the operative complaint here because the Court is already thoroughly familiar with them.

A.   Bases for Dismissal of All Claims Under Consideration

There are two bases for dismissal of all of these claims, in whole or in part.

1.   SLUSA Preemption.

The first is SLUSA. This Court correctly held that SLUSA barred class plaintiffs' state law claims for fraud and negligent misrepresentation. But SLUSA also bars their state law claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, and unjust enrichment.

There are five elements to SLUSA preclusion: (a) a covered class action, (b) brought under state law, (c) alleging misrepresentation or omission of a material fact,

---

[1] BDO understands the other state law claims to have been dismissed either for lack of scienter or on account of preemption under SLUSA. It begs leave to submit a further brief if its understanding is incorrect.

[2] The order did not direct briefing on the claim for aiding and abetting breach of fiduciary duty. Nevertheless, because it appears that its dismissal rested on Martin Act preemption, out of an abundance of caution BDO is addressing that claim also.

America 17110018.1                                     1

(d) in connection with the purchase or sale, (e) of a covered security. 15 U.S.C. § 78bb(f)(1)(A). The remaining state law claims satisfy each element.

The only apparent basis upon which class plaintiffs may seek to escape dismissal, given the Court's previous holding that this is a covered class action, is (c). Class plaintiffs, however, expressly incorporate their allegations that BDO made material misrepresentations and omissions into each of these claims, and all of them rest on the same allegations of misrepresentation as did the fraud claims. See Third Amended Complaint ¶¶ 253, 258, 269.

It does not matter that misrepresentations are not an element of these causes of action. The only thing that matters is that the factual allegations that actually underlie these claims involve misrepresentations or omissions of material facts. See, e.g., Instituto de Prevision Militar v. Merrill Lynch, 546 F.3d 1340, 1350 (11th Cir. 2008) (negligence and breach of fiduciary duty claims precluded because "one of the main building blocks of the second amended complaint is that [defendant] failed to stop the fraudulent misrepresentations that induced [plaintiff] to invest"); In re Stillwater Capital Partners Inc. Litig., 2012 U.S. Dist. LEXIS 29703, *30-32 (S.D.N.Y. Mar. 5, 2012) (where a material misrepresentation or omission in connection with an investment was a "necessary component" of plaintiff's breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims, those claims were precluded by SLUSA); Kingdom 5-KR-41, Ltd. v. Star Cruises PLC, 2004 WL 444554 (S.D.N.Y. Mar. 10, 2004) (unjust enrichment claim precluded by SLUSA); McCullagh v. Merrill Lynch & Co., 2002 WL 362774 (S.D.N.Y. Mar. 6, 2002) (breach of fiduciary duty and unjust enrichment claims based upon broker's failure to provide customers with objective advisory services

precluded under SLUSA). For this reason alone, the New York Court of Appeals' decision in Assured Guarantee does not require the Court to reinstate the complaint that it dismissed.

    2. Holder Claims. The second generally applicable ground is standing as applied to holder claims. Class plaintiffs assert claims both as purchasers of limited partnership interests and as holders of those interests. In the latter capacity, they assert essentially that BDO's errors caused them not to redeem, but rather to hold, limited partnership interests that they had already purchased. All such holder claims are subject to dismissal as derivative, rather than direct, as only the limited partnerships have standing to sue on them.

    The fact that the partners ultimately gain or lose as the fund gains or loses does not help class plaintiffs here. The funds are separate entities. Del. Code Ann. tit. 6, § 17-201(b). Ultimately natural persons own entities, directly or indirectly. Yet just as a corporate shareholder may not sue to be made whole for every tort allegedly committed against a corporation, see, e.g., Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1039 (Del. 2004); Yudell v. Gilbert, 949 N.Y.S.2d 380 (1st Dep't 2012) (not officially reported) (adopting Tooley for differentiating direct from derivative claims in New York courts), a limited partner may not sue for injury to a limited partnership, e.g., Litman v. Prudential-Bache Properties, Inc., 611 A.2d 12, 16-17 (Del. Ch. 1992); Jones v. PricewaterhouseCoopers, LLP, 6 Misc. 3d 1014(A), 800 N.Y.S.2d 348 (Sup. Ct., New York County, 2004). Rather, a limited partner "must demonstrate that the duty breached was owed to [him or her] and that he or she can prevail without showing an

injury to the" limited partnership. Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d at 1039. Class plaintiffs cannot meet this standard.

As the New York courts held in an analogous case:

> [P]laintiffs do not claim that PWC performed any audit on their behalf either before or after their investments. Nor do plaintiffs show a breach of a duty PWC owed to them independent of any duty owed to the Partnerships. Thus, the injuries that plaintiffs suffered derived from their status as limited partners. Any duty that PWC owed to the limited partners was derivative of PWC's obligations to the limited partnership. Plaintiffs' resulting injury is attributable to a loss the limited partnerships suffered and then to plaintiffs through the allocation of those losses on a pro rata basis. For the foregoing reasons, PWC has demonstrated that plaintiffs' claims are derivative, not direct.

Continental Cas. Co. v. PricewaterhouseCoopers LLP, 2007 WL 3992606 (N.Y. Sup. Ct., New York County), aff'd, 57 A.D.3d 411, 869 N.Y.S.2d 506 (1st Dep't 2008), aff'd, 15 N.Y.3d 264, 933 N.E.2d 738, 907 N.Y.S.2d 139 (2010).

Consistent with the state courts' holding, this Court, affirmed in unpublished opinions, reached essentially the same conclusion in other Madoff-related cases. Stephenson v. Citco Grp. Ltd., 700 F. Supp. 2d 599, 610-11 (S.D.N.Y. 2010) (breach of fiduciary duty claim), aff'd mem. in pertinent part sub nom., Stephenson v. PricewaterhouseCoopers, LLP, 2012 U.S. App. LEXIS 10017, *6 (2d Cir. May 18, 2012) (unpublished opinion); Saltz v. First Frontier, L.P., 2010 WL 5298225, *11-12 (S.D.N.Y. Dec. 23, 2010) (breach of fiduciary duty, unjust enrichment, and aiding and abetting breach of fiduciary claims), aff'd mem., 2012 WL 2096399 (2d Cir. June 12, 2012) (unpublished opinion). The same result is required here.

B. <u>Analysis of Claims Individually</u>. Dismissal also follows when each of the remaining claims is examined individually.

1. <u>Unjust Enrichment</u>. Consistent with the foregoing analysis, the unjust enrichment claim, seeking the return of auditing fees, was properly dismissed because class plaintiffs are not the proper parties to bring that claim. Members of the class suffered no injury until they purchased their limited partnership interests. After they did so, the funds, not they, paid the fees that this action now seeks to recover. Effectively acknowledging this point, the third amended complaint (¶ 274) asks that the fees be refunded to the funds and not to the class.

2. <u>Breach of Fiduciary Duty</u>. The breach of fiduciary duty claim fails for a different reason: the absence of any such duty.

An independent auditor, such as BDO, owes no fiduciary duty to the entity under audit, here the funds. See, e.g., <u>Able Energy, Inc. v. Marcum & Kliegman LLP</u>, 69 A.D.3d 443, 444, 893 N.Y.S.2d 36, 37 (1st Dep't 2010); <u>DG Liquidation, Inc. v. Anchin, Block & Anchin, LLP</u>, 300 A.D.2d 70, 750 N.Y.S.2d 753 (1st Dep't 2002). An auditor owes no such duty because it is required to be completely independent of the client. E.g., <u>Resolution Trust Corp. v. KPMG Peat Marwick</u>, 844 F. Supp. 431 (N.D. Ill. 1994); see <u>Rahl v. Bande</u>, 328 B.R. 387, 402, 2005 U.S. Dist. LEXIS 15576, at *20-21 (S.D.N.Y. 2005) (officer of corporation, as fiduciary, owes it full and undivided loyalty, while auditor has duty of independence).

As investors are even one more step removed, <u>a fortiori</u> an auditor owes no fiduciary duty to the owners of the entity under audit. See, e.g., <u>In re Warnaco Group, Inc. Sec. Litig.</u>, 388 F. Supp. 2d 307, 318 (S.D.N.Y. 2005) ("An accounting firm retained to audit the financial statement of a company does not stand in a fiduciary relationship with that company's shareholders"), aff'd sub nom. <u>Lattanzio v. Deloitte &</u>

Touche LLP, 476 F.3d 147 (2d Cir. 2007); Tal v. Superior Vending, LLC, 20 A.D.3d 520, 521, 799 N.Y.S.2d 532, 533 (2d Dep't 2005).

Prospective investors are yet another step removed. See, e.g., In re Warnaco Group, Inc. Sec. Litig., 388 F. Supp. 2d at 318-19 (dismissing breach of fiduciary duty claim by purchasers, to whom auditor owed no fiduciary duty); cf. Eurycleia Partners, LP v. Seward & Kissel, LLP, 46 A.D.3d 400, 402, 849 N.Y.S.2d 510, 512 (1st Dep't 2007), aff'd, 12 N.Y.3d 553, 883 N.Y.S.2d 147, 910 N.E.2d 976 (2009).

The existence or nonexistence of a fiduciary duty is an entirely separate inquiry from the existence or nonexistence of standing. Whether a partner or prospective investor in a limited partnership has standing to sue the partnership's accountants on other legal theories does not inform, one way or the other, about the possible breach of a fiduciary duty based on the same alleged conduct. Thus, cases such as White v. Guarente, 43 N.Y.2d 356, 372 N.E.2d 315, 401 N.Y.S.2d 474 (1977), and Credit Alliance Corp. v. Arthur Andersen & Co., 65 N.Y.2d 536, 551, 493 N.Y.S.2d 435, 443, 483 N.E.2d 110, 118 (1985), which class plaintiffs cited on the original briefing of BDO's motion to dismiss, have nothing to do with whether this count survives.

3.   <u>Aiding and Abetting Breach of Fiduciary Duty</u>. Finally, the claim for aiding and abetting a breach of fiduciary duty fails for not pleading its required elements.

"A claim for aiding and abetting a breach of fiduciary duty requires: (1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." Kaufman v. Cohen, 307 A.D.2d 113, 125, 760 N.Y.S.2d 157, 169 (1st Dep't 2003). In connection with the second element, "there must be an allegation that such

defendant had actual knowledge of the breach of duty"; "[c]onstructive knowledge of the breach of fiduciary duty by another is legally insufficient." Id. Moreover, the defendant must have provided "'substantial assistance'" to the primary violator, which only occurs when it "affirmatively assists, helps conceal or fails to act when required to do so." Id. at 126, 760 N.Y.S.2d at 170.

Presumably the third amended complaint relies on Merkin's alleged breach of fiduciary duty for the first element; but it is devoid of any allegations that BDO USA had actual knowledge of such a breach (part of the second element). To the contrary, it alleges (¶ 261) that BDO USA may have "recklessly ignored information that indicated or should have indicated" that Merkin and Gabriel Capital "did not have [a] genuine belief [in] or a reasonable basis" for their financial statements. That allegation is inconsistent with maintaining this claim. See, e.g., Anwar v. Fairfield Greenwich, Ltd., 728 F. Supp. 2d 372, 458 (S.D.N.Y. 2010); CRT Invs., Ltd. v. Merkin, 29 Misc. 3d 1218A; 918 N.Y.S.2d 397; 2010 N.Y. Misc. LEXIS 5282 (Sup. Ct., New York County, 2010), aff'd sub nom. CRT Invs., Ltd. v BDO Seidman, LLP, 85 A.D.3d 47, 925 N.Y.S.2d 439 (1st Dep't 2011) (dismissing aiding and abetting claim for failure to allege BDO's actual knowledge or substantial assistance).

Likewise, the third amended complaint (¶ 262) does not allege that BDO USA knowingly induced or participated in the breach (the remainder of the second element). Rather, it alleges only that BDO USA incorrectly "issu[ed] clean audit opinions." But substantial assistance means more than performing routine business or professional services. See, e.g., Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker, 56 A.D.3d 1, 12, 865 N.Y.S.2d 14, 23 (1st Dep't 2008). Rather, substantial

America 17110018.1                              7

assistance connotes intentional participation in furthering the primary offender's wrongdoing. Kaufman v. Cohen, 307 A.D.2d at 126, 760 N.Y.S.2d at 170. The third amended complaint contains no such averments.

      C.    <u>Denial of Supplemental Jurisdiction</u>. Even if the Court were to reject all of the grounds for dismissal of these claims on their merits, it should still dismiss. Because there are no remaining federal law claims and proceedings have not gone beyond the motion to dismiss stage, the Court should decline to exercise supplemental jurisdictionfor the same reasons set out in its original order (at 37 n.16) for the remaining state law claims against Merkin in the tagalong Croscill and Fuchs actions. 28 U.S.C. § 1367(c)(3); see, e.g., JSMS Rural L.P. v. GMG Capital Partners III, 2006 U.S. Dist. LEXIS 46080, *20-21 (S.D.N.Y. July 6, 2006); Cobb v. Chubb Corp., 2005 U.S. Dist. LEXIS 26300, * 7 (S.D.N.Y. Nov. 2, 2005).

## CONCLUSION

The Court should deny the motion for reargument on the claims on which it reserved decision.

Dated: New York, NY
       September 20, 2012

                              Respectfully submitted,

                              */s/ Ira G. Greenberg*
                              Ira G. Greenberg
                              Tracy A. Hannan
                              EDWARDS WILDMAN PALMER LLP
                              Attorneys for Defendant BDO USA, LLP
                              750 Lexington Avenue, 8th floor
                              New York, NY  10022
                              (212) 308-4411