EDWARDS WILDMAN

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

Ira G. Greenberg
+1 212 912 2756
fax +1 888 325 9157
igreenberg@edwardswildman.com

September 9, 2014

Honorable Deborah A. Batts
United States District Judge
500 Pearl Street
New York, NY 10007

      Re:  In re J. Ezra Merkin and BDO Seidman Secs. Lit., No. 08 Civ. 10922 (DAB)
           Croscill Inc. v. Gabriel Capital, L.P., No. 09 Civ. 6031 (DAB)
           Morris Fuchs Holdings, LLC v. Gabrial Capital, L.P., No. 09 Civ. 6483 (DAB)

Dear Judge Batts:

I apologize for the delay, but the enclosed decisions just recently came to my attention.

The first is the per curiam decision of the Court of Appeals for this Circuit in Trezziova v. Kohn, 753 F.3d 110 (2d Cir. 2014) (on petition for rehearing and rehearing en banc), and addresses the application of the Supreme Court's decision in Chadbourne & Park LLP v. Troice, 134 S. Ct. 1058 (2014), concerning SLUSA to Madoff-related fraud cases. Counsel for class plaintiffs had previously called the Supreme Court's decision to your attention.

The second is a decision of Judge Alison Nathan of this Court further analyzing SLUSA preemption in light of Trezziova. In re Harbinger Capital Partners Funds Investor Litigation, 2014 WL 3694991 (S.D.N.Y. decided July 7, 2014).

This supplemental authority is submitted on behalf of defendants BDO USA, LLP, BDO Cayman Islands, and BDO Limited in further response to your request for briefing on reconsideration of the order dismissing this action.

Respectfully,

*[signature]*

Ira G. Greenberg

Enclosures

cc: All counsel (by email)

AM 37202670.1

BOSTON • CHICAGO • HARTFORD • HONG KONG • ISTANBUL • LONDON • LOS ANGELES • MIAMI • MORRISTOWN
NEW YORK • ORANGE COUNTY • PROVIDENCE • STAMFORD • TOKYO • WASHINGTON DC • WEST PALM BEACH

753 F.3d 110
United States Court of Appeals,
Second Circuit.

In re HERALD, Primeo, and Thema.
Dana Trezziova, Neville Seymour Davis, Plaintiffs–Appellants–Petitioners,
Repex Ventures, S.A., on Behalf of Itself and all others Similarly
Situated, Schmuel Cabilly, Korea Exchange Bank, Plaintiffs,

v.

Sonja Kohn, Primeo Select Fund, Primeo Executive Fund, Hannes Saleta, Ernst & Young Global Limited, HSBC Securities Services (Luxembourg) S.A., HSBC Holdings PLC, Bank Medici, Unicredit, Bank Austria, Pioneer Global Asset Management S.P.A., Alfred Simon, Karl E. Kaniak, Hans–Peter Tiefenbacher, Johannes P. Spalek, Nigel H. Fielding, James E. O'Neill, Alberto LaRocca, Declan Murray, Ursula Radel–Leszcynski, Michael Wheaton, Ba Worldwide Fund Management, Ltd., Pioneer Alternative Investment Management Ltd., Bank of Bermuda (Cayman) Limited, Bank of Bermuda (Luxembourg) S.A., Bank of Bermuda Limited, Ernst & Young (Cayman), Alberto Benbassat, Stephane Benbassat, Genevalor, Benbassat & Cie, Gerald J.P. Brady, John Holliwell, Sonja Kohn, Daniel Morrissey, David T. Smith, Werner Tripolt, Bank Medici AG, Unicredit Spa, HSBC Institutional Trust Services (Ireland) Ltd., HSBC Securities Services (Ireland) Ltd., HSBC Holdings PLC, PricewaterHouseCoopers International Ltd., PricewaterhouseCoopers (Dublin), PricewaterHouseCoopers LLP, PricewaterHouseCoopers Bermuda, Thema Asset Management Limited, BA Worldwide Fund Management Limited, Peter Madoff, Andrew Madoff, Mark Madoff, William Fry, JPmorgan Chase & Co., Bank of New York Mellon, Herald (Lux), Messrs. Ferdinand Burg and Carlo Reding, The Court Appointed Liquidators for Herald (Lux), Herald Asset Management Limited, Unicredit Bank Austria AG, Herald USA Fund, Ernst & Young S.A., Friedrich Pfeffer, Franco Mugnai, Thema International Fund PLC, Defendants–Appellees–Respondents, Bernard L. Madoff, Bernard L. Madoff Investment Securities, Bank Medici S.A., Peter Scheithauer, Herald USA Fund, Herald Luxemburg Fund, Bank Austria Creditanstalt, Unicredit S.A., Pioneer Alternative Investments, HSBC Securities Services, S.A., Haml, Paul De Sury, Gabriel Safdie, William A. Jones, Helmuth E. Frey, Andreas Pirkner, Richard Goddard, Ernst & Young, Friehling & Horowitz, Defendants.

Docket Nos. 12–156–cv (L), 12–162.  |  Argued: April 5, 2013.
|  Petitions Filed Oct. 1, 2013.  |  Decided: May 28, 2014.

**Synopsis**
**Background:** Investors brought state law class action claims against investment firm's bankers for allegedly assisting in fraud committed by firm's multi-billion-dollar Ponzi scheme, to which assets in investors' foreign funds were allegedly funneled. The United States District Court for the Southern District of New York Berman, J., granted banks' motion to dismiss, 2011 WL 5928952. Investors appealed. The Court of Appeals, 730 F.3d 112, affirmed, and investors petitioned for panel rehearing or rehearing en banc.

**Holding:** The Court of Appeals held that investors attempted to take an ownership position in "covered securities" within meaning of the Securities Litigation Uniform Standards Act (SLUSA) when a Ponzi scheme fraudulently induced their attempted investments in such securities through intermediary feeder funds, and thus SLUSA precluded investors' state law class action claims against banks that allegedly furthered the scheme.

WestlawNext © 2014 Thomson Reuters. No claim to original U.S. Government Works.                   1

Petitions denied.

West Headnotes (1)

[1]     **Securities Regulation** ← Fraudulent or other prohibited practices

       **States** ← Securities and exchange regulations

       Investors attempted to take an ownership position in "covered securities" within meaning of the Securities Litigation Uniform Standards Act (SLUSA) when a Ponzi scheme fraudulently induced their attempted investments in such securities through intermediary feeder funds, and thus SLUSA precluded investors' state law class action claims against banks that allegedly furthered the scheme, although the Ponzi scheme fraudulently failed to follow through on its promise to place the investments in covered securities. Securities Exchange Act of 1934, § 28(f)(1), 15 U.S.C.A. § 78bb(f)(1).

       2 Cases that cite this headnote

**Attorneys and Law Firms**

**\*111** Eric Allen Isaacson (Joseph D. Daley, Robbins Geller Rudman & Dowd LLP; Francis A. Bottini, Jr., Albert Y. Chang, Bottini & Bottini, Inc.), Robbins Geller Rudman & Dowd LLP, San Diego, CA, for Plaintiff–Appellant–Petitioner Neville Seymour Davis.

Patrice L. Bishop, Stull, Stull & Brody, Beverly Hills, CA, for Plaintiff–Appellant–Petitioner Dana Trezziova.

Andrew Rhys Davies (Laura R. Hall), Allen & Overy LLP, New York, NY, for Defendant–Appellee–Respondent JPMorgan Chase & Co. Lewis J. Liman (Jeffrey A. Rosenthal), Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendant–Appellee–Respondent The Bank of New York Mellon Corporation.

Thomas G. Rafferty (Antony L. Ryan), Cravath, Swaine & Moore LLP, New York, NY, for Defendant–Appellee–Respondent PricewaterhouseCoopers (Dublin) on behalf of the "Forum Non Conveniens Defendants."

Thomas J. Moloney, David E. Brodsky, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Defendants–Appellees–Respondents HSBC Holdings PLC, HSBC Securities Services (Ireland) Limited, HSBC Institutional Trust Services (Ireland) Limited, and HSBC Securities Services (Luxembourg) S.A.

Michael E. Wiles, Debevoise & Plimpton LLP, New York, NY, for Defendants–Appellees–Respondents Alberto Benbassat, Stephane Benbassat, Genevalor, Benbassat & Cie, Gerald J.P. Brady, Daniel Morrissey, David T. Smith, Thema Asset Management Limited, and Thema International Fund PLC.

William R. Maguire, Marc A. Weinstein, Hughes Hubbard & Reed LLP, New York, NY, for Defendant–Appellee–Respondent Ernst & Young (Cayman).

**\*112** Michael S. Flynn, Davis Polk & Wardwell LLP, New York, NY, for Defendant–Appellee–Respondent PricewaterhouseCoopers LLP.

Sanford M. Litvack, Dennis H. Tracey, III, Lisa J. Fried, Hogan Lovells U.S. LLP, New York, NY, for Defendant–Appellee–Respondent PricewaterhouseCoopers Bermuda.

Jay P. Lefkowitz, Joseph Serino, Jr., David S. Flugman, Kirkland & Ellis LLP, New York, NY, for Defendants–Appellees–Respondents Herald USA Fund, Franco Mugnai, and Friedrich Pfeffer.

Jeff G. Hammel, Maria A. Barton, Latham & Watkins LLP, New York, NY, for Defendant–Appellee–Respondent Hannes Saleta.

Richard A. Martin, Katherine L. Maco, Alison K. Roffi, Orrick Herrington & Sutcliffe LLP, New York, NY, for Defendant–Appellee–Respondent Ernst & Young S.A.

Claudius O. Sokenu, John Gueli, Shearman & Sterling LLP, New York, NY, for Defendant–Appellee–Respondent Ernst & Young Global Limited.

Franklin B. Velie, Jonathan G. Kortmansky, Mitchell C. Stein, Sullivan & Worcester LLP, New York, NY, for Defendant–Appellee–Respondent UniCredit Bank Austria AG.

Price O. Gielen, Nathan Daniel Adler, Neuberger, Quinn, Gielen, Rubin & Gibber, P.A., Baltimore, MD, for Defendant–Appellee–Respondent Sonja Kohn.

Brett S. Moore, Porzio Bromberg & Newman P.C., New York, NY, for Defendant–Appellee–Respondent Herald (LUX) by and through Messrs. Ferdinand Burg and Carlo Reding, the Court–Appointed Liquidators for Herald (LUX).

Susan L. Saltzstein, Marco E. Schnabl, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for Defendant–Appellee–Respondent UniCredit S.p.A.

Mitchell J. Auslander, James C. Dugan, Wilkie Farr & Gallagher LLP, New York, NY, for Defendant–Appellee–Respondent William Fry.

Fraser L. Hunter, Jr., Wilmer Cutler Pickering Hale and Dorr LLP, New York, NY, for Defendant–Appellee–Respondent PricewaterhouseCoopers International Ltd.

Before: PARKER and CARNEY, Circuit Judges, and RAKOFF, District Judge.[*]

## Opinion

PER CURIAM:

On September 16, 2013, this Court filed an opinion affirming the judgment of the United States District Court for the Southern District of New York (Richard M. Berman, *Judge* ), which dismissed the plaintiffs' state-law claims against defendants JPMorgan Chase & Co. and Bank of New York Mellon Corporation as precluded by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. § 78bb(f). *In re Herald, Primeo, and Thema,* 730 F.3d 112 (2d Cir.2013) (holding that SLUSA precludes state-law class action claims against these banks because the claims are predicated on the banks' involvement with the fraudulent securities transactions of Bernard L. Madoff Investment Securities ("Madoff Securities")). Simultaneously, this Court filed a summary order affirming the District Court's dismissal of claims against the remaining defendants on the ground of *forum non conveniens. In re Herald, Primeo,* **\*113** *and Thema,* 540 Fed.Appx. 19 (2d Cir.2013).

Plaintiffs–Appellants Dana Trezziova and Neville Seymour Davis filed petitions seeking panel rehearing and rehearing en banc of both the SLUSA opinion and the *forum non conveniens* summary order. In view of the Supreme Court's grant of certiorari to an appeal from a Fifth Circuit judgment concerning the reach of SLUSA, we postponed a decision on these petitions. Now that we have reviewed the resulting Supreme Court opinion, *Chadbourne & Parke LLP v. Troice,* ––– U.S. ––––, 134 S.Ct. 1058, 188 L.Ed.2d 88 (2014), and received briefing from the parties concerning its effect on *In re Herald,* the petitions are ripe for determination. Because the fraud perpetrated by Madoff Securities was "material to a decision by one or more individuals

(other than the fraudster) to buy or to sell a 'covered security,' " *Troice,* 134 S.Ct. at 1066, the Supreme Court's ruling confirms the logic and holding of *In re Herald.* Accordingly, we deny the petitions.

Troice clarifies the scope of SLUSA by delineating an outer limit to its requirement that the fraud be "in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). Specifically, Troice arose from the scheme by Allen Stanford to induce victims to purchase certificates of deposit of the Stanford Investment Bank, certificates that were rendered worthless when Stanford's Ponzi scheme was revealed. But those certificates of deposit were indisputably not "covered securities," and the closest that the plaintiffs in Troice could get to statutorily defined "covered securities" was the allegation that Stanford induced purchase of the uncovered securities by, among other misrepresentations, vague promises that the Stanford Investment Bank had significant holdings in various covered securities.

This, the Supreme Court held, was too remote. The plaintiffs in *Troice* were not seeking, directly or indirectly, to purchase covered securities. *See Troice,* 134 S.Ct. at 1062. Thus, a plaintiff in *Troice* was entirely distinguishable from "a victim who took, *tried to take,* or maintained an ownership position in the statutorily relevant securities through 'purchases' or 'sales' induced by the fraud." *Id.* at 1067 (emphasis supplied).

Madoff Securities, by contrast, fraudulently induced attempted investments in covered securities, albeit through feeder funds (not alleged in the instant complaints as anything other than intermediaries), and the defendant banks are alleged to have furthered that scheme. Madoff Securities' victims thus "tried to take ... an ownership position in the statutorily relevant securities," *i.e.,* covered securities. That Madoff Securities (a Ponzi scheme) fraudulently failed to follow through on its promise to place the investments in covered securities does not in any respect remove this case from the ambit of SLUSA as defined in *Troice.*

We have considered the other arguments raised in the petitions, and they are without merit. Accordingly, we DENY the petitions for panel rehearing.

**Parallel Citations**

Fed. Sec. L. Rep. P 97,979

Footnotes

\*   The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

---

End of Document                                     © 2014 Thomson Reuters. No claim to original U.S. Government Works.

2014 WL 3694991
Only the Westlaw citation is currently available.
United States District Court,
S.D. New York.

In re HARBINGER CAPITAL PARTNERS FUNDS INVESTOR LITIGATION.

No. 12 Civ. 1244(AJN). | Signed July 7, 2014.

*MEMORANDUM & ORDER*

ALISON J. NATHAN, District Judge.

*1 Plaintiffs have moved for reconsideration of those portions of the Court's September 30, 2013 opinion dismissing certain of their claims as precluded by the Securities Litigation Uniform Standards Act ("SLUSA"), 15 U.S.C. § 78bb(f). On April 30, 2014, following oral argument, the Court announced that it would reserve decision on the motion until the Second Circuit issued a decision addressing the implications of *Chadbourne & Parke LLP v. Troice,* 134 S.Ct. 1058 (2014). The Second Circuit recently issued such a decision. *In re Herald, Primeo, and Thema,* Nos. 12–156–cv (L), 12–162, 753 F.3d 110, 2014 WL 2199774 (2d Cir. May 28, 2014) (*"Herald II"*). Having reviewed that opinion and the parties' submissions addressing it, the Court denies Plaintiffs' motion for reconsideration for the reasons set forth below.

This opinion assumes familiarity with the facts of this case from the Court's earlier opinions. Briefly, Plaintiffs in this putative class action invested in a family of hedge funds managed by entities affiliated with Defendants Philip Falcone and Harbinger Capital Partners LLC. Their core allegations are that Defendants made various misrepresentations and omissions about the funds' investment in SkyTerra Communications, Inc. ("SkyTerra"). With respect to these allegations, Plaintiffs' legal theory is that Defendants' misrepresentations and omissions induced investors to hold, rather than sell, their investments in the Harbinger funds. These "holder" claims may be brought only under state law. *See Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723 (1975). [1]

As relevant here, SLUSA precludes any class action brought under state law by "any private party alleging ... a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1). A security is a "covered security" if it is "listed, or authorized for listing, on a national securities exchange." 15 U.S.C. §§ 78bb(f)(5)(E), 77r(b)(1). In the September 30 opinion, this Court held that SLUSA precluded Plaintiffs' claims related to the SkyTerra investment because Defendants' alleged misrepresentations and omissions were made "in connection with" the funds' purchases of covered SkyTerra stock. This conclusion rested largely on *In re Herald, Primeo, and Thema,* 730 F.3d 112 (2d Cir.2013) (*"Herald I"*), in which the Second Circuit held that SLUSA precluded claims against certain banks for aiding and abetting Bernard Madoff's Ponzi scheme, despite the fact that the plaintiffs bought shares in Madoff feeder funds, not covered securities. In this case too, it was enough that Plaintiffs' claims were "predicated on Defendants' role in a scheme involving covered securities." Dkt. No. 125 at 25–26. The fact that Plaintiffs purchased interests in hedge funds, and not covered securities, was not relevant.

*Troice,* too, centered on SLUSA's "in connection with" requirement. The plaintiffs, victims of Allen Stanford's Ponzi scheme, purchased certificates of deposit ("CDs") issued by Stanford Bank, which promised a high, fixed rate of return purportedly generated by investing in marketable securities but actually produced by selling more CDs to investors. The Supreme Court held that these claims were not precluded because the plaintiffs themselves bought CDs, not covered securities. *Troice,* 134 S.Ct. at 1071–72. In moving for reconsideration, Plaintiffs point to language in *Troice* stating that "[a] fraudulent misrepresentation or omission is not made 'in connection with' ... a 'purchase or sale of a covered security' unless it is material to a decision by one

or more individuals (other than the fraudster) to buy or to sell a 'covered security.' " *Troice,* 134 S.Ct. at 1066. In this case, no one other than a fraudster bought or sold any covered securities as a result of Defendants' misrepresentations and omissions.

**\*2** But two other elements of Justice Breyer's majority opinion undermine the crisp standard that Plaintiffs emphasize. First, the majority clarified that it was not overruling *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,* 547 U.S. 71 (2006), which held that SLUSA precludes claims premised on a victim's *holding* covered securities-not just buying or selling them-because of a fraudster's misrepresentation or omission. *See Troice,* 134 S.Ct. at 1066. Second, Justice Breyer suggested that a claim is precluded if there is someone other than the fraudster "who took, who tried to take, who divested themselves of, who tried to divest themselves of, or who maintained *an ownership interest* in" covered securities. *Id.* (emphasis in original). The phrase "ownership interest" arguably implies that even an indirect investment in a covered security-"such as when a victim has 'some interest in the defendant's supposed portfolio' "-is enough to trigger preclusion. *Id.* at 1080 (Kennedy, J., dissenting) (quoting Brief of Respondents at 16, *Troice,* 134 S.Ct. 1058 (Nos.12–79, 12–86, 12–88)). Urging this broader reading, Defendants argue that their misrepresentations and omissions induced Plaintiffs to hold, through their investments in the Harbinger funds, "ownership interests" in the funds' assets, which included covered securities. Def. Opp. at 9. After concluding that both Plaintiffs' and Defendants' readings of *Troice* were plausible, this Court reluctantly decided to await guidance from the Second Circuit. Dkt. No. 189.

*Herald II,* in which the Second Circuit denied reconsideration of *Herald I,* vindicates Defendants' reading of *Troice* and is binding on this Court. In a short per curiam opinion, the panel stated that "the Supreme Court's ruling confirms the logic and holding of its earlier opinion. *Herald II,* 2014 WL 2199774, at \*1. The dispositive fact in *Troice,* the panel indicated, was that in purchasing CDs from Stanford Bank, the plaintiffs were "not seeking, *directly or indirectly,* to purchase covered securities." *Id.* (emphasis added). By contrast, Madoff's victims made "attempted investments in covered securities, albeit through feeder funds." *Id.* at \*2. In drawing this distinction, the Second Circuit unmistakably adopted a broad reading of *Troice* under which even an indirect ownership interest in covered securities-for instance, the interest conveyed by an investment in a feeder fund-triggers SLUSA preclusion. So if a victim brings a state law class action alleging that a fraudster induced her to hold even an indirect investment in a covered security-that is, if she "maintained an ownership interest" in that covered security because of an alleged misrepresentation or omission, *Troice,* 134 S.Ct. at 1066 (emphasis omitted)-her claim is also precluded. That is the fate of Plaintiffs' claims, which allege that Defendants' misrepresentations and omissions induced them to hold hedge fund investments that, like the Madoff feeder fund investments in *Herald,* conveyed an indirect ownership interest in covered securities (in this case, SkyTerra stock).

**\*3** Plaintiffs' arguments to the contrary are not persuasive. Plaintiffs claim that investors in the Harbinger funds "could not have been trying to take an ownership interest in covered securities" because Delaware law, under which the funds are organized, provides that a limited partner has "no interest in specific limited partnership property." Dkt. No. 190 at 2 (quoting 6 Del. C. § 17–701) (emphasis and internal quotation mark omitted). But if Plaintiffs' argument were a basis for avoiding SLUSA preclusion, one would expect the *Herald II* court to have undertaken a detailed analysis of whether, under the governing corporate law, [2] the Madoff feeder funds conveyed to their investors an interest in the property owned by the funds. Such an analysis does not appear in the Second Circuit's opinion. Instead, the court employed a functional approach that appeared to turn on the purpose of a plaintiff's investment. *See Herald II,* 2014 WL 2199774, at \*2 (stating that the Madoff victims "tried to take ... an ownership position" in covered securities by investing in the feeder funds). Under this approach, Plaintiffs resemble Madoff feeder-fund investors more than they do the *Troice* plaintiffs; one invests in a hedge fund to gain exposure to the assets held by the hedge fund. And while it is true that Plaintiffs' claims center on their *holding* of an indirect ownership interest, rather than an *attempt to take* such an interest, that distinction is irrelevant under *Troice* and *Dabit. See Troice,* 134 S.Ct. at 1067 (characterizing prior cases as finding preclusion when a victim "took, tried to take, *or maintained* an ownership position" in covered securities (emphasis added)).

Nor is it pertinent that the *Herald II* court described the Madoff feeder funds as mere "intermediaries." 2014 WL 219974, at \*2. Those feeder funds were not, as Plaintiffs argue, ' "intermediaries' between plaintiffs and covered securities," in supposed contrast to the Harbinger funds, which Plaintiffs characterize as "independently-managed investment vehicles." Dkt. No. 190 at

2. In fact, the feeder funds were intermediaries between the plaintiffs and Bernard L. Madoff Investment Securities ("BLMIS"), which itself purported to employ a "trading strategy" involving covered securities. *See Herald I,* 730 F.3d at 118. In other words, Madoff's victims did not simply invest in intermediaries that purchased covered securities; they invested in intermediaries that tunneled money to a (purported) independently managed investment vehicle. In that respect, they are precisely analogous to the Plaintiffs in this case, who bought into "feeder" funds that in turn tunneled money to the "master" funds through which Defendants actually bought and sold securities. Dkt. No. 125 at 3 (describing the Harbinger funds' "master-feeder" structure). Therefore, Plaintiffs' ownership interest in covered SkyTerra stock-which they allegedly held because of Defendants' misrepresentations and omissions-is no more remote than the interest that the *Herald* plaintiffs thought they were obtaining in the securities that BLMIS purportedly purchased.

**\*4** Finally, the Court does not see how it is relevant that, in *Herald,* BLMIS purportedly invested *only* in covered securities, while the Harbinger funds invested in *both* "covered and uncovered securities." Dkt. No. 190 at 2. If Plaintiffs were alleging that they had tried to purchase ownership interests in the securities owned by the Harbinger funds but were thwarted by Defendants' unlawful conduct, preclusion might be triggered only if they thought the Harbinger funds were buying covered securities. (Even then, Plaintiffs' concession that the Harbinger funds invested at least partly in covered securities would appear to be sufficient.) But Plaintiffs do not allege a thwarted attempt to obtain an ownership interest in unidentified securities that might have been covered; they allege that they were induced to hold an ownership interest in a specific security-SkyTerra stock-that they concede is covered.

\* \* \*

In short, *Herald II* affirms that *Herald I* remains binding precedent, and therefore defeats Plaintiffs' suggestion that the case law on which this Court's September 30 opinion relied has been sufficiently undermined to justify reconsideration. *See Maersk, Inc. v. Neewra, Inc.,* No. 05 Civ. 4356(CM), 2010 WL 2836134, at \*16 (S.D.N.Y. July 9, 2010) ("A motion for reconsideration will generally be denied unless the moving party can demonstrate an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."). Additionally, to the extent that the analysis in *Herald II* affects how *Herald I* should be understood in light of *Troice,* it provides scant support for Plaintiffs' argument that their SkyTerra-related claims are not precluded under SLUSA. To the contrary, it confirms the correctness of the September 30 opinion. For these reasons, Plaintiffs' motion for reconsideration is DENIED.

The Court hereby grants leave for Defendants to refile their motions to dismiss the Sixth Amended Complaint, which the Court administratively denied on April 30. The parties may simply refile the previously filed motions, oppositions, and replies simultaneously, and should do so by July 18. This order resolves Docket No. 177.

SO ORDERED.

Footnotes

1    In addition to bringing these holder claims, Plaintiffs also allege that Defendants' misrepresentations and omissions induced them to invest in the Harbinger funds. *E.g.,* 4AC ¶¶ 245, 249–50. Some of Plaintiffs' SkyTerra-related claims arguably fall in this "inducement" category, in the sense that Plaintiffs were allegedly induced to invest in the funds by representations that were only shown to be false by the funds' SkyTerra investment (such as representations about the funds' investment strategies and risk management practices). The Court recognizes, however, that the parties dispute precisely what claims are "predicated on" Defendants' investment in SkyTerra and thus precluded under the Court's September 30 opinion. Dkt. No. 125 at 25–26. Regardless, as discussed in the text, SLUSA does not draw distinctions between holder claims and inducement claims; the important point is that many of Plaintiffs' SkyTerra-related class claims can only be brought, if at all, under state law.

2    The feeder funds at issue in *Herald* were organized under the law of Ireland, the Cayman Islands, and Luxembourg. *See Herald I,* 730 F.3d at 116.

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.