

EDWARDS WILDMAN PALMER LLP
750 LEXINGTON AVENUE
NEW YORK, NY 10022
+1 212 308 4411 main  +1 212 308 4844 fax
edwardswildman.com

**Ira G. Greenberg**
+1 212 912 2756
*fax* +1 888 325 9157
igreenberg@edwardswildman.com

December 24, 2014

Honorable Deborah A. Batts
United States District Judge
500 Pearl Street
New York, NY 10007

> Re: In re J. Ezra Merkin and BDO Seidman Secs. Lit., No. 08 Civ. 10922 (DAB)
> Croscill Inc. v. Gabriel Capital, L.P., No. 09 Civ. 6031 (DAB)
> Morris Fuchs Holdings, LLC v. Gabrial Capital, L.P., No. 09 Civ. 6483 (DAB)

Dear Judge Batts:

I enclose a copy of a decision earlier this month by the Court of Appeals for this Circuit that deals with scienter and standing in a Madoff-related context. Elendow Fund, LLC v. Rye Inv. Management, 2014 U.S. App. LEXIS 24023 (2d Cir. Dec. 16, 2014) (unpublished opinion).

This supplemental authority is submitted on behalf of defendants BDO USA, LLP, BDO Cayman Islands, and BDO Limited in further response to your request for briefing on reconsideration of the order dismissing this action.

Respectfully,

Ira G. Greenberg

Enclosures

cc: All counsel (by email)

AM 44208547.1

BOSTON • CHICAGO • HARTFORD • HONG KONG • ISTANBUL • LONDON • LOS ANGELES • MIAMI • MORRISTOWN
NEW YORK • ORANGE COUNTY • PROVIDENCE • STAMFORD • TOKYO • WASHINGTON DC • WEST PALM BEACH



1 of 1 DOCUMENT

ELENDOW FUND, LLC, Plaintiff-Appellant, v. RYE INVESTMENT MANAGEMENT, TREMONT CAPITAL MANAGEMENT INC., TREMONT GROUP HOLDINGS, INC., TREMONT PARTNERS, INC., MASSACHUSETTS MUTUAL LIFE INSURANCE CO., MASSMUTUAL HOLDINGS LLC, OPPENHEIMER ACQUISITION CORPORATION, RUPERT ALLAN, JIM MITCHELL, ROBERT SCHULMAN, RYE SELECT BROAD MARKET XL FUND, L.P., Defendants-Appellees, KPMG LLP, Defendant.

13-3642-cv

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

2014 U.S. App. LEXIS 24023

December 16, 2014, Decided

**NOTICE:** PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**PRIOR HISTORY:** [*1] Appeal from the United States District Court for the Southern District of New York (Griesa, J.).

**COUNSEL:** FOR PLAINTIFF-APPELLANT: LEE S. SHALOV, McLaughlin & Stern, LLP, New York, New York.

FOR DEFENDANTS-APPELLEES Rye Investment Management, Tremont Capital Management, Tremont Group Holdings, Inc., Tremont Partners, Inc., Rupert Allan, Jim Mitchell, and Robert Schulman: SETH M. SCHWARTZ (Jason C. Vigna, on the brief), Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York.

FOR DEFENDANTS-APPELLEES Massachusetts Mutual Life Insurance Co. and MassMutual Holding LLC: CAROL E. HEAD (Joseph L. Kociubes, on the brief), Bingham McCutchen LLP, Boston, Massachusetts.

FOR DEFENDANT-APPELLEE Oppenheimer Acquisition Corp.: David A. Kotler, Dechert LLP, New York, New York.

FOR DEFENDANT-APPELLEE Rye Select Broad Market XL Fund, L.P.: Ralph A. Siciliano, Jamie B.W. Stecher, and David J. Kanfer, Tannenbaum Helpern Syracuse & Hirschtritt LLP, New York, New York.

**JUDGES:** PRESENT: PIERRE N. LEVAL, DENNY CHIN, SUSAN L. CARNEY, Circuit Judges.

**OPINION**

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Elendow Fund, LLC ("Elendow") [*2] appeals from the district court's September 17, 2013 judgment dismissing Elendow's complaint alleging securities fraud, common-law fraud, negligent misrepresentation, breach of contract, and breach of fiduciary duty. We assume the parties' familiarity with the facts, procedural history, and issues for review, which we summarize briefly below.

Elendow is an investment fund that invested in the Rye Select Broad Market XL Fund, L.P. (the "XL Fund"), which acted as a Bernard Madoff feeder fund, and which also sought to achieve a highly leveraged return tied to the Madoff fund's performance by entering into derivative contracts with various counterparties. Elendow suffered significant losses as a result of the impacts, both direct and indirect, on the XL Fund of Madoff's fraud. In its complaint, Elendow alleged, *inter alia*, that defendant-appellee Tremont Partners, Inc. ("Tremont"), the general partner of the XL Fund, fraudulently induced it to invest in and become a limited partner with the XL Fund, and that Tremont knew or should have known of the fraudulent aspects of Madoff's operation because Tremont was aware of certain "red flag" warning signs. The district court below dismissed Elendow's [*3] complaint in its entirety under Fed. R. Civ. P. 12(b)(6) and 9(b).

We review the district court's dismissal of Elendow's complaint for failure to state a claim *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "Any complaint alleging securities fraud must satisfy the heightened pleading requirements of the [Private Securities Litigation Reform Act, 15 U.S.C. § 78u-4(b),] and Fed. R. Civ. P. 9(b) by stating with particularity the circumstances constituting fraud." *ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co.*, 553 F.3d 187, 196 (2d Cir. 2009).

For substantially the reasons articulated by the district court in its opinion, we affirm. We add only the following:

With respect to Elendow's fraud claims, we agree with the district court that the complaint failed to adequately plead scienter, as similar cases in this Circuit have held. Elendow fails to plead sufficient red flags to show that the inference that Tremont must have been aware of fraud is "at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007); *see, e.g., Saltz v. First Frontier, LP*, 782 F. Supp. 2d 61, 71-72 (S.D.N.Y. 2010) (rejecting red flag theory as insufficient to support strong inference of scienter), *aff'd*, 485 F. App'x 461, 464-65 (2d Cir. 2012); *Newman v. Family Mgmt. Corp.*, 748 F. Supp. 2d 299, 310 (S.D.N.Y. 2010) (rejecting red flag theory as less [*4] compelling inference compared to nonfraudulent intent), *aff'd*, 530 F. App'x 21, 24 (2d Cir. 2013); *Meridian Horizon Fund, LP v. Tremont Grp. Holdings, Inc.*, 747 F. Supp. 2d 406, 413 (S.D.N.Y. 2010) (rejecting red flag theory as insufficient to support strong inference of scienter), *aff'd*, 487 F. App'x 636, 640 (2d Cir. 2012). As we have previously observed in a similar context, "the more compelling inference as to why Madoff's fraud went undetected for two decades was his proficiency in covering up his scheme and deceiving the SEC and other financial professionals." *Meridian*, 487 F. App'x at 641 (internal quotation marks omitted).

We similarly agree with the district court's dismissal of Elendow's breach of fiduciary duty claim, which was asserted under Delaware law. The district court held, *inter alia*, that Elendow's claim for breach of fiduciary duty was derivative, and could therefore be brought only by the XL Fund. To determine whether Elendow's claim is derivative or direct, we consider the following questions: "(1) who suffered the alleged harm . . . ; and (2) who would receive the benefit of any recovery or other remedy . . . ?" *Tooley v. Donaldson, Lufkin & Jenrette, Inc.*, 845 A.2d 1031, 1033 (Del. 2004); *Albert v. Alex. Brown Mgmt. Servs., Inc.*, No. Civ.A. 762-N, Civ.A. 763-N, 2005 Del. Ch. LEXIS 133, 2005 WL 2130607, at *12 (Del. Ch. Aug. 26, 2005). The Delaware Supreme Court has explained that "[t]he stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate [*5] that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation." *Tooley*, 845 A.2d at 1039. Here, Elendow's damages would be measured by the difference between the values of its investments before and after the XL Fund suffered losses in its Madoff investments. As Elendow's injury is intertwined with the XL Fund's injury, Elendow's action may be brought only as a derivative action. *See Feldman v. Cutaia*, 951 A.2d 727, 733 (Del. 2008) (concluding that

2014 U.S. App. LEXIS 24023, *5

Page 3

claims are derivative in nature when harm arises solely out of stock ownership).

* * *

We have considered Elendow's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.