UNITED STATES DISTICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
In re: J. EZRA MERKIN AND BDO SEIDMAN
      SECURITIES LITIGATION            08 Civ. 10922 (DAB)
                                        ORDER

------------------------------------------X
CROSCILL INC., et al.,

                  Plaintiffs,

        - v. -                09 Civ. 6031(DAB)
                                    ORDER

GABRIEL CAPITAL, L.P., et al.,


                  Defendants,
------------------------------------------X
MORRIS FUCHS HOLDINGS, LLC,


                  Plaintiff,      09 Civ. 6483 (DAB)
        - v. -                  ORDER

GABRIEL CAPITAL, L.P., et al.,


                  Defendants.
------------------------------------------X
DEBORAH A. BATTS, United States District Judge.

    Before the Court is Lead Plaintiffs' Motion pursuant to

Fed. R. Civ. P. 59(e) (the "Motion") seeking reconsideration of

this Court's September 27, 2011 Order (the "2011 Order")

granting Defendants' Motions to Dismiss the Third Consolidated

Amended Class Action Complaint ("TAC"). In re Merkin & BDO

Seidman Sec. Litig., 817 F. Supp. 2d 346 (S.D.N.Y. 2011). By

Order dated September 10, 2012 (the "2012 Order"), the Court

denied Plaintiffs' Motion in part and reserved decision in part.

For the reasons that follow, the Court now (1) GRANTS

Plaintiffs' Motion for Reconsideration of the Court's prior
dismissal on Martin Act grounds; and (2) RESERVES DECISION as to
further reconsideration of Plaintiffs' common law claims pending
further briefing from the Parties.


## I. DISCUSSION

The Court presumes the Parties' familiarity with the facts
and procedural history of the case as fully laid out in the 2011
Order and the 2012 Order.


## A. Legal Standard

Plaintiffs' Motion is brought pursuant to Fed. R. Civ. P.
59(e). "A court may grant a motion to alter or amend a judgment
[under Rule 59(e)] where (1) there is an intervening change in
the controlling law; (2) new evidence previously not available
comes to light; or (3) it becomes necessary to remedy a clear
error of law or to prevent manifest injustice." Peterson v.
Syracuse Police Dept., 467 Fed. App'x 31, 34 (2d Cir. 2012)
(citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956
F.2d 1245, 1255 (2d Cir. 1992)). "Reconsideration of a court's
previous order is an 'extraordinary remedy to be employed
sparingly in the interests of finality and conservation of
scarce judicial resources.'" Parrish v. Sollecito, 253 F. Supp.

2d 713, 715 (S.D.N.Y. 2003) (quoting In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). The standard for granting a motion for reconsideration "must be narrowly construed and strictly applied . . . to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range R. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

A party may not use a motion for reconsideration to "address facts, issues, or arguments not previously presented to the court" or to "reargue those issues already considered." Mason v. Hann, No. 01 Civ. 523, 2011 WL 744798, at *1 (S.D.N.Y. Feb. 28, 2011) (Batts, J.) (citations omitted). Therefore, "[t]o succeed on a motion for reconsideration, the moving party must demonstrate controlling law or a factual matter before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." Beljakovic v. Melohn Props., Inc., 542 F. Supp. 2d 238, 244 (S.D.N.Y. 2006) (citation and internal quotation marks omitted).

B. Martin Act Preemption of Non-Fraud Common Law Claims

In the 2011 Order, the Court dismissed certain of
Plaintiffs' non-fraud common law claims on the ground that those
claims were preempted by New York's Martin Act. In re Merkin,
817 F. Supp. 2d at 361-62. Plaintiffs' Motion seeking
reconsideration of the Court's decision was fully briefed on
December 13, 2011. On December 20, 2011, the New York Court of
Appeals held that the Martin Act does not preempt a common law
claim where the claim "is not entirely dependent on the Martin
Act for its viability." Assured Guar. (UK) Ltd. v. J.P. Morgan
Inv. Mgmt. Inc., 18 N.Y.3d 341, 353 (2011). In light of the
change in controlling law, the Court's 2012 Order reserved
decision on Plaintiffs' Motion to the extent it was premised on
Martin Act preemption and set a schedule for further briefing on
the impact of the Assured Guaranty decision. (2012 Order at 4-
6.) The Parties' supplemental briefing was fully submitted on
August 2, 2013.

BDO USA, LLP, BDO Cayman Islands and BDO Limited
(collectively, the "Auditor Defendants"[1]) do not address Martin
Act preemption or Assured Guaranty in their supplemental
submissions, and thus concede that the Martin Act no longer bars

---

[1] Plaintiffs have voluntarily dismissed their claims against J.
Ezra Merkin and Gabriel Capital Corporation. (See ECF No. 137.)

Plaintiffs' claims. The Court accordingly GRANTS Plaintiffs'

Motion for Reconsideration as to Martin Act preemption and

VACATES the 2011 Order insofar as it dismissed on Martin Act

grounds Plaintiffs' breach of fiduciary duty, aiding and

abetting breach of fiduciary duty and unjust enrichment claims

against the Auditor Defendants.


C. <u>SLUSA Preemption of Plaintiffs' Common Law Claims</u>

    In the 2011 Order, the Court dismissed Plaintiffs' fraud,

negligent misrepresentation and fraudulent concealment claims

against the Auditor Defendants pursuant to the Securities

Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No.

105-353, § 101, 112 Stat. 3227 (1998). <u>In re Merkin</u>, 817 F.

Supp. 2d at 359-61. Plaintiffs sought reconsideration and the

Court, noting that Plaintiffs' arguments had been addressed in

the 2011 Order, denied the motion. (2012 Order at 6-7.)

    The legal landscape pertaining to SLUSA preemption has

since been altered considerably by a series of decisions by the

Supreme Court and the Court of Appeals for the Second Circuit.

<u>See</u> <u>In re Herald</u>, 730 F.3d 112 (2d Cir. 2013) ("<u>Herald I</u>");

<u>Chadbourne & Parke LLP v. Troice</u>, --- U.S. ----, 134 S. Ct. 1058

(2014); <u>In re Herald</u>, 753 F.3d 110 (2d Cir. 2014) ("<u>Herald II</u>");

<u>In re Kingate Mgmt. Ltd. Litig.</u>, 784 F.3d 128 (2d Cir. 2015).

Plaintiffs have renewed their contention, in light of

Chadbourne, that SLUSA "does not bar any of Plaintiffs' common

law claims." (Notice of Supplemental Authority, ECF No. 133, at

1.) The Auditor Defendants, for their part, maintain in their

supplemental briefs submitted prior to Chadbourne that

Plaintiffs' breach of fiduciary duty, aiding and abetting breach

of fiduciary duty and unjust enrichment claims should be

dismissed pursuant to SLUSA, among other grounds. None of the

Parties have had the opportunity to address the impact of the

Second Circuit's recent decision in Kingate.

The Court accordingly finds that it is necessary for the

Parties to address the viability of Plaintiffs' common law

(fraud and non-fraud) claims in light of recent authority

clarifying the scope of SLUSA preemption.[2] The Court also directs

---

[2] Should it prove warranted, it would be well within the Court's
discretion to reconsider its earlier denial of Plaintiffs'
Motion for Reconsideration. "When an action presents more than
one claim for relief . . . or when multiple parties are
involved, . . . any order or other decision . . . that
adjudicates fewer than all the claims or the rights and
liabilities of fewer than all the parties . . . may be revised
at any time before the entry of a judgment adjudicating all the
claims and all the parties' rights and liabilities." Fed. R.
Civ. P. 54(b). Although there is "a strong presumption against
amendment of prior orders" pursuant to the law of the case
doctrine, Bergerson v. N.Y. State Office of Mental Health, Cent.
N.Y. Psychiatric Ctr., 652 F.3d 277, 288 (2d Cir. 2011), "[t]he
doctrine of law of the case is 'discretionary and does not limit
a court's power to reconsider its own decisions prior to final
judgment.'" Maraschiello v. City of Buffalo Police Dep't, 709
F.3d 87, 97 (2d Cir. 2013) (citation omitted).

the Parties to address the basis, if any, and including but not

limited to the Class Action Fairness Act of 2005 (CAFA), Pub. L.

No. 109-2, 119 Stat. 4 (2005), for the Court's subject matter

jurisdiction over any common law claims it may find are not

precluded by SLUSA.

The Court hereby sets the following briefing schedule:

Auditor Defendants shall make a submission no later than

September 18, 2015; Plaintiffs shall respond to Defendants'

submission no later than October 9, 2015; and Auditor Defendants

may reply no later than October 16, 2015.


II.   CONCLUSION

For the reasons cited above, Plaintiffs' Motion for

Reconsideration is GRANTED in part and decision is RESERVED in

part.


SO ORDERED.

Dated:     August 24, 2015
           New York, New York


_____
        Deborah A. Batts
United States District Judge